# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO, | Case No. 6:15-cv-463-RWS-JDL |
| Plaintiff, | LEAD CASE |
| v. | |
| ACTIAN CORPORATION et al., | JURY TRIAL DEMANDED |
| Defendants. | |
| REALTIME DATA LLC d/b/a IXO, | |
| Plaintiff, | Case No. 6:15-cv-467-RWS-JDL |
| v. | MEMBER CASE |
| ORACLE AMERICA, INC., HEWLETT-PACKARD COMPANY, and HP ENTERPRISE SERVICES, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## REALTIME DATA LLC d/b/a IXO'S ANSWER TO ORACLE AMERICA, INC.'S COUNTERCLAIMS

Plaintiff-Counterdefendant, Realtime Data LLC d/b/a IXO ("Realtime") answers Counterclaims for Declaratory Judgment of Noninfringement and Invalidity of U.S. Patent Nos. 7,378,992 ("the '992 patent"); 7,415,530 ("the '530 patent"); and 8,643,513 ("the '513 patent") collectively (the "Asserted Patents") of Defendant-Counterclaimant Oracle America, Inc. ("Oracle") as follows:

## ORACLE'S COUNTERCLAIMS

1. Paragraph 1 does not include any factual allegations and, therefore, need not be either admitted or denied.

## THE PARTIES

2. Admitted.

3. Admitted.

## JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

6. Admitted.

## ORACLE'S FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,378,992)

7. Realtime incorporates by reference its responses to Paragraphs 1-6 of this Answer to Defendant's Counterclaims as if fully set forth herein.

8. Admitted.

9. Denied.

10. Realtime admits that a justiciable controversy exists between Defendant and Realtime as to whether Defendant infringes any claims of the '992 patent. Otherwise, Realtime denies the allegations in paragraph 10.

11. Denied.

## ORACLE'S SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,378,992)

12. Realtime incorporates by reference its responses to Paragraphs 1-11 of this Answer to Defendant's Counterclaims as if fully set forth herein.

13. Admitted.

14. Denied.

15. Admitted.

16. Realtime admits that a justiciable controversy exists between Defendant and Realtime as to whether any claims of the '992 patent are invalid. Otherwise, Realtime denies the allegations in paragraph 16.

17. Denied.

### ORACLE'S THIRD COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
### U.S. PATENT NO. 7,415, 530)

18. Realtime incorporates by reference its responses to Paragraphs 1-17 of this Answer to Defendant's Counterclaims as if fully set forth herein.

19. Admitted.

20. Denied.

21. Realtime admits that a justiciable controversy exists between Defendant and Realtime as to whether Defendant infringes any claims of the '530 patent. Otherwise, Realtime denies the allegations in paragraph 21.

22. Denied.

### ORACLE'S FOURTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF
### U.S. PATENT NO. 7,415,530)

23. Realtime incorporates by reference its responses to Paragraphs 1-22 of this Answer to Defendant's Counterclaims as if fully set forth herein.

24. Admitted.

25. Denied.

26. Admitted.

27. Realtime admits that a justiciable controversy exists between Defendant and Realtime as to whether any claims of the '530 patent are invalid. Otherwise, Realtime denies the allegations in paragraph 27.

28. Denied.

### ORACLE'S FIFTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,643,513)

29. Realtime incorporates by reference its responses to Paragraphs 1-28 of this Answer to Defendant's Counterclaims as if fully set forth herein.

30. Admitted.

31. Denied.

32. Realtime admits that a justiciable controversy exists between Defendant and Realtime as to whether Defendant infringes any claims of the '513 patent. Otherwise, Realtime denies the allegations in paragraph 32.

33. Denied.

### ORACLE'S SIXTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,643,513)

34. Realtime incorporates by reference its responses to Paragraphs 1-33 of this Answer to Defendant's Counterclaims as if fully set forth herein.

35. Admitted.

36. Denied.

37. Admitted.

38. Realtime admits that a justiciable controversy exists between Defendant and Realtime as to whether any claims of the '513 patent are invalid. Otherwise, Realtime denies the allegations in paragraph 38.

39. Denied.

### PRAYER FOR RELIEF

In response to Oracle's Prayer for Relief, Realtime denies that Oracle is entitled to any relief, and in particular to any of the relief requested in paragraphs (a)-(e) of Oracle's Prayer for Relief, and further requests that the Court enter such preliminary and final orders and judgments as are necessary to provide Realtime with the following requested relief:

a. A Judgment in favor of Realtime on Defendant's Counterclaims that the Asserted Patents are not invalid and are enforceable, and that Oracle infringes the '992 patent, the '530 patent and the '513 patent;

b. An Order dismissing Defendant's Counterclaims in their entirety with prejudice;

c. A judgment in favor of Plaintiff that Oracle has infringed, either literally and/or under the doctrine of equivalents, the '992 patent, the '530 patent, and the '513 patent;

d. A permanent injunction prohibiting Oracle from further acts of infringement of the '992 patent, the '530 patent, and the '513 patent;

e. A judgment and order requiring Oracle to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for its infringement of the '992 patent, the '530 patent, and the '513 patent, as provided under 35 U.S.C. § 284;

f. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Realtime, including without limitation, prejudgment and post-judgment interest;

g. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

h. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, Plaintiff demands a trial by jury of all issues so triable.

Dated: August 7, 2015           Respectfully Submitted,

By: */s/ Marc A. Fenster by permission Claire Abernathy Henry*
Marc A. Fenster (CA SBN 181067)
LEAD ATTORNEY
Reza Mirzaie (CA SBN 246953)
Brian D. Ledahl (CA SBN 186579)
Jeffrey Z.Y. Liao (CA SBN 288994)
C. Jay Chung (CA SBN 252794)
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
mfenster@raklaw.com
rmirzaie@raklaw.com
bledahl@raklaw.com
jliao@raklaw.com
jchung@raklaw.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry

Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1127 Judson Road, Ste 220
Longview, Texas 75601
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Attorneys for Plaintiff*
*Realtime Data LLC d/b/a IXO*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this 7th day of August, 2015.

/s/ Claire Abernathy Henry
Claire Abernathy Henry