**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO, <br><br> Plaintiff, <br><br> v. <br><br> ACTIAN CORPORATION et al., <br><br> Defendants. | CASE NO.: 6:15-cv-463-RWS-JDL <br><br> LEAD CASE <br><br> JURY TRIAL DEMANDED |
| REALTIME DATA LLC d/b/a IXO, <br><br> Plaintiff, <br><br> v. <br><br> ORACLE AMERICA, INC., HEWLETT-PACKARD COMPANY, and HP ENTERPRISE SERVICES, LLC, <br><br> Defendants. | Case No. 6:15-cv-467-RWS-JDL <br><br> MEMBER CASE <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS HEWLETT-PACKARD COMPANY AND HP ENTERPRISE
SERVICES, LLC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Hewlett-Packard Company ("HP") and HP Enterprise Services, LLC ("HPES") (collectively, "Hewlett-Packard") respectfully submit their Answer and Counterclaims to the First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff Realtime Data LLC d/b/a IXO ("Realtime") as follows. The numbered paragraphs below correspond to the numbered paragraphs of the Complaint.

## THE PARTIES

1. Hewlett-Packard admits only that, upon information and belief, Realtime is a New York limited liability company with places of business at 1828 E.S.E. Loop 323, Tyler, Texas 75701 and 116 Croton Lake Road, Katonah, New York 10536. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 of the Complaint, and therefore denies those allegations.

2. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies those allegations.

3. Hewlett-Packard admits that HP is a Delaware corporation with its worldwide headquarters at 3000 Hanover Street, Palo Alto, California 94304. Hewlett-Packard admits that HP maintains an agent of process at CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Except as expressly admitted, Hewlett-Packard denies the allegations of Paragraph 3.

4. Hewlett-Packard admits that HPES is a Delaware limited liability corporation having its principle place of business at 5400 Legacy Drive, Plano, Texas 75024. Hewlett-Packard admits that HPES maintains an agent of process at CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

5. Hewlett-Packard denies the allegations of Paragraph 5.

## JURISDICTION AND VENUE

6. Hewlett-Packard admits that the Complaint purports to state a claim under the patent laws of the United States, Title 35 of the United States Code for which this Court would have subject matter jurisdiction.

7. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies those allegations.

8. Hewlett-Packard does not challenge that this Court has personal jurisdiction over HP and HPES and admits that they conduct business in this district, and have appointed CT Corporation System, 1999 Bryan St., Suite 900, Dallas TX, 75201-3136 as agent of process. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 8.

9. Hewlett-Packard admits that HP and HPES are registered and have transacted business in this district. Hewlett-Packard does not contest that venue is proper in this District, but denies that venue is convenient or in the interests of justice under 28 U.S.C. § 1404(a). Hewlett-Packard reserves the right to file a motion to transfer under 28 U.S.C §1404. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 9.

## COUNT I
## INFRINGEMENT OF U.S PATENT NO. 7,378,992

10. Hewlett-Packard incorporates by reference its responses to paragraphs 1 through 9, as set forth above.

11. Hewlett-Packard admits that U.S. Patent No. 7,378,992 ("the '992 patent") states on its face that it was issued on May 27, 2008. Hewlett-Packard further admits that the '992 patent states on its face that it is titled "Content independent data compression method and system." Hewlett-Packard admits that a copy of what purports to be the '992 patent is attached to the Complaint as Exhibit A. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 11.

12. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies those allegations.

**Oracle Database 11g Release 2**

13. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies those allegations.

14. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies those allegations.

15. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies those allegations.

16. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies those allegations.

17. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies those allegations.

**ZFS File System on Oracle Solaris 11 OS (including on HP ProLiant servers)**

18. Hewlett-Packard admits that it makes, sells, offers for sale, uses and/or distributes in the United States HP ProLiant servers. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 18.

19. Hewlett-Packard denies the allegations of Paragraph 19 of the Complaint.

20. Hewlett-Packard admits knowledge of the '992 patent since the Complaint was served on Hewlett-Packard. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 20.

21. Hewlett-Packard denies the allegations of Paragraph 21 of the Complaint.

22. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies those allegations.

23. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies those allegations.

24. Hewlett-Packard denies the allegations of Paragraph 24 of the Complaint.

25. Hewlett-Packard denies the allegations of Paragraph 25 of the Complaint.

**Other HP Products**

26. Hewlett-Packard denies the allegations of Paragraph 26 of the Complaint.

27. Hewlett-Packard denies the allegations of Paragraph 27 of the Complaint.

28. Hewlett-Packard admits knowledge of the '992 patent since the Complaint was served on Hewlett-Packard. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 28.

