**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO, | |
| Plaintiff | Case No. 6:15-cv-467 |
| v. | JURY TRIAL DEMANDED |
| ORACLE AMERICA, INC., HEWLETT-PACKARD COMPANY, and HP ENTERPRISE SERVICES, LLC, | |
| Defendants. | |

**DEFENDANT ORACLE AMERICA, INC.'S
<u>ANSWER TO REALTIME DATA LLC'S FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS</u>**

Defendant Oracle America, Inc. ("Oracle") by and through its undersigned attorneys,

hereby answers the First Amended Complaint for Patent Infringement ("First Amended

Complaint") brought by the Plaintiff, Realtime Data LLC d/b/a IXO ("Plaintiff," "Realtime," or

"IXO"), as follows, with each paragraph of the Answer below responding to the corresponding

numbered or lettered paragraph of the First Amended Complaint:

<u>PARTIES</u>

1.      Oracle lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 1 of the First Amended Complaint, and therefore denies the same.

2.      Oracle admits that Oracle is a Delaware corporation with its principal office at

500 Oracle Parkway, Redwood City, California 94065, and that Oracle has appointed

Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street Suite 620, Austin,

Texas 78701 as its agent for service of process in Texas.

3.      Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the First Amended Complaint, and therefore denies the same.

4.      Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the First Amended Complaint, and therefore denies the same.

5.      Oracle lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the First Amended Complaint relating to HP and/or HPES, and therefore denies the same.  Oracle denies all remaining allegations in Paragraph 5 of the First Amended Complaint.

## JURISDICTION AND VENUE

6.      Oracle admits that this Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

7.      Paragraph 7 of the First Amended Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, however, Oracle denies the allegations of Paragraph 7 of the First Amended Complaint, except that Oracle admits that it is registered to do business in the State of Texas and has appointed Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street Suite 620, Austin, Texas 78701 as its agent for service of process in Texas.

8.      Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the First Amended Complaint, and therefore denies the same.

9.      Oracle does not contest that venue is proper in this District, but denies that venue is convenient or in the interests of justice under 28 U.S.C. § 1404(a).  Oracle reserves the right to file a motion to transfer under 28 U.S.C. §1404.  Oracle denies all remaining allegations of Paragraph 9 of the First Amended Complaint.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,378,992

10.      Oracle restates and incorporates by reference its responses to the allegations of Paragraphs 1-9 of the First Amended Complaint as though fully set forth herein.

11.      Oracle admits that the First Amended Complaint purports to attach United States Patent No. 7,378,992 ("the '992 patent") as Exhibit A.  Oracle admits that that the '992 patent states on its face that it is titled "Content Independent Data Compression Method and System" and recites an issue date of May 27, 2008.  Oracle lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the First Amended Complaint, and therefore denies the same.

12.      Oracle denies the allegations in Paragraph 12 of the First Amended Complaint, except that Oracle admits it has used, offered for sale, and/or sold products in the United States, including Oracle Database 11g Release 2 ("Database 11g") and Oracle Solaris OS (with integrated ZFS file system)) ("Solaris with ZFS").

**Oracle Database 11g Release 2**

13.      Oracle denies each and every allegation in Paragraph 13 of the First Amended Complaint.

14.      Oracle denies the allegations in Paragraph 14 of the First Amended Complaint, except that Oracle admits the First Amended Complaint purports to attach a copy of the '992 patent.

15.      Oracle denies the allegations in Paragraph 15 of the First Amended Complaint, except that Oracle admits the First Amended Complaint refers to Oracle marketing materials.

16.      Oracle denies each and every allegation in Paragraph 16 of the First Amended Complaint.

17.     Oracle denies each and every allegation in Paragraph 17 of the First Amended Complaint.

**ZFS File System on Oracle Solaris 11 OS (including on HP ProLiant servers)**

18.     Oracle lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the First Amended Complaint relating to HP and/or HPES, and therefore denies the same.  Oracle denies all remaining allegations in Paragraph 18 of the First Amended Complaint.

19.     Oracle lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the First Amended Complaint relating to HP and/or HPES, and therefore denies the same.  Oracle denies all remaining allegations in Paragraph 19 of the First Amended Complaint.

20.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the First Amended Complaint, and therefore denies the same.

21.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the First Amended Complaint, and therefore denies the same.

22.     Oracle denies the allegations in Paragraph 22 of the First Amended Complaint, except that Oracle admits the First Amended Complaint purports to attach a copy of the '992 patent.

