# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>              Plaintiff,<br><br>v.<br><br>ACTIAN CORPORATION et al.,<br><br>              Defendants. | Case No.: 6:15-cv-00463-RWS<br>LEAD CASE |

**ORDER FOCUSING**

**PATENT CLAIMS AND PRIOR ART**

**TO REDUCE COSTS**

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

*Phased Limits on Asserted Claims and Prior Art References*

2. By the date set for completion of claim construction discovery pursuant to P.R. 4-4, the patent claimant shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 32 claims against each defendant

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| "and not more than a total of 40 claims against all defendants"<br><br>Comments: Imposing collective caps on both plaintiff and defendants will further the policy aims of this Phased Limits Order more than the absence of such collective caps. | In these cases, implementing a collective (across all defendants) cap on both asserted claims and prior art is prejudicial to Defendants as Realtime has asserted different patents against different Defendants and may yet assert completely different claims against each defendant. In such a situation each defendant may need to assert prior art in its defense that is only applicable to that defendant's case (or a limited number of cases). Because of the prejudicial effect of Plaintiff's proposed caps on Defendants, Defendants request that the Court use the language they have proposed from the model order. |

. Not later than 14 days after service of the Preliminary Election of Asserted Claims, each defendant shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| "and not more than a total of 15 prior art references against each patent by all defendants | In these cases, implementing a collective (across all defendants) cap on both asserted |

| | |
|---|---|
| collectively," <br><br> Comments: Imposing collective caps on both plaintiff and defendants will further the policy aims of this Phased Limits Order more than the absence of such collective caps. | claims and prior art is prejudicial to Defendants as Realtime has asserted different patents against different Defendants and may yet assert completely different claims against each defendant.  In such a situation each defendant may need to assert prior art in its defense that is only applicable to that defendant's case (or a limited number of cases).  Because of the prejudicial effect of Plaintiff's proposed caps on Defendants, Defendants request that the Court use the language they have proposed from the model order. |

and not more than a total of 40 references.[1]

3. No later than 28 days before the service of expert reports by the party with the burden of proof on an issue, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims against each defendant

| **Plaintiff's Proposal** | **Defendants' Proposal** |
|---|---|
| "and not more than a total of 20 claims against all defendants" <br><br> Comments: Imposing collective caps on both plaintiff and defendants will further the policy aims of this Phased Limits Order more than the absence of such collective caps. | In these cases, implementing a collective (across all defendants) cap on both asserted claims and prior art is prejudicial to Defendants as Realtime has asserted different patents against different Defendants and may yet assert completely different claims against each defendant.  In such a situation each defendant may need to assert prior art in its defense that is only applicable to that defendant's case (or a limited number of cases).  Because of the prejudicial effect of Plaintiff's proposed caps on Defendants, Defendants request that the Court use the language they have proposed from the model order. |

---

[1]For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

. By the date set for the service of expert reports by the party with the burden of proof on an issue, each defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| "and not more than a total of nine prior art references against each patent from the 15 prior art references previously identified for that particular patent by all defendants collectively,"<br><br>Comments: Imposing collective caps on both plaintiff and defendants will further the policy aims of this Phased Limits Order more than the absence of such collective caps. | In these cases, implementing a collective (across all defendants) cap on both asserted claims and prior art is prejudicial to Defendants as Realtime has asserted different patents against different Defendants and may yet assert completely different claims against each defendant.  In such a situation each defendant may need to assert prior art in its defense that is only applicable to that defendant's case (or a limited number of cases).  Because of the prejudicial effect of Plaintiff's proposed caps on Defendants, Defendants request that the Court use the language they have proposed from the model order. |

and no more than a total of 20 references.  For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

4. If the patent claimant asserts infringement of only one patent against one defendant, all per-patent limits in this order for the claims with respect to that defendant are increased by 50%, rounding up.

*Modification of this Order*

5. Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent possible.  Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the

modification.  Motions to modify other portions of this Order are committed to the sound discretion of the Court.[2]

---

[2] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.