**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO, | Case No. 6:15-cv-463-RWS-JDL |
| Plaintiff, | LEAD CASE |
| v. | |
| ACTIAN CORPORATION et al., | JURY TRIAL DEMANDED |
| Defendants. | |
| REALTIME DATA LLC d/b/a IXO, | |
| Plaintiff, | Case No. 6:15-cv-467-RWS-JDL |
| v. | MEMBER CASE |
| ORACLE AMERICA, INC., HEWLETT-PACKARD COMPANY, and HP ENTERPRISE SERVICES, LLC, Defendants. | JURY TRIAL DEMANDED |

**REALTIME DATA LLC d/b/a IXO'S ANSWER TO
HEWLETT-PACKARD COMPANY AND HP ENTERPRISE SERVICES, LLC'S
COUNTERCLAIMS TO FIRST AMENDED COMPLAINT**

Plaintiff-Counterdefendant, Realtime Data LLC d/b/a IXO ("Realtime") answers Counterclaims for Declaratory Judgment of Noninfringement and Invalidity of U.S. Patent Nos. 7,378,992 ("the '992 patent"); 7,415,530 ("the '530 patent"); 8,643,513 ("the '513 patent"), and 6,597,812 ("the '812 patent"), collectively (the "Asserted Patents") of Defendants-Counterclaimants Hewlett-Packard Company ("HP") and HP Enterprise Services, LLC ("HPES") (collectively, "Defendants"), as follows:

**THE PARTIES**

1.      Admitted.  On information and belief, however, HP also has a North American headquarters at 11445 Compaq Center West Drive, Houston, Texas 77070.

2.      Denied as written.  On information and belief, Realtime admits that HPES is a Delaware limited liability *company* having a *principal* place of business at 5400 Legacy Drive, Plano, Texas 75024.

3.      Admitted.

## JURISDICTION AND VENUE

4.      Admitted.

5.      Admitted.

6.      Admitted.

## HEWLETT PACKARD'S FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,378,992)

7.      Realtime incorporates by reference its responses to Paragraphs 1-6 of this Answer to Defendants' Counterclaims as if fully set forth herein.

8.      Admitted.

9.      Admitted.

10.      Realtime admits that Defendants deny Realtime's allegations of infringement of the '992 patent.  Otherwise, Realtime denies the allegations in paragraph 10.

11.      Realtime admits that a justiciable controversy exists between Defendants and Realtime as to whether Defendants infringe any claims of the '992 patent.  Otherwise, Realtime denies the allegations in paragraph 11.

12.      Denied.

## HEWLETT PACKARD'S SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
### U.S. PATENT NO. 7,415, 530)

13.     Realtime incorporates by reference its responses to Paragraphs 1-12 of this

Answer to Defendants' Counterclaims as if fully set forth herein.

14.     Admitted.

15.     Admitted.

16.     Realtime admits that Defendants deny Realtime's allegations of infringement of

the '530 patent.  Otherwise, Realtime denies the allegations in paragraph 16.

17.     Realtime admits that a justiciable controversy exists between Defendants and

Realtime as to whether Defendants infringe any claims of the '530 patent.  Otherwise, Realtime

denies the allegations in paragraph 17.

18.     Denied.

## HEWLETT PACKARD'S THIRD COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
### U.S. PATENT NO. 8,643,513)

19.     Realtime incorporates by reference its responses to Paragraphs 1-18 of this

Answer to Defendants' Counterclaims as if fully set forth herein.

20.     Admitted.

21.     Admitted.

22.     Realtime admits that Defendants deny Realtime's allegations of infringement of

the '513 patent.  Otherwise, Realtime denies the allegations in paragraph 22.

23.     Realtime admits that a justiciable controversy exists between Defendants and

Realtime as to whether Defendants infringe any claims of the '513 patent.  Otherwise, Realtime

denies the allegations in paragraph 23.

24.     Denied.

## HEWLETT PACKARD'S FOURTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
### U.S. PATENT NO. 6,597,812)

25.     Realtime incorporates by reference its responses to Paragraphs 1-24 of this

Answer to Defendants' Counterclaims as if fully set forth herein.

26.     Admitted.

27.     Admitted.

28.     Realtime admits that Defendants deny Realtime's allegations of infringement of

the '812 patent.  Otherwise, Realtime denies the allegations in paragraph 28.

29.     Realtime admits that a justiciable controversy exists between Defendants and

Realtime as to whether Defendants infringe any claims of the '812 patent.  Otherwise, Realtime

denies the allegations in paragraph 29.

30.     Denied.

## HEWLETT PACKARD'S FIFTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF
### U.S. PATENT NO. 7,378,992)

31.     Realtime incorporates by reference its responses to Paragraphs 1-30 of this

Answer to Defendants' Counterclaims as if fully set forth herein.

32.     Admitted.

33.     Realtime admits that Defendants contend that one or more claims of the '992

patent are invalid.  Otherwise, Realtime denies the allegations in paragraph 33.

34.      Realtime admits that a justiciable controversy exists between Defendants and

Realtime as to whether any claims of the '992 patent are invalid.  Otherwise, Realtime denies the

allegations in paragraph 34.

35.     Denied.

## HEWLETT PACKARD'S SIXTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF
## U.S. PATENT NO. 7,415,530)

36.      Realtime incorporates by reference its responses to Paragraphs 1-35 of this

Answer to Defendants' Counterclaims as if fully set forth herein.

37.      Admitted.

38.      Realtime admits that Defendants contend that the '530 patent is invalid.

Otherwise, Realtime denies the allegations in paragraph 38.

39.      Realtime admits that a justiciable controversy exists between Defendants and

Realtime as to whether any claims of the '530 patent are invalid.  Otherwise, Realtime denies the

allegations in paragraph 39.

40.      Denied.

## HEWLETT PACKARD'S SEVENTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF
## U.S. PATENT NO. 8,643,513)

41.      Realtime incorporates by reference its responses to Paragraphs 1-40 of this

Answer to Defendants' Counterclaims as if fully set forth herein.

42.      Admitted.

43.       Realtime admits that Defendants contend that the '513 patent is invalid.

Otherwise, Realtime denies the allegations in paragraph 43.

44.      Realtime admits that a justiciable controversy exists between Defendants and

Realtime as to whether any claims of the '513 patent are invalid.  Otherwise, Realtime denies the

allegations in paragraph 44.

45.      Denied.

## HEWLETT PACKARD'S EIGHTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF
### U.S. PATENT NO. 6,597,812)

46.     Realtime incorporates by reference its responses to Paragraphs 1-45 of this

Answer to Defendants' Counterclaims as if fully set forth herein.

47.     Admitted.

48.      Realtime admits that Defendants contend that the '812 patent is invalid.

Otherwise, Realtime denies the allegations in paragraph 48.

49.     Realtime admits that a justiciable controversy exists between Defendants and

Realtime as to whether any claims of the '812 patent are invalid.  Otherwise, Realtime denies the

allegations in paragraph 49.

50.     Denied.

## PRAYER FOR RELIEF

In response to Defendants' Prayer for Relief, Realtime denies that Defendants are entitled

to any relief, and in particular to any of the relief requested in paragraphs (A)-(F) of Defendants'

Prayer for Relief, and further requests that the Court enter such preliminary and final orders and

judgments as are necessary to provide Realtime with the following requested relief:

a.     A Judgment in favor of Realtime on Defendants' Counterclaims that the Asserted

Patents are not invalid and are enforceable, that Defendants infringe the '992 patent, the '530

patent, the '513 patent, and the '812 patent;

b.     An Order dismissing Defendants' Counterclaims in their entirety and with

prejudice;

c.     A judgment in favor of Plaintiff that Defendants have infringed, either literally

and/or under the doctrine of equivalents, the '992 patent, the '530 patent, the '513 patent, and the

'812 patent;

d.      A permanent injunction prohibiting Defendants from further acts of infringement of the '992 patent, the '530 patent, the '513 patent, and the '812 patent;

e.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for their infringement of the '992 patent, the '530 patent, the '513 patent, and the '812 patent, as provided under 35 U.S.C. § 284;

f.      A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Realtime, including without limitation, prejudgment and post-judgment interest;

g.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

h.      Any and all other relief as the Court may deem appropriate and just under the circumstances.


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, Plaintiff demands a trial by jury of all issues so triable.


Dated:  September 8, 2015                       Respectfully Submitted,


                                               By: _/s/ Marc A. Fenster by permission Claire_
                                                   _Abernathy Henry_
                                                   Marc A. Fenster (CA SBN 181067)
                                                   LEAD ATTORNEY
                                                   Reza Mirzaie (CA SBN 246953)
                                                   Brian D. Ledahl (CA SBN 186579)
                                                   Jeffrey Z.Y. Liao (CA SBN 288994)
                                                   C. Jay Chung (CA SBN 252794)
                                                   **RUSS AUGUST & KABAT**
                                                   12424 Wilshire Boulevard, 12th Floor

Los Angeles, CA 90025
(310) 826-7474
mfenster@raklaw.com
rmirzaie@raklaw.com
bledahl@raklaw.com
jliao@raklaw.com
jchung@raklaw.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1127 Judson Road, Ste 220
Longview, Texas 75601
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Attorneys for Plaintiff*
*Realtime Data LLC d/b/a IXO*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this 8th day of September, 2015.

/s/ Claire Abernathy Henry
Claire Abernathy Henry