**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **REALTIME DATA LLC d/b/a IXO,** | Case No. 6:15-cv-463-RWS-JDL |
| **Plaintiff,** | **LEAD CASE** |
| v. | **JURY TRIAL DEMANDED** |
| **ACTIAN CORPORATION et al.,** | |
| **Defendants.** | |

**DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), within thirty (30) days after the Scheduling Conference, and without awaiting a discovery request, each party shall disclose to every other party the following information:

   A. the correct names of the parties to the lawsuit;
   B the name, address, and telephone number of any potential parties;
   C. the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
   D. the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
   E. any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
   F. any settlement, license, or royalty agreements relevant to the patents-in-suit or subject matter of this action;
   G. any statement of any party to the litigation;

2. **Additional Disclosures.** Each party shall provide to every other party the following information:

      A.    the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

      B.    to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[1], on December 3, 2015, and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

      C.    on December 31, 2015, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3. **Testifying Experts.** Each side is limited to four testifying expert witnesses per civil action, with no more than 10 experts on validity across all consolidated civil actions.

4. By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

      A.    The expert's name, address, and telephone number;
      B.    The subject matter on which the expert will testify;
      C.    The disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26;
      D.    If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions;
      E.    If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party:

          (1)    all documents, tangible things, reports, models, or data compilations that the expert relies on in forming the expert's testimony; and
          (2)    the expert's current resume and bibliography;

---

[1] The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

    (3)  The parties shall be excused from furnishing an expert report of treating physicians unless reasonably requested to do so by another party.

4. **Discovery Limitations.** Discovery is limited in this cause to the disclosures described in Paragraphs 1 – 3, together with:

 (a) **Interrogatories**. Each side will be permitted to propound 20 common interrogatories. Additionally, each defendant can propound up to 10 additional individual interrogatories, and plaintiff can propound up to 10 additional individual interrogatories per defendant. For purposes of this Discovery Order: (1) "side" means a party or a group of parties with a common interest; and (2) affiliated defendants sued by plaintiff in the same civil action shall be considered a single "defendant" with respect to these discovery limitations except with respect to defendants who were sued on infringement claims directed at different accused products.

 (b) **Requests for Admission**. Each side will be permitted to propound up to 25 common requests for admission. Additionally, each defendant can propound up to 20 additional individual requests for admission, and plaintiff can propound up to 20 additional individual requests for admission per defendant. Each side is permitted an unlimited number of requests for admission for authentication of documents. Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above

 (c) **Expert Depositions and Limits**. Expert depositions are limited to 7 hours per report per side for each civil action except that (1) for an expert that offers an opinion on validity, the expert shall be deposed for no longer than 7 hours for an expert that offers an opinion on validity against a single defendant or only 7 common hours plus 3 individual hours by each defendant per civil action for an expert that offers an opinion on validity against two or more defendants and (2) for a plaintiff's expert that offers an opinion on an issue specific to a single defendant (e.g., infringement and damages), the expert shall be deposed for no longer than 4 common hours plus 3 individual hours by each defendant per civil action[1] as to which that expert offers an opinion at the time the deposition is taken.[2]

 (d) **Fact Depositions**. Plaintiff shall take no more than 28 hours of 30(b)(6) depositions and 28 hours of 30(b)(1) depositions per side per civil action. Each

---

[1] Two defendants, Dell and HP, are in two different civil actions with different accused products and shall be considered as individual defendants in each of these separate actions.

[2] For good cause, a party can seek to modify these limits.

       30(b)(1) deposition shall count for no less than 4 hours towards the overall limit. Defendants, collectively, shall take no more than 21 common hours of 30(b)(6) depositions of plaintiff and 28 hours of 30b1 deposition of Plaintiff, and each Defendant may take an additional 3 hours of 30(b)(6) depositions of plaintiff, but in no event more than 40 hours of 30(b)(6) depositions of plaintiff among Defendants, collectively, where each defendant shall be entitled to a proportionate share of that deposition time, unless otherwise agreed to by the defendants. Defendants, collectively, may take no more than 7 hours of 30(b)(1) depositions per 30(b)(1) witness of Plaintiff. Plaintiff shall take no more than 40 hours of third party depositions across the consolidated cases. Defendants, collectively, shall take no more than 60 hours of third party depositions across the consolidated cases. Third party depositions on validity or other common issues can be relied upon by defendants that did not take the deposition, subject to any confidentiality restrictions. If the parties cannot agree, the Court will consider reasonable requests for additional time. Each side should make a good faith effort to work together to avoid the need for duplicative depositions. Unless otherwise agreed, depositions of plaintiff and defendants and their respective employees shall take place in the deponent's city of residence and at a mutually agreeable time for the parties.

5. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.

6. **Pre-trial Disclosures.** By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

    A.    The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

      B.    The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

      C.    An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

9. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

10. **Requests for Production.** Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

11. **Discovery Conferences.** <u>Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.</u>

12. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges

the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

13. **Protective Orders.** A party may request that the Court issue the Court's Standard Protective Order. However, a party may propose the issuance of or move to modify the terms of the Protective Order for good cause. The Court authorizes the parties to file any document that is subject to a protective order under seal.

14. **Hearing Notebooks.** The Court requires *Markman* and Summary Judgment notebooks, as stated in the Docket Control Order. The moving party shall provide to the Court two binders containing the briefing in its entirety (opening motion/brief, response, reply, and, if applicable, surreply), in addition to associated exhibits. Binders shall be appropriately tabbed. In addition, claim construction briefing and any motions for summary judgment of invalidity for indefiniteness shall be provided to the technical advisor if one has been appointed. Otherwise, hearing notebooks are no longer required or requested. However, the Court may request hearing notebooks in specific instances.

15. **Electronic Discovery and Production.** The parties are to meet and confer to agree on any electronic discovery and production issues. The parties shall then submit an agreed ESI order by the deadline set forth in the Scheduling Order. Should the parties disagree on any issues, the parties shall submit competing proposals to the Court pursuant to the deadline outlined in the Order setting a status/scheduling conference. The Court may consider said issues on the papers, schedule a telephone conference to assist in resolving the dispute, or address any arguments during the status/scheduling conference. Parties should refer to Appendix P of the Local Rules (Model Order Regarding E-Discovery in Patent Cases) as a starting point.

16. **Proposed Stipulations by the Parties Regarding Discovery:**

    **(a) Privilege Logs.** With respect to information generated after the filing of the complaint, the parties are not required to include any such information in privilege logs.

    **(b) Service by Electronic Mail.** The Parties will make every effort to serve all documents electronically, by e-mail or through ECF. Parties may serve all documents by e-mail by sending the documents to the email address for all counsel of record in this case. Documents are timely served by e-mail where the e-mail is sent by 11:59 pm Central Time on the date due. Per Local Rule CV-5(d), documents e-mailed after 5:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating a response date to the document served. For the avoidance of doubt,

       Local Rule CV-6(a) (adding 3 days for purposes of computing time to act within a specified time after service) applies to documents served by e-mail.

**(c) ESI Order.** The parties agree that e-mails are not included in the scope of documents that will be produced in accordance with Paragraph 3 of this Order or under Patent Rule 3-4; rather, e-mail discovery will be governed by an Order regarding Electronic Discovery ("ESI Order") that would be submitted by the parties.

**(d) Production Of Materials Obtained Via Third-Party Subpoena.** A party who serves a subpoena in this matter on a third party shall immediately provide a copy to the other parties. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other parties within 3 business days. Where reproduction of documents within 3 business days is not possible, the party who received the documents will provide prompt notice to the other parties and will work in good faith to resolve the issue on a case-by-case basis.