**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO, ) | |
| ) | Case No. 6:15-cv-463-RWS-JDL |
| Plaintiff, ) | [*CONSOLIDATED LEAD CASE*] |
| ) | |
| v. ) | Case No. 6:15-cv-470-RWS-JDL |
| ) | [*ORIGINAL*] |
| TERADATA OPERATIONS, INC. ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |
| ) | |

**DEFENDANT TERADATA OPERATIONS, INC.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF REALTIME DATA LLC'S AMENDED COMPLAINT**

Defendant Teradata Operations, Inc. ("Teradata" or "Defendant") hereby files its

Answer, Defenses, and Counterclaims to Plaintiff Realtime Data LLC d/b/a IXO's ("Realtime"

or "Plaintiff") Amended Complaint for patent infringement ("Amended Complaint") as follows.

Teradata denies each one of the allegations in Realtime's Amended Complaint unless expressly

admitted in the following paragraphs, which correspond to the numbered paragraphs of the

Amended Complaint:

## PARTIES[1]

1.      Teradata lacks knowledge sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 1 of the Amended Complaint, and on that basis denies them.

2.      Teradata admits that Teradata Corporation is organized under the laws of

Delaware.  Teradata also admits that Teradata Corporation has a principal place of business

located at 10000 Innovation Drive, Dayton, Ohio 45342.  Teradata also admits that Teradata

---

[1] In this Answer, Teradata reproduces certain headings used in Realtime's Amended Complaint,
but to the extent that such headings and/or the introductory paragraph of the Amended Complaint
are construed as allegations, they are each denied.

Operations, Inc. is a wholly-owned subsidiary of Teradata Corporation.  Teradata denies the remainder of the allegations set forth in Paragraph 2.[2]

3.      Teradata admits that Teradata Operations, Inc. is organized under the laws of Delaware.  Teradata also admits that Teradata Operations, Inc. has a principal place of business located at 10000 Innovation Drive, Dayton, Ohio 45342.  Teradata also admits that Teradata Operations, Inc. is a wholly-owned subsidiary of Teradata Corporation.  Teradata denies the remainder of the allegations set forth in Paragraph 3.

## JURISDICTION AND VENUE

4.      Teradata admits that the allegations in the Amended Complaint purport to state a claim arising under the patent laws of the United States as codified in Title 35 of the United States Code.  Teradata further admits that the Amended Complaint purports to assert subject matter jurisdiction over such claims under 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Teradata denies the remainder of the allegations set forth in Paragraph 4.

5.      Teradata admits that Teradata Operations, Inc. is registered to do business in the State of Texas.  For purposes of this Answer only, Teradata does not challenge that this Court has personal jurisdiction over it in this action.  Except as expressly admitted, Teradata denies the remainder of the allegations set forth in Paragraph 5.

6.      Teradata admits that Teradata Operations, Inc. is registered to do business in the State of Texas and has conducted business in the Eastern District of Texas.  For purposes of this Answer only, Teradata does not contest that venue is proper in this District, but Teradata denies that this District is a convenient or appropriate venue for this action.  On August 28, 2015, Teradata filed its Motion to Transfer Venue under 28 U.S.C. § 1404.  (D.I. 25).  Except as expressly admitted, Teradata denies the remainder of the allegations set forth in Paragraph 6.

_____
[2] Teradata Corporation has been dismissed from this action.

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 7,378,992

7.     Teradata restates and incorporates by reference its responses to the allegations of Paragraphs 1-6 of the Amended Complaint as though fully set forth herein.

8.     Teradata lacks knowledge sufficient to confirm or deny the allegations in Paragraph 8 and therefore denies them.

9.     Teradata admits that Teradata Operations, Inc. has used, offered for sale, sold and/or imported into the United States certain Teradata products, including certain Teradata Database products.  Teradata denies the remainder of the allegations set forth in Paragraph 9.

10.     Teradata denies the allegations set forth in paragraph 10.

11.     Teradata admits that it first had knowledge of the U.S. Patent No. 7,378,992 ("the '992 patent") after it received a copy of the first Complaint that was filed by Plaintiff on May 8, 2015.  Teradata denies the remainder of the allegations set forth in Paragraph 11.

12.     Teradata admits that the Teradata News Release properly issued by Teradata says what it literally says.  Teradata denies the remainder of the allegations set forth in Paragraph 12.

13.     Teradata denies the allegations set forth in paragraph 13.

14.     Teradata denies the allegations set forth in paragraph 14.

## COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 7,415,530

15.     Teradata restates and incorporates by reference its responses to the allegations of Paragraphs 1-14 of the Amended Complaint as though fully set forth herein.

16.     Teradata lacks knowledge sufficient to confirm or deny the allegations in Paragraph 16 and therefore denies them.

17.     Teradata admits that Teradata Operations, Inc. has used, offered for sale, sold and/or imported into the United States certain Teradata products, including certain Teradata Database products.  Teradata denies the remainder of the allegations set forth in Paragraph 17.

18.     Teradata denies the allegations set forth in paragraph 18.

19.     Teradata admits that it first had knowledge of the U.S. Patent No. 7,415,530 ("the '530 patent") after it received a copy of the first Complaint that was filed by Plaintiff on May 8, 2015.  Teradata denies the remainder of the allegations set forth in Paragraph 19.

20.     Teradata admits that the Teradata Magazine article, Teradata News Release and Release Summary properly issued by Teradata says what it literally says.  Teradata denies the remainder of the allegations set forth in Paragraph 20.

21.     Teradata denies the allegations set forth in paragraph 21.

22.     Teradata denies the allegations set forth in paragraph 22.

23.     Teradata denies the allegations set forth in paragraph 23.

### COUNT III:  INFRINGEMENT OF U.S. PATENT NO. 8,643,513

24.     Teradata restates and incorporates by reference its responses to the allegations of Paragraphs 1-23 of the Amended Complaint as though fully set forth herein.

25.     Teradata lacks knowledge sufficient to confirm or deny the allegations in Paragraph 25 and therefore denies them.

26.     Teradata admits that Teradata Operations, Inc. has used, offered for sale, sold and/or imported into the United States certain Teradata products, including certain Teradata Database products.  Teradata denies the remainder of the allegations set forth in Paragraph 26.

27.     Teradata denies the allegations set forth in paragraph 27.

28.     Teradata admits that it first had knowledge of the U.S. Patent No. 8,643,513 ("the '513 patent") after it received a copy of the first Complaint that was filed by Plaintiff on May 8, 2015.  Teradata denies the remainder of the allegations set forth in Paragraph 28.

29.     Teradata admits that the Teradata News Release and Release Summary properly issued by Teradata says what it literally says.  Teradata denies the remainder of the allegations set forth in Paragraph 29.

30.     Teradata denies the allegations set forth in paragraph 30.

31.     Teradata denies the allegations set forth in paragraph 31.

### COUNT IV:  INFRINGEMENT OF U.S. PATENT NO. 6,597,812

32.     Teradata restates and incorporates by reference its responses to the allegations of Paragraphs 1-31 of the Amended Complaint as though fully set forth herein.

33.     Teradata lacks knowledge sufficient to confirm or deny the allegations in Paragraph 33 and therefore denies them.

34.     Teradata admits that Teradata Operations, Inc. has used, offered for sale, sold and/or imported into the United States certain Teradata products, including certain Teradata Database products.  Teradata denies the remainder of the allegations set forth in Paragraph 34.

35.     Teradata denies the allegations set forth in paragraph 35.

36.     Teradata admits that it first had knowledge of the U.S. Patent No. 6,597,812 ("the '812 patent") after it received a copy of the first Complaint that was filed by Plaintiff on May 8, 2015.  Teradata denies the remainder of the allegations set forth in Paragraph 36.

37.     Teradata admits that the Teradata Magazine article properly issued by Teradata says what it literally says.  Teradata denies the remainder of the allegations set forth in Paragraph 37.

38.     Teradata denies the allegations set forth in paragraph 38.

39.     Teradata denies the allegations set forth in paragraph 39.

## COUNT V:  INFRINGEMENT OF U.S. PATENT NO. 9,116,908

40.     Teradata restates and incorporates by reference its responses to the allegations of Paragraphs 1-39 of the Amended Complaint as though fully set forth herein.

41.     Teradata lacks knowledge sufficient to confirm or deny the allegations in Paragraph 41 and therefore denies them.

42.     Teradata admits that Teradata Operations, Inc. has used, offered for sale, sold and/or imported into the United States certain Teradata products, including certain Teradata Database products.  Teradata denies the remainder of the allegations set forth in Paragraph 42.

43.     Teradata denies the allegations set forth in paragraph 43.

44.     Teradata admits that it first had knowledge of the U.S. Patent No. 9,116,908 ("the '908 patent") after it received a copy of the Amended Complaint that was filed by Plaintiff on September 14, 2015.   Teradata denies the remainder of the allegations set forth in Paragraph 44.

45.     Teradata admits that the Teradata Magazine article properly issued by Teradata says what it literally says.   Teradata denies the remainder of the allegations set forth in Paragraph 45.

46.     Teradata denies the allegations set forth in paragraph 46.

47.     Teradata denies the allegations set forth in paragraph 47.

48.     Teradata denies the allegations set forth in paragraph 48.

## PRAYER FOR RELIEF

Teradata denies that Realtime is entitled to any of the relief sought in paragraphs (a)-(f) of its prayer for relief.  Teradata requests that the Court deny all such relief sought by Realtime in its entirety and with prejudice and requests that Plaintiff take nothing.

## TERADATA'S AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, and without waiver, limitation, or prejudice, Teradata asserts the following defenses.  Teradata reserves the right to amend its Answer to include additional defenses consistent with facts yet to be discovered in this case.

### First Defense – Failure to State a Claim

Realtime's Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense – Non-Infringement

Teradata does not infringe, and has not infringed any valid and enforceable claim of the '992 patent, '530 patent, '513 patent, '812 patent or '908 patent (collectively the "Patents-In-Suit") in any manner under 35 U.S.C. § 271, willfully or otherwise, either literally or under the doctrine of equivalents, either directly or indirectly.

### Third Defense – Invalidity

Each and every claim of the Patents-In-Suit is invalid for failure to satisfy the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and 112.

### Fourth Defense – Prosecution History Estoppel

To the extent that Realtime alleges infringement under the doctrine of equivalents, Realtime's alleged cause of action is barred, including, without limitation, by way of example, under the doctrine of prosecution history estoppel, claim vitiation, and/or recapture.  By virtue of statements made, amendments made, and/or positions taken during the prosecution of the applications for the Patents-In-Suit, and any application to which the Patents-In-Suit are related, Realtime is estopped from asserting that the claims of the Patents-In-Suit cover or include any accused Teradata product or service.

## Fifth Defense – Lack of Knowledge

To the extent that Realtime asserts that Teradata indirectly infringes, either by contributory infringement or inducement of infringement, Teradata is not liable for the acts taking place before Teradata knew that its actions would allegedly cause infringement.  Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the Patents-In-Suit.

## Sixth Defense – Lack of Control

Realtime's claims for relief are barred because Realtime's injuries, if any, were not caused by Teradata and Teradata is not liable for the acts of others over whom it has no control.

## Seventh Defense – No Recovery for Government Sales

To the extent that any accused product or service has been used or manufactured by or for the United States Government, claims and demands by Realtime for relief based on any of the Patents-in-Suit are barred by 28 U.S.C. § 1498.

## Eighth Defense – License, Exhaustion, Single Recovery, Intervening Rights

Realtime's claims for relief are barred by the doctrines of express or implied license, patent exhaustion, the single recovery rule, and/or intervening rights.

## Ninth Defense – Laches, Prosecution Laches, Waiver, Estoppel, Unclean Hands

Realtime's claims for relief are barred, in whole or in part, under principles of equity including, but not limited to:  laches, prosecution laches, waiver, estoppel, and/or unclean hands.

## Tenth Defense – Limitations on Damages

Realtime's claim for damages, if any, are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288, and Realtime's case is not exceptional under 35 U.S.C. § 285.

## Eleventh Defense – Injunctive Relief Unavailable

Realtime is not entitled to injunctive relief because any alleged injury to Realtime is not immediate or irreparable and because Realtime has an adequate remedy—if any—at law.

## Reservation of Rights

Teradata reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

## TERADATA'S COUNTERCLAIMS

Counterclaim-Plaintiff Teradata hereby asserts the following counterclaims against Realtime.  Teradata reserves the right to assert additional counterclaims, including, but not limited to unenforceability due to inequitable conduct, as warranted by facts learned through investigation and discovery.

## Parties

1.     Teradata Operations, Inc. is organized under the laws of Delaware, with its principal place of business located at 10000 Innovation Drive, Dayton, Ohio 45342.

2.     On information and belief, Realtime is a New York limited liability company located at 116 Croton Lake Road, Katonah, New York 10536.

## Jurisdiction and Venue

3.     This Court has subject matter jurisdiction over Teradata's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202

4.     This is action for declaratory judgment of non-infringement and invalidity arising under the Patent Laws of the United States, 35 U.S.C § 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.   An actual controversy exists under the Declaratory

Judgment Act because Realtime's Amended Complaint alleges that Teradata infringes U.S. Patent No. 7,378,992 ("the '992 patent"); U.S. Patent No. 7,415,530 ("the '530 patent"); U.S. Patent No. 8,643,513 ("the '513 patent"); U.S. Patent No. 6,597,812 ("the '812 patent"); and U.S. Patent No. 9,116,908 ("the '908 patent") (collectively, "the Asserted Patents"), which Teradata denies.

5.      Realtime is subject to personal jurisdiction in this judicial district for purposes of these counterclaims because Realtime filed its Amended Complaint in this judicial district.

6.      For purposes of these counterclaims, venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Realtime elected to file its Amended Complaint in this judicial district.

**FIRST COUNTERCLAIM:**
**Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,378,992**

7.      Teradata realleges and incorporates by reference the entirety of Teradata's Answer and Defenses to Realtime's Amended Complaint, and paragraphs 1-6 of Teradata's counterclaims above, as if fully state herein.

8.      Realtime claims that it is the owner of the '992 patent.  Realtime has accused Teradata of infringing valid claims of the '992 patent in its Amended Complaint filed against Teradata on September 14, 2015.

9.      Teradata denies it directly, indirectly, or contributorily and/or by inducement, infringes any valid claim of the '992 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

10.      By way of a non-limiting example, the accused Teradata Database product does not practice compression methods claimed by the '992 patent, including a computer implemented method comprising: receiving a data block; associating at least one encoder to each

one of several data types; analyzing data within the data block to identify a first data type of the data within the data block; compressing if said first data type is the same as one of said several data types, said data block with said at least one encoder associated with said one of said several data types that is the same as said first data type to provide a compressed data block; and compressing, if said first data type is not the same as one of said several data types, said data block with a default encoder to provide said compressed data block, wherein the analyzing of the data within the data block to identify one or more data types excludes analyzing based only on a descriptor that is indicative of the data type of the data within the data block.

11.     Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Teradata as to whether the '992 patent is infringed.

12.     Based on the foregoing, and pursuant to 28 U.S.C. §§ 2201 and 2202, Teradata seeks, and is entitled to, a declaratory judgment that it does not infringe any claim of the '992 patent directly, indirectly, contributorily and/or by inducement, either literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND COUNTERCLAIM:
### Declaratory Judgment of Invalidity of U.S. Patent No. 7,378,992

13.     Teradata realleges and incorporates by reference the entirety of Teradata's Answer and Defenses to Realtime's Amended Complaint, and paragraphs 1-12 of Teradata's counterclaims above, as if fully state herein.

14.     Realtime claims that it is the owner of the '992 patent.  Realtime has accused Teradata of infringing valid claims of the '992 patent in its Amended Complaint filed against Teradata on September 14, 2015.

15.     Although Realtime alleges in its Amended Complaint that the claims of the '992 patent are valid and enforceable, each and every claim of the '992 patent is invalid for failure to

satisfy the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and 112.

16.     By way of a non-limiting example, U.S. Patent No. 6,253,264 issued to Sebastian describes "data compression system[s] [where] control signals enable/disable different compression algorithms when, e.g., a bottleneck occurs."  The disclosure of U.S. Patent No. 6,253,264 anticipates and/or renders obvious, either alone or in combination with other art, each and every claim of the '992 patent.

17.     Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Teradata as to whether each and every claim of the '992 patent is invalid.

18.     Based on at least the foregoing, Teradata seeks, and is entitled to, a declaratory judgment that each and every claim of the '992 Patent is invalid.

**THIRD COUNTERCLAIM:**
**Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,415,530**

19.     Teradata realleges and incorporates by reference the entirety of Teradata's Answer and Defenses to Realtime's Amended Complaint, and paragraphs 1-18 of Teradata's counterclaims above, as if fully state herein.

20.     Realtime claims that it is the owner of the '530 patent.  Realtime has accused Teradata of infringing valid claims of the '530 patent in its Amended Complaint filed against Teradata on September 14, 2015.

21.     Teradata denies it directly, indirectly, or contributorily and/or by inducement, infringes any valid claim of the '530 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

22.     By way of a non-limiting example, the accused Teradata Database product does not practice the system claimed by the '530 patent, including a system comprising:  a memory

device; and a data accelerator, wherein said data accelerator is coupled to said memory device, a data stream is received by said data accelerator in received form, said data stream includes a first data block and a second data block, said data stream is compressed by said data accelerator to provide a compressed data stream by compressing said first data block with a first compression technique and said second data block with a second compression technique, said first and second compression techniques are different, said compressed data stream is stored on said memory device, said compression and storage occurs faster than said data stream is able to be stored on said memory device in said received form, a first data descriptor is stored on said memory device indicative of said first compression technique, and said first descriptor is utilized to decompress the portion of said compressed data stream associated with said first data block.

23.     Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Teradata as to whether the '530 patent is infringed.

24.     Based on the foregoing, and pursuant to 28 U.S.C. §§ 2201 and 2202, Teradata seeks, and is entitled to, a declaratory judgment that it does not infringe any claim of the '530 patent directly, indirectly, contributorily and/or by inducement, either literally or under the doctrine of equivalents, willfully or otherwise.

**FOURTH COUNTERCLAIM:**
**Declaratory Judgment of Invalidity of U.S. Patent No. 7,415,530**

25.     Teradata realleges and incorporates by reference the entirety of Teradata's Answer and Defenses to Realtime's Amended Complaint, and paragraphs 1-24 of Teradata's counterclaims above, as if fully state herein.

26.     Realtime claims that it is the owner of the '530 patent.  Realtime has accused Teradata of infringing valid claims of the '530 patent in its Amended Complaint filed against Teradata on September 14, 2015.

27.     Although Realtime alleges in its Amended Complaint that the claims of the '530 patent are valid and enforceable, each and every claim of the '530 patent is invalid for failure to satisfy the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and 112.

28.     By way of a non-limiting example, U.S. Patent No. 6,253,264 issued to Sebastian describes "data compression system[s] [where] control signals enable/disable different compression algorithms when, e.g., a bottleneck occurs."  The disclosure of U.S. Patent No. 6,253,264 anticipates and/or renders obvious, either alone or in combination with other art, each and every claim of the '530 patent.

29.     Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Teradata as to whether each and every claim of the '530 patent is invalid.

30.     Based on at least the foregoing, Teradata seeks, and is entitled to, a declaratory judgment that each and every claim of the '530 patent is invalid.

## FIFTH COUNTERCLAIM:
## Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,116,908

31.     Teradata alleges and incorporates by reference the entirety of Teradata's Answer and Defenses to Realtime's Amended Complaint, and paragraphs 1-30 of Teradata's counterclaims above, as if fully state herein.

32.     Realtime claims that it is the owner of the '908 patent.  Realtime has accused Teradata of infringing valid claims of the '908 patent in its Amended Complaint filed against Teradata on September 14, 2015.

33.     Teradata denies it directly, indirectly, or contributorily and/or by inducement, infringes any valid claim of the '908 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

34.     By way of a non-limiting example, the accused Teradata Database product does not practice the system claimed by the '908 patent, including a system comprising:  a memory device; and a data accelerator configured to compress: (i) a first data block with a first compression technique to provide a first compressed data block; and (ii) a second data block with a second compression technique, different from the first compression technique, to provide a second compressed data block; wherein the compressed first and second data blocks are stored on the memory device, and the compression and storage occurs faster than the first and second data blocks are able to be stored on the memory device in uncompressed form.

35.     Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Teradata as to whether the '908 patent is infringed.

36.     Based on the foregoing, and pursuant to 28 U.S.C. §§ 2201 and 2202, Teradata seeks, and is entitled to, a declaratory judgment that it does not infringe any claim of the '908 patent directly, indirectly, contributorily and/or by inducement, either literally or under the doctrine of equivalents, willfully or otherwise

## SIXTH COUNTERCLAIM:
### Declaratory Judgment of Invalidity of U.S. Patent No. 9,116,908

37.     Teradata alleges and incorporates by reference the entirety of Teradata's Answer and Defenses to Realtime's Amended Complaint, and paragraphs 1-36 of Teradata's counterclaims above, as if fully state herein.

38.     Realtime claims that it is the owner of the '908 patent.  Realtime has accused Teradata of infringing valid claims of the '908 patent in its Amended Complaint filed against Teradata on September 14, 2015.

39.     Although Realtime alleges in its Amended Complaint that the claims of the '908 patent are valid and enforceable, each and every claim of the '908 patent is invalid for failure to

satisfy the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and 112.

40.     By way of a non-limiting example, U.S. Patent No. 6,253,264 issued to Sebastian describes "data compression system[s] [where] control signals enable/disable different compression algorithms when, e.g., a bottleneck occurs."   The disclosure of U.S. Patent No. 6,253,264 anticipates and/or renders obvious, either alone or in combination with other art, each and every claim of the '908 patent.

41.     Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Teradata as to whether each and every claim of the '908 patent is invalid. Based on at least the foregoing, Teradata seeks, and is entitled to, a declaratory judgment that each and every claim of the '908 patent is invalid.

### SEVENTH COUNTERCLAIM:
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,643,513

42.     Teradata realleges and incorporates by reference the entirety of Teradata's Answer and Defenses to Realtime's Amended Complaint, and paragraphs 1-41 of Teradata's counterclaims above, as if fully state herein.

43.     Realtime claims that it is the owner of the '513 patent.   Realtime has accused Teradata of infringing valid claims of the '513 patent in its Amended Complaint filed against Teradata on September 14, 2015.

44.     Teradata denies it directly, indirectly, or contributorily and/or by inducement, infringes any valid claim of the '513 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

45.     By way of a non-limiting example, the accused Teradata Database product does not practice the compression methods claimed by the '513 patent, including a method of

compressing a plurality of data blocks, comprising: analyzing the plurality of data blocks to recognize when an appropriate content independent compression algorithm is to be applied to the plurality of data blocks; applying the appropriate content independent data compression algorithm to a portion of the plurality of data blocks to provide a compressed data portion; analyzing a data block from another portion of the plurality of data blocks for recognition of any characteristic, attribute, or parameter that is indicative of an appropriate content dependent algorithm to apply to the data block; and applying the appropriate content dependent data compression algorithm to the data block to provide a compressed data block when the characteristic, attribute, or parameter is identified, wherein the analyzing the plurality of data blocks to recognize when the appropriate content independent compression algorithm is to be applied excludes analyzing based only on a descriptor indicative of the any characteristic, attribute, or parameter, and wherein the analyzing the data block to recognize the any characteristic, attribute, or parameter excludes analyzing based only on the descriptor.

46.     Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Teradata as to whether the '513 patent is infringed.

47.     Based on the foregoing, and pursuant to 28 U.S.C. §§ 2201 and 2202, Teradata seeks, and is entitled to, a declaratory judgment that it does not infringe any claim of the '513 patent directly, indirectly, contributorily and/or by inducement, either literally or under the doctrine of equivalents, willfully or otherwise.

## EIGHTH COUNTERCLAIM:
### Declaratory Judgment of Invalidity of U.S. Patent No. 8,643,513

48.     Teradata realleges and incorporates by reference the entirety of Teradata's Answer and Defenses to Realtime's Amended Complaint, and paragraphs 1-47 of Teradata's counterclaims above, as if fully state herein.

49.     Realtime claims that it is the owner of the '513 patent.  Realtime has accused Teradata of infringing valid claims of the '513 patent in its Amended Complaint filed against Teradata on September 14, 2015.

50.     Although Realtime alleges in its Amended Complaint that the claims of the '513 patent are valid and enforceable, each and every claim of the '513 patent is invalid for failure to satisfy the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and 112.

51.     By way of a non-limiting example, U.S. Patent No. 6,253,264 issued to Sebastian describes "data compression system[s] [where] control signals enable/disable different compression algorithms when, e.g., a bottleneck occurs."  The disclosure of U.S. Patent No. 6,253,264 anticipates and/or renders obvious, either alone or in combination with other art, each and every claim of the '513 patent.

52.     Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Teradata as to whether each and every claim of the '513 patent is invalid.

53.     Based on at least the foregoing, Teradata seeks, and is entitled to, a declaratory judgment that each and every claim of the '513 patent is invalid.

**NINTH COUNTERCLAIM:**
**Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,597,812**

54.     Teradata realleges and incorporates by reference the entirety of Teradata's Answer and Defenses to Realtime's Amended Complaint, and paragraphs 1-53 of Teradata's counterclaims above, as if fully state herein.

55.     Realtime claims that it is the owner of the '812 patent.  Realtime has accused Teradata of infringing valid claims of the '812 patent in its Amended Complaint filed against Teradata on September 14, 2015.

56.     Teradata denies it directly, indirectly, or contributorily and/or by inducement, infringes any valid claim of the '812 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

57.     By way of a non-limiting example, the accused Teradata Database product does not practice the compression methods claimed by the '812 patent, including a method of compressing data, comprising: detecting if the input data comprises a run-length sequence of data blocks; outputting an encoded run-length sequence, if a run-length sequence of data blocks is detected; maintaining a dictionary comprising a plurality of code words, wherein each code word in the dictionary is associated with a unique data block string; building a data block string from at least one data block in the input data that is not part of a run-length sequence; searching for a code word in the dictionary having a unique data block string associated therewith that matches the built data block string; and outputting the code word representing the built data block string.

58.     Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Teradata as to whether the '812 patent is infringed.

59.     Based on the foregoing, and pursuant to 28 U.S.C. §§ 2201 and 2202, Teradata seeks, and is entitled to, a declaratory judgment that it does not infringe any claim of the '812 patent directly, indirectly, contributorily and/or by inducement, either literally or under the doctrine of equivalents, willfully or otherwise.

**TENTH COUNTERCLAIM:**
**Declaratory Judgment of Invalidity of U.S. Patent No. 6,597,812**

60.     Teradata realleges and incorporates by reference the entirety of Teradata's Answer and Defenses to Realtime's Amended Complaint, and paragraphs 1-59 of Teradata's counterclaims above, as if fully state herein.

61.     Realtime claims that it is the owner of the '812 patent.  Realtime has accused Teradata of infringing valid claims of the '812 patent in its Amended Complaint filed against Teradata on September 14, 2015.

62.     Although Realtime alleges in its Amended Complaint that the claims of the '812 patent are valid and enforceable, each and every claim of the '812 patent is invalid for failure to satisfy the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and 112.

63.     By way of a non-limiting example, U.S. Patent No. 6,253,264 issued to Sebastian describes "data compression system[s] [where] control signals enable/disable different compression algorithms when, e.g., a bottleneck occurs."  The disclosure of U.S. Patent No. 6,253,264 anticipates and/or renders obvious, either alone or in combination with other art, each and every claim of the '812 patent.

64.     Accordingly, a valid and justiciable controversy has arisen and exists between Realtime and Teradata as to whether each and every claim of the '812 patent is invalid.

65.     Based on at least the foregoing, Teradata seeks, and is entitled to, a declaratory judgment that each and every claim of the '812 patent is invalid.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Teradata hereby demands trial by jury on all issues so triable raised by Realtime's Amended Complaint or by Teradata's Answer and Counterclaims.

## PRAYER FOR RELIEF

**WHEREFORE**, Teradata respectfully requests that this Court enter judgment in its favor and against Realtime, and grant the following relief:

a)  Deny Realtime all of the relief requested in its Amended Complaint, and dismiss its Amended Complaint in its entirety with prejudice;

b)  Find this to be an exceptional case and award Teradata its costs and recoverable attorneys' fees incurred in having to defend against Realtime's claims pursuant to 35 U.S.C. §285 and as otherwise allowed;

c)  Declare that Teradata has not infringed and does not infringe, either directly, contributorily, or by active inducement, any valid claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents;

d)  Declare that the claims of the Patents-In-Suit are invalid; and

e)  Grant Teradata any other relief as the Court may deem appropriate and just under the circumstances.

**Dated:** October 2, 2015                                      Respectfully submitted:

_/s/ Mark L. Whitaker_____
Mark L. Whitaker (Lead Attorney)
District of Columbia Bar No. 435755
Jamie R. Lynn
District of Columbia Bar No. 987740
Mark S. Zhai
District of Columbia Bar No. 1015748
Han Kyu Lee
District of Columbia Bar No. 1022280
**BAKER BOTTS LLP**
The Warner
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400
Telephone:  (202) 639-7700
Facsimile:  (202) 639-7890
Mark.Whitaker@BakerBotts.com
Jamie.Lynn@BakerBotts.com
Mark.Zhai@BakerBotts.com
Han.Lee@BakerBotts.com

Ali Dhanani
Texas State Bar No. 24055400
**BAKER BOTTS LLP**
One Shell Plaza
910 Louisiana Street

Houston, Texas 77002-4995
Telephone:  (713) 229-1234
Facsimile:  (713) 229-1522
Ali.Dhanani@BakerBotts.com

Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787
ederieux@capshawlaw.com

*ATTORNEYS FOR DEFENDANT
TERADATA OPERATIONS, INC.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 2nd day of October, 2015, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail on this same date.

*/s/ Mark L. Whitaker*
Mark L. Whitaker