29. Hewlett-Packard denies the allegations of Paragraph 29 of the Complaint.

30. Hewlett-Packard denies the allegations of Paragraph 30 of the Complaint.

31. Hewlett-Packard denies the allegations of Paragraph 31 of the Complaint.

## COUNT II
## INFRINGEMENT OF U.S PATENT NO. 7,415,530

32. Hewlett-Packard incorporates by reference its responses to paragraphs 1 through 31, as set forth above.

33. Hewlett-Packard admits that U.S. Patent No. 7,415,530 ("the '530 patent") states on its face that it was issued on August 19, 2008, and lists the assignee as Realtime Data LLC, New York, NY. Hewlett-Packard further admits that the '530 patent states on its face that it is titled "System and methods for accelerated data storage and retrieval." Hewlett-Packard admits that a copy of what purports to be the '530 patent is attached to the Complaint as Exhibit B. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 33.

34. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies those allegations.

**Oracle Database 11g Release 2**

35. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, and therefore denies those allegations.

36. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies those allegations.

37. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint, and therefore denies those allegations.

38. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint, and therefore denies those allegations.

39. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint, and therefore denies those allegations.

40. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint, and therefore denies those allegations.

41. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint, and therefore denies those allegations.

**ZFS File System on Oracle Solaris 11 OS (including on HP ProLiant servers)**

42. Hewlett-Packard admits that it makes, sells, offers for sale, uses and/or distributes in the United States HP ProLiant servers. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 42.

43. Hewlett-Packard denies the allegations of Paragraph 43 of the Complaint.

44. Hewlett-Packard admits knowledge of the '530 patent since the Complaint was served on Hewlett-Packard. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 44.

45. Hewlett-Packard denies the allegations of Paragraph 45 of the Complaint.

46. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint, and therefore denies those allegations.

47. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint, and therefore denies those allegations.

48. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint, and therefore denies those allegations.

49. Hewlett-Packard denies the allegations of Paragraph 49 of the Complaint.

50. Hewlett-Packard denies the allegations of Paragraph 50 of the Complaint.

**Other HP Products**

51. Hewlett-Packard denies the allegations of Paragraph 51 of the Complaint.

52. Hewlett-Packard denies the allegations of Paragraph 52 of the Complaint.

53. Hewlett-Packard admits knowledge of the '530 patent since the Complaint was served on Hewlett-Packard. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 53.

54. Hewlett-Packard denies the allegations of Paragraph 54 of the Complaint.

55. Hewlett-Packard denies the allegations of Paragraph 55 of the Complaint.

56. Hewlett-Packard denies the allegations of Paragraph 56 of the Complaint.

57. Hewlett-Packard denies the allegations of Paragraph 57 of the Complaint.

## COUNT III
## INFRINGEMENT OF U.S PATENT NO. 8,643,513

58. Hewlett-Packard incorporates by reference its responses to paragraphs 1 through 57, as set forth above.

59. Hewlett-Packard admits that U.S. Patent No. 8,643,513 ("the '513 patent") states on its face that it was issued on February 4, 2014, and that it lists the assignee as Realtime Data LLC. Hewlett-Packard admits that the '513 patent states on its face that it is titled "Data compression system and methods." Hewlett-Packard admits that a copy of what purports to be the '513 patent is attached to the complaint as Exhibit C. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 59.

60. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint, and therefore denies those allegations.

61. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint, and therefore denies those allegations.

62. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint, and therefore denies those allegations.

63. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint, and therefore denies those allegations.

64. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint, and therefore denies those allegations.

65. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Complaint, and therefore denies those allegations.

66. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint, and therefore denies those allegations.

**ZFS File System on Oracle Solaris 11 OS (including on HP ProLiant servers)**

67. Hewlett-Packard admits that it makes, sells, offers for sale, uses and/or distributes in the United States HP ProLiant servers. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 67.

68. Hewlett-Packard denies the allegations of Paragraph 68 of the Complaint.

69. Hewlett-Packard admits knowledge of the '513 patent since receiving the Complaint. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 69.

70. Hewlett-Packard denies the allegations of Paragraph 70 of the Complaint.

71. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint, and therefore denies those allegations.

72. Hewlett-Packard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint, and therefore denies those allegations.

73. Hewlett-Packard denies the allegations of Paragraph 73 of the Complaint.

74. Hewlett-Packard denies the allegations of Paragraph 74 of the Complaint.

**Other HP Products**

75. Hewlett-Packard denies the allegations of Paragraph 75 of the Complaint.

76. Hewlett-Packard denies the allegations of Paragraph 76 of the Complaint.

77. Hewlett-Packard admits knowledge of the '513 patent since receiving the Complaint. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 77.

78. Hewlett-Packard denies the allegations of Paragraph 78 of the Complaint.

79. Hewlett-Packard denies the allegations of Paragraph 79 of the Complaint.

80. Hewlett-Packard denies the allegations of Paragraph 80 of the Complaint.

## COUNT IV
## INFRINGEMENT OF U.S PATENT NO. 6,597,812

81. Hewlett-Packard incorporates by reference its responses to paragraphs 1 through 80, as set forth above.

82. Hewlett-Packard admits that U.S. Patent No. 6,597,812 ("the '812 patent") states on its face that it was issued on July 22, 2003, and that the assignee is Realtime Data, LLC. Hewlett-Packard further admits that the '812 patent states on its face that it is titled "Data compression system and methods." Hewlett-Packard admits that a copy of what purports to be the '812 patent is attached to the complaint as Exhibit D. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 82.

83. Hewlett-Packard denies the allegations of Paragraph 83 of the Complaint.

84. Hewlett-Packard denies the allegations of Paragraph 84 of the Complaint.

85. Hewlett-Packard admits knowledge of the '812 patent since the Complaint was served on Hewlett-Packard. Except as expressly admitted, Hewlett-Packard denies the remaining allegations of Paragraph 85.

86. Hewlett-Packard denies the allegations of Paragraph 86 of the Complaint.

87. Hewlett-Packard denies the allegations of Paragraph 87 of the Complaint.

88. Hewlett-Packard denies the allegations of Paragraph 88 of the Complaint.

## PRAYER FOR RELIEF

As to any prayer of relief sought from Hewlett-Packard, Hewlett-Packard denies that Realtime is entitled to any relief whatsoever.

## HEWLETT-PACKARD'S AFFRIMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, and without waiver, limitation, or prejudice, Hewlett-Packard hereby asserts the following affirmative defenses:

### HEWLETT-PACKARD'S FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

Realtime has failed to state a claim upon which relief can be granted.

### HEWLETT-PACKARD'S SECOND AFFIRMATIVE DEFENSE
### (INVALIDITY)

One or more claims of the '992, '530, '513, and '812 patents are invalid for failure to meet one or more provisions of the Patent Laws of the United States, 35 U.S.C § 101 *et seq.*, including but not limited to 35 U.S.C §§ 101, 102, 103, and/or 112. HP hereby incorporates by reference its Motion to Dismiss Realtime's First Amended Complaint pursuant to 35 U.S.C. § 101 filed on July 29, 2015. (Dkt. 23.)

### HEWLETT-PACKARD'S THIRD AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

Hewlett-Packard is not infringing and has not infringed, either by direct infringement, contributory infringement, inducement of infringement, or otherwise, any valid claim of the '992, '530, '513, or '812 patent, either literally or under the doctrine of equivalents.

### HEWLETT-PACKARD'S FOURTH AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

To the extent that Realtime alleges infringement under the doctrine of equivalents, Realtime's alleged cause of action is barred, including, without limitation, by way of example, under the doctrine of prosecution history estoppel, claim vitiation, and/or recapture. By virtue of

statements made, amendments made, and/or positions taken during the prosecution of the applications for the '992, '530, '513, and '812 patents, and any application to which these patents claim priority, Realtime is estopped from asserting that the '992, '530, '513, or '812 patent covers or includes any accused Hewlett-Packard product or service.

### HEWLETT-PACKARD'S FIFTH AFFIRMATIVE DEFENSE
### (LIMITATION ON DAMAGES AND COSTS)

On information and belief, Realtime's claims for damages or costs, if any, are statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498.

### HEWLETT-PACKARD'S SIXTH AFFIRMATIVE DEFENSE
### (NO EQUITABLE/INJUNCTIVE RELIEF)

On information and belief, Realtime's claims for injunctive relief, if any, are barred as a matter of law because any alleged injury is not immediate or irreparable, and Realtime has an adequate remedy at law for any alleged injury.

### COUNTERCLAIMS

For counterclaims against Realtime, Hewlett-Packard avers as follows:

### THE PARTIES

1. HP is a Delaware corporation with its worldwide headquarters at 3000 Hanover Street, Palo Alto, California 94304.

2. HPES is a Delaware limited liability corporation having its principle place of business at 5400 Legacy Drive, Plano, Texas 75024.

3. Upon information and belief, Realtime is a New York limited liability company with places of business at 1828 E.S.E. Loop 323, Tyler, Texas 75701 and 116 Croton Lake Road, Katonah, New York 10536.

## JURSIDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C § 101 *et seq.*, and there is an actual controversy between the parties with respect to the '992 patent,'530 patent, '513 patent, and '812 patent. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C §§ 1331, 1338(a), 2201, and 2202.

5. Realtime is subject to personal jurisdiction in this judicial district because Realtime availed itself of the jurisdiction of this Court and engaged in acts giving rise to this controversy in this district.

6. Venue is appropriate in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## HEWLETT-PACKARD'S FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,378,992)

7. Hewlett-Packard refers to and incorporates the allegations of Paragraphs 1-6 of its Counterclaims above.

8. Realtime alleges in its Complaint that it is the owner by assignment of the '992 patent.

9. Realtime alleges in its Complaint that one or more claims of the '992 patent has been infringed by Hewlett-Packard.

10. Hewlett-Packard contends that it does not infringe and has not infringed, induced infringement, or contributed to infringement of any valid claim of the '992 patent.

11. Accordingly, a valid and justiciable controversy exists between Hewlett-Packard and Realtime as to whether Hewlett-Packard infringes any valid claims of the '992 patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

12. Pursuant to 28 U.S.C. §§ 2201 and 2202, Hewlett-Packard is entitled to a declaratory judgment that it does not infringe any claims of the '992 patent.

## HEWLETT-PACKARD'S SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,415,530)

13. Hewlett-Packard refers to and incorporates the allegations of Paragraphs 1-12 of its Counterclaims above.

14. Realtime alleges in its Complaint that it is the owner by assignment of the '530 patent.

15. Realtime alleges in its Complaint that one or more claims of the '530 patent has been infringed by Hewlett-Packard.

16. Hewlett-Packard contends that it does not infringe and has not infringed, induced infringement, or contributed to infringement of any valid claim of the '530 patent.

17. Accordingly, a valid and justiciable controversy exists between Hewlett-Packard and Realtime as to whether Hewlett-Packard infringes any valid claims of the '530 patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18. Pursuant to 28 U.S.C. §§ 2201 and 2202, Hewlett-Packard is entitled to a declaratory judgment that it does not infringe any claims of the '530 patent.

## HEWLETT-PACKARD'S THIRD COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,643,513)

19. Hewlett-Packard refers to and incorporates the allegations of Paragraphs 1-18 of its Counterclaims above.

20. Realtime alleges in its Complaint that it is the owner by assignment of the '513 patent.

21. Realtime alleges in its Complaint that one or more claims of the '513 patent has been infringed by Hewlett-Packard.

22. Hewlett-Packard contends that it does not infringe and has not infringed, induced infringement, or contributed to infringement of any valid claim of the '513 patent.

23. Accordingly, a valid and justiciable controversy exists between Hewlett-Packard and Realtime as to whether Hewlett-Packard infringes any valid claims of the '513 patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

24. Pursuant to 28 U.S.C. §§ 2201 and 2202, Hewlett-Packard is entitled to a declaratory judgment that it does not infringe any claims of the '513 patent.

### HEWLETT-PACKARD'S FOURTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
### U.S. PATENT NO. 6,597,812)

25. Hewlett-Packard refers to and incorporates the allegations of Paragraphs 1-24 of its Counterclaims above.

26. Realtime alleges in its Complaint that it is the owner by assignment of the '812 patent.

27. Realtime alleges in its Complaint that one or more claims of the '812 patent has been infringed by Hewlett-Packard.

28. Hewlett-Packard contends that it does not infringe and has not infringed, induced infringement, or contributed to infringement of any valid claim of the '812 patent.

29. Accordingly, a valid and justiciable controversy exists between Hewlett-Packard and Realtime as to whether Hewlett-Packard infringes any valid claims of the '812 patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

30. Pursuant to 28 U.S.C. §§ 2201 and 2202, Hewlett-Packard is entitled to a declaratory judgment that it does not infringe any claims of the '812 patent.

### HEWLETT-PACKARD'S FIFTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF
### U.S. PATENT NO. 7,378,992)

31. Hewlett-Packard refers to and incorporates the allegations of Paragraphs 1-30 of its Counterclaims above.

32. Realtime alleges in its Complaint that it is the owner by assignment of the '992 patent.

33. Hewlett-Packard contends that one or more claims of the '992 patent are invalid for failure to meet provisions of the Patent Laws of the United States, 35 U.S.C §§ 101, 102, 103, and/or 112.

34. Accordingly, a valid and justiciable controversy exists between Hewlett-Packard and Realtime as to whether the '992 patent is invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

35. Pursuant to 28 U.S.C. §§ 2201 and 2202, Hewlett-Packard is entitled to a declaratory judgment that one or more claims of the '992 patent are invalid.

### HEWLETT-PACKARD'S SIXTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF
### U.S. PATENT NO. 7,415,530)

36. Hewlett-Packard refers to and incorporates the allegations of Paragraphs 1-35 of its Counterclaims above.

37. Realtime alleges in its Complaint that it is the owner by assignment of the '530 patent.

38. Hewlett-Packard contends that one or more claims of the '530 patent are invalid for failure to meet provisions of the Patent Laws of the United States, 35 U.S.C §§ 101, 102, 103, and/or 112.

39. Accordingly, a valid and justiciable controversy exists between Hewlett-Packard and Realtime as to whether the '530 patent is invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

40. Pursuant to 28 U.S.C. §§ 2201 and 2202, Hewlett-Packard is entitled to a declaratory judgment that one or more claims of the '530 patent are invalid.

## HEWLETT-PACKARD'S SEVENTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF
## U.S. PATENT NO. 8,643,513)

41. Hewlett-Packard refers to and incorporates the allegations of Paragraphs 1-40 of its Counterclaims above.

42. Realtime alleges in its Complaint that it is the owner by assignment of the '513 patent.

43. Hewlett-Packard contends that one or more claims of the '513 patent are invalid for failure to meet provisions of the Patent Laws of the United States, 35 U.S.C §§ 101, 102, 103, and/or 112.

44. Accordingly, a valid and justiciable controversy exists between Hewlett-Packard and Realtime as to whether the '513 patent is invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45. Pursuant to 28 U.S.C. §§ 2201 and 2202, Hewlett-Packard is entitled to a declaratory judgment that one or more claims of the '513 patent are invalid.

## HEWLETT-PACKARD'S EIGHTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF
## U.S. PATENT NO. 6,597,812)

46. Hewlett-Packard refers to and incorporates the allegations of Paragraphs 1-45 of its Counterclaims above.

47. Realtime alleges in its Complaint that it is the owner by assignment of the '812 patent.

48. Hewlett-Packard contends that one or more claims of the '812 patent are invalid for failure to meet provisions of the Patent Laws of the United States, 35 U.S.C §§ 101, 102, 103, and/or 112.

49. Accordingly, a valid and justiciable controversy exists between Hewlett-Packard and Realtime as to whether the '812 patent is invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

50. Pursuant to 28 U.S.C. §§ 2201 and 2202, Hewlett-Packard is entitled to a declaratory judgment that one or more claims of the '812 patent are invalid.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Hewlett-Packard demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Hewlett-Packard denies that Realtime is entitled to any of the relief sought in its prayer or any relief whatsoever. Hewlett-Packard respectfully requests that this Court enter judgment in favor of Hewlett-Packard, and against Realtime, as follows:

A. That Realtime be denied all relief requested in its Complaint;

B. That Realtime's Complaint be dismissed with prejudice in their entirety and that Realtime take nothing by its Complaint;

C. A declaration that Hewlett-Packard has not and does not infringe, either directly or indirectly, any valid claims of the '992, '530, '513, and '812 patents;

D. A declaration that each and every claim of the '992, '530, '513, and '812 patents are invalid;

E. That this case is exceptional under 35 U.S.C. § 285 and that Hewlett-Packard be awarded its costs, expenses, and attorney's fees;

F. That such other and further relief is awarded as the Court may deem just and proper.

|  |  |  |
|---|---|---|
|  | Respectfully submitted, |  |
| DATED:  August 12, 2015 | By: | */s/ Melissa Richards Smith* |

Melissa Richards Smith
melisa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

EDWARD G. POPLAWSKI
   epoplawski@wsgr.com
OLIVIA M. KIM
   okim@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone:  (323) 210-2900
Facsimile:  (866) 974-7329

***Counsel for Defendants Hewlett-Packard Company and HP Enterprise Services, LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 12, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by certified mail.

*/s/ Melissa R. Smith*
Melissa R. Smith