23.     Oracle denies the allegations in Paragraph 23 of the First Amended Complaint, except that Oracle admits the First Amended Complaint refers to Oracle marketing materials.

24.     Oracle lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the First Amended Complaint relating to HP and/or HPES,

and therefore denies the same.  Oracle denies all remaining allegations in Paragraph 24 of the First Amended Complaint.

25.     Oracle lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the First Amended Complaint relating to HP and/or HPES, and therefore denies the same.  Oracle denies all remaining allegations in Paragraph 25 of the First Amended Complaint.

**Other HP Products**

26.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the First Amended Complaint, and therefore denies the same.

27.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the First Amended Complaint, and therefore denies the same.

28.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the First Amended Complaint, and therefore denies the same.

29.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the First Amended Complaint, and therefore denies the same.

30.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the First Amended Complaint, and therefore denies the same.

31.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the First Amended Complaint, and therefore denies the same.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 7,415,530**

32.     Oracle restates and incorporates by reference its responses to the allegations of Paragraphs 1-31 of the First Amended Complaint as though fully set forth herein.

33.     Oracle admits that the First Amended Complaint purports to attach United States Patent No. 7,415,530 ("the '530 patent") as Exhibit B.  Oracle admits that the '530 patent states on its face that it is titled "System and Methods for Accelerated Data Storage and Retrieval" and recites an issue date of August 19, 2008.  Oracle lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 of the First Amended Complaint, and therefore denies the same.

34.     Oracle denies the allegations in Paragraph 34 of the First Amended Complaint, except that Oracle admits it has used, offered for sale, and/or sold products in the United States, including Oracle's Database 11g, Oracle Exadata Database Machines, and Solaris with ZFS products.

**Oracle Database 11g Release 2**

35.     Oracle denies each and every allegation in Paragraph 35 of the First Amended Complaint.

36.     Oracle denies the allegations in Paragraph 36 of the First Amended Complaint, except that Oracle admits the First Amended Complaint purports to attach a copy of the '530 patent.

37.     Oracle denies the allegations in Paragraph 37 of the First Amended Complaint, except that Oracle admits the First Amended Complaint refers to Oracle marketing materials.

38.     Oracle denies each and every allegation in Paragraph 38 of the First Amended Complaint.

39.     Oracle denies each and every allegation in Paragraph 39 of the First Amended Complaint, except that Oracle admits the First Amended Complaint refers to Oracle marketing materials.

40.     Oracle denies each and every allegation in Paragraph 40 of the First Amended Complaint.

41.     Oracle denies each and every allegation in Paragraph 41 of the First Amended Complaint.

## ZFS File System on Oracle Solaris OS (including on HP ProLiant servers)

42.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the First Amended Complaint relating to HP and/or HPES, and therefore denies the same.  Oracle denies all remaining allegations in Paragraph 42 of the First Amended Complaint.

43.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the First Amended Complaint relating to HP and/or HPES, and therefore denies the same.  Oracle denies all remaining allegations in Paragraph 43 of the First Amended Complaint.

44.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the First Amended Complaint, and therefore denies the same.

45.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the First Amended Complaint, and therefore denies the same.

46.     Oracle denies the allegations in Paragraph 46 of the First Amended Complaint, except that Oracle admits the First Amended Complaint purports to attach a copy of the '530 patent.

47.     Oracle denies the allegations in Paragraph 47 of the First Amended Complaint, except that Oracle admits the First Amended Complaint refers to Oracle marketing materials.

48.     Oracle denies each and every allegation in Paragraph 48 of the First Amended Complaint.

49.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the First Amended Complaint relating to HP and/or HPES, and therefore denies the same.  Oracle denies all remaining allegations in Paragraph 49 of the First Amended Complaint.

50.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the First Amended Complaint relating to HP and/or HPES, and therefore denies the same.  Oracle denies all remaining allegations in Paragraph 50 of the First Amended Complaint.

### Other HP Products

51.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the First Amended Complaint, and therefore denies the same.

52.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the First Amended Complaint, and therefore denies the same.

53.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the First Amended Complaint, and therefore denies the same.

54.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the First Amended Complaint, and therefore denies the same.

55.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the First Amended Complaint, and therefore denies the same.

56.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the First Amended Complaint, and therefore denies the same.

57.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the First Amended Complaint, and therefore denies the same.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,643,513

58.     Oracle restates and incorporates by reference its responses to the allegations of Paragraphs 1-57 of the First Amended Complaint as though fully set forth herein.

59.     Oracle admits that the First Amended Complaint purports to attach United States Patent No. 8,643,513 ("the '513 patent") as Exhibit C.  Oracle admits that the '513 patent states on its face that it is titled "Data Compression Systems and Methods" and recites an issue date of February 4, 2014.  Oracle lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59 of the First Amended Complaint, and therefore denies the same.

60.     Oracle denies the allegations in Paragraph 60 of the First Amended Complaint, except that Oracle admits it has used, offered for sale, and/or sold products in the United States, including Oracle's Database 11g and Solaris with ZFS products.

**Oracle Database 11g Release 2**

61.     Oracle denies each and every allegation in Paragraph 61 of the First Amended Complaint.

62.     Oracle denies each and every allegation in Paragraph 62 of the First Amended Complaint.

63.     Oracle denies the allegations in Paragraph 63 of the First Amended Complaint, except that Oracle admits the First Amended Complaint purports to attach a copy of the '513 patent.

64.     Oracle denies the allegations in Paragraph 64 of the First Amended Complaint, except that Oracle admits the First Amended Complaint refers to Oracle marketing materials.

65.     Oracle denies each and every allegation in Paragraph 65 of the First Amended Complaint.

66.     Oracle denies each and every allegation in Paragraph 66 of the First Amended Complaint.

**ZFS File System on Oracle Solaris 11 OS (including on HP ProLiant servers)**

67.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the First Amended Complaint relating to HP and/or HPES, and therefore denies the same.  Oracle denies all remaining allegations in Paragraph 67 of the First Amended Complaint.

68.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the First Amended Complaint relating to HP and/or HPES, and therefore denies the same.  Oracle denies all remaining allegations in Paragraph 68 of the First Amended Complaint.

69.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the First Amended Complaint, and therefore denies the same.

70.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the First Amended Complaint, and therefore denies the same.

71.     Oracle denies the allegations in Paragraph 71 of the First Amended Complaint, except that Oracle admits the First Amended Complaint purports to attach a copy of the '513 patent.

72.     Oracle denies the allegations in Paragraph 72 of the First Amended Complaint, except that Oracle admits the First Amended Complaint refers to Oracle marketing materials.

73.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the First Amended Complaint relating to HP and/or HPES, and therefore denies the same.  Oracle denies all remaining allegations in Paragraph 73 of the First Amended Complaint.

74.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the First Amended Complaint relating to HP and/or HPES, and therefore denies the same.  Oracle denies all remaining allegations in Paragraph 74 of the First Amended Complaint.

### **Other HP Products**

75.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the First Amended Complaint, and therefore denies the same.

76.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the First Amended Complaint, and therefore denies the same.

77.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the First Amended Complaint, and therefore denies the same.

78.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the First Amended Complaint, and therefore denies the same.

79.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the First Amended Complaint, and therefore denies the same.

80.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the First Amended Complaint, and therefore denies the same.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 6,597,812

81.     Oracle restates and incorporates by reference its responses to the allegations of

Paragraphs 1-80 of the First Amended Complaint as though fully set forth herein.

82.     Oracle admits that the First Amended Complaint purports to attach United States

Patent No. 6,597,812 ("the '812 patent") as Exhibit D.  Oracle admits that the '812 patent states

on its face that it is titled "System and Method for Lossless Data Compression and

Decompression" and recites an issue date of July 22, 2003.  Oracle lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82

of the First Amended Complaint, and therefore denies the same.

83.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 83 of the First Amended Complaint, and therefore denies the same.

84.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 84 of the First Amended Complaint, and therefore denies the same.

85.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 85 of the First Amended Complaint, and therefore denies the same.

86.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 86 of the First Amended Complaint, and therefore denies the same.

87.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 87 of the First Amended Complaint, and therefore denies the same.

88.     Oracle lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 88 of the First Amended Complaint, and therefore denies the same.

## PRAYER FOR RELIEF

a.     Oracle denies that Plaintiff is entitled to the relief requested in paragraph (a).

b.      Oracle denies that Plaintiff is entitled to the relief requested in paragraph (b).

c.      Oracle denies that Plaintiff is entitled to the relief requested in paragraph (c).

d.      Oracle denies that Plaintiff is entitled to the relief requested in paragraph (d).

e.      Oracle denies that Plaintiff is entitled to the relief requested in paragraph (e).

f.      Oracle denies that Plaintiff is entitled to the relief requested in paragraph (f).

g.      Oracle denies that Plaintiff is entitled to any relief requested as to the '812 patent, because Plaintiff has not asserted the '812 patent against Oracle.

## GENERAL DENIAL

Oracle denies all allegations in the First Amended Complaint not specifically admitted above.

## ORACLE'S AFFIRMATIVE DEFENSES

89.     Without admitting or acknowledging that Oracle bears the burden of proof as to any of them, Oracle asserts the following defenses:

### FIRST DEFENSE
### (Failure to State a Claim)

90.     Realtime has failed to state a claim on which relief can be granted because Oracle has not performed any act and is not performing any act in violation of any rights validly belonging to Realtime.

### SECOND DEFENSE
### (Non-Infringement)

91.     Oracle has not infringed and is not infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, or otherwise, any valid and enforceable claim of U.S. Patent No. 7,378,992, U.S. Patent No. 7,415,530, or U.S. Patent No. 8,643,513.

- 13 -

## THIRD DEFENSE
### (Invalidity)

92.     The claims of the '992 patent, the '530 patent, and the '513 patent are invalid and/or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 116.

## FOURTH DEFENSE
### (Limitation on Damages)

93.     Realtime's right to seek damages and other remedies from Oracle is limited by 35 U.S.C. §§ 285, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498.

## FIFTH DEFENSE
### (Injunctive Relief Unavailable)

94.     Realtime is not entitled to injunctive relief at least because any injury to Realtime is not immediate or irreparable, and Realtime has an adequate remedy at law for its allegations.

## SIXTH DEFENSE
### (Laches, Prosecution Laches, Waiver, Estoppel, Unclean Hands)

95.     Realtime's claims for relief are barred, in whole or in part, under principles of equity including, but not limited to, laches, prosecution laches, waiver, estoppel, and/or unclean hands.

## SEVENTH DEFENSE
### (No Vicarious Liability)

96.     Oracle is not vicariously liable to Realtime for any conduct of its subsidiaries, affiliates, and related entities.

## EIGHTH DEFENSE
### (Prosecution History Estoppel)

97.     To the extent that Realtime alleges infringement under the doctrine of equivalents, Realtime's alleged cause of action is barred, including, without limitation, by way of example,

under the doctrine of prosecution history estoppel, claim vitiation, and/or recapture.  By virtue of statements made, amendments made, and/or positions taken during the prosecution of the applications for the '992, '530, and '513 patents, and any application to which these patents claim priority, Realtime is estopped from asserting that the '992, '530, or '513 patent covers or includes any accused Oracle product or service.

98.     Oracle reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

## ORACLE'S COUNTERCLAIMS

1.     Counterclaim-Plaintiff Oracle, on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges Counterclaims against Realtime as follows:

## THE PARTIES

2.     Oracle is a Delaware corporation with its principal place of business at 500 Oracle Parkway, Redwood City, California 94065.

3.     Based on the assertions in Paragraph 1 of the First Amended Complaint, Realtime is a New York limited liability company with places of business at 116 Croton Lake Road, Katonah, New York 10536 and 1828 E.S.E. Loop 323, Tyler, Texas 75701.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1332, 1338(a), 2201, and 2202.

5.     This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 1, *et. seq.*, and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201-02.  Thus, this Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a), in combination with 28 U.S.C. §§ 2201-02. An actual controversy exists under the Declaratory Judgment Act because Realtime has asserted and is asserting infringement of U.S. Patent No. 7,378,992 ("the '992 patent"); U.S. Patent No. 7,415,530 ("the '530 patent"); and U.S. Patent No. 8,643,513 ("the '513 patent") (collectively, "the Asserted Patents") by Oracle and Oracle denies those assertions.

6.      Venue is appropriate in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Noninfringement of the '992 patent)**

7.      Oracle repeats and realleges paragraphs 1-6 above, as if fully stated herein.

8.      Realtime claims that it is the owner by assignment of the '992 patent.  Realtime has expressly charged Oracle with infringement of the '992 patent by filing the First Amended Complaint against Oracle on July 29, 2015.

9.      Oracle does not directly, indirectly, or contributorily and/or by inducement, infringe any valid claim of the '992 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

10.      Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Oracle as to whether the '992 patent is not infringed by Oracle.  Oracle desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

11.      Oracle seeks, and is entitled to, a declaratory judgment that it does not infringe any claim of the '992 patent directly, indirectly, contributorily and/or by inducement, either literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '992 Patent)

12.     Oracle repeats and realleges paragraphs 1-11 above, as if fully stated herein.

13.     Realtime claims that it is the owner by assignment of the '992 patent.

14.     One or more claims of the '992 patent are invalid for failing to meet one or more

of the requisite statutory and decisional requirements and/or conditions for patentability under

Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

15.     Oracle is informed and believes, and on that basis alleges, that Realtime contends

that the '992 patent is valid.

16.     Accordingly, a valid and justiciable controversy has arisen and exists between

Realtime and Oracle as to whether the '992 patent is valid.  Oracle desires a judicial

determination and declaration of the respective rights and duties of the parties herein.  Such a

determination and declaration is necessary and appropriate at this time so that the parties may

ascertain their respective rights and duties.

17.     Oracle seeks, and is entitled to, a declaratory judgment that the '992 patent is

invalid.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of the '530 Patent)

18.     Oracle repeats and realleges paragraphs 1-17 above, as if fully stated herein.

19.     Realtime claims that it is the owner by assignment of the '530 patent.  Realtime

has expressly charged Oracle with infringement of the '530 patent by filing the First Amended

Complaint against Oracle on July 29, 2015.

20.     Oracle does not directly, indirectly, or contributorily and/or by inducement,

infringe any valid claim of the '530 patent, either literally or under the doctrine of equivalents,

willfully or otherwise.

- 17 -

21.     Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Oracle as to whether the '530 patent is not infringed by Oracle.  Oracle desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

22.     Oracle seeks, and is entitled to, a declaratory judgment that it does not infringe any claim of the '530 patent directly, indirectly, contributorily and/or by inducement, either literally or under the doctrine of equivalents, willfully or otherwise.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '530 Patent)

23.     Oracle repeats and realleges paragraphs 1-22 above, as if fully stated herein.

24.     Realtime claims that it is the owner by assignment of the '530 patent.

25.     One or more claims of the '530 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

26.     Oracle is informed and believes, and on that basis alleges, that Realtime contends that the '530 patent is valid.

27.     Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Oracle as to whether the '530 patent is valid.  Oracle desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

28.     Oracle seeks, and is entitled to, a declaratory judgment that the '530 patent is invalid.

## FIFTH COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of the '513 Patent)

29.     Oracle repeats and realleges paragraphs 1-28 above, as if fully stated herein.

30.     Realtime claims that it is the owner by assignment of the '513 patent.  Realtime has expressly charged Oracle with infringement of the '513 patent by filing the First Amended Complaint against Oracle on July 29, 2015.

31.     Oracle does not directly, indirectly, or contributorily and/or by inducement, infringe any valid claim of the '513 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

32.     Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Oracle as to whether the '513 patent is not infringed by Oracle.  Oracle desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

33.     Oracle seeks, and is entitled to, a declaratory judgment that it does not infringe any claim of the '513 patent directly, indirectly, contributorily and/or by inducement, either literally or under the doctrine of equivalents, willfully or otherwise.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '513 Patent)

34.     Oracle repeats and realleges paragraphs 1-33 above, as if fully stated herein.

35.     Realtime claims that it is the owner by assignment of the '513 patent.

36.     One or more claims of the '513 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

37.     Oracle is informed and believes, and on that basis alleges, that Realtime contends that the '513 patent is valid.

38.     Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Oracle as to whether the '513 patent is valid.  Oracle desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

39.     Oracle seeks, and is entitled to, a declaratory judgment that the '513 patent is invalid.

## DEMAND FOR JURY TRIAL

Under Federal Rule of Civil Procedure 38(b), Oracle hereby demands trial by jury on all issues so triable raised by Realtime's First Amended Complaint or by Oracle's Answer and Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Oracle respectfully requests entry of judgment in their favor and against Realtime as follows:

(a)     Dismissing Realtime's First Amended Complaint against Oracle in its entirety, with prejudice;

(b)     Declaring that Oracle has not infringed, and is not infringing, the '992, '530, and '513 patents;

(c)     Declaring that the claims of the '992, '530, and '513 patents are invalid;

(d)     Declaring this case exceptional under 35 U.S.C. § 285 and awarding Oracle all reasonable attorneys' fees, experts' fees, and costs; and

(e)      Granting Oracle such other and further relief as the Court deems just and proper.


Dated:  August 17, 2015                          Respectfully submitted,


By:  */s/ Melissa R. Smith*
    Melissa Richards Smith
    melissa@gillamsmithlaw.com
    GILLAM & SMITH, LLP
    303 South Washington Avenue
    Marshall, TX 75670
    Telephone:  (903) 934-8450
    Facsimile:  (903) 934-9257

    ***Attorney for Defendant***
    ***Oracle America, Inc.***


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on August 17, 2015.  Any other counsel of record

will be served by First Class U.S. mail on this same date.


*/s/ Melissa R. Smith*
Melissa R. Smith