IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **REALTIME DATA, LLC,** | § § § | |
| *Plaintiff,* | § § | **CASE NO. 6:15-CV-463-RWS-JDL** |
| v. | § § § | **JURY TRIAL DEMANDED** |
| **ACTIAN CORPORATION, ET AL.** | § § | |
| *Defendants.* | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Magistrate Judge issued a Report and Recommendation concluding that Defendants' Motions to Dismiss should be denied without prejudice (Doc. No. 184).

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the denial of Defendants' motion, has been presented for consideration. Defendants filed objections to the Report and Recommendation (Doc. No. 201), and Plaintiff filed a Response (Doc. No. 216). For the reasons discussed below, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

First, Defendants object that the claim construction disputes discussed in the Magistrate Judge's Report are immaterial under step one of the *Alice* framework. (Doc. No. 201 at 2.) Defendants contend that claim construction would be futile because even under Plaintiff's

proposed construction of the claim terms, the patents at issue are directed to the abstract idea "that two compression techniques are better than one."[1] (Doc. No. 201 at 2.) The Court is not persuaded by Defendants' oversimplification of Plaintiff's patents. Plaintiff points out that the patents themselves state that the data at issue is "not easily recognizable to humans." (Doc. No. 216 at 2.) In the Report, the Magistrate Judge found that "Defendants have failed to adequately demonstrate the absence of fact and claim construction issues such that the only plausible reading is that of patent-ineligibility." (Doc. No. 184 at 9). The Court agrees with that finding and further agrees that if Plaintiff's construction of the claims at issue prevails, the patents are more analogous to those in *DDR Holdings* because they provide technological solutions to problems arising specifically in the realm of computer technology. *DDR Holdings LLC v. Hotels.com*, L.P., 773 F.3d 1245, 1257 (Fed. Cir. 2014). Therefore, under Plaintiff's construction, Defendants' argument that the patents are directed to an abstract idea would fail. The Court overrules Defendants' first objection.

Second, Defendants object that the second step in the *Alice* inquiry does not move Plaintiff's claims into the realm of patent-eligibility because Plaintiff's proposed construction does not add an inventive concept to the abstract idea that "two compression techniques are better than one." (Doc. No. 201 at 3.)  Defendants state, "[f]or neither claim construction dispute does the Report find that Plaintiff's proposed construction would add to the abstract idea one or more unconventional and tangible elements." *Id.* at 4. Defendants miss the mark with this argument. As discussed above, if Plaintiff's construction of the claims at issue prevails, the patents would not be directed to an abstract idea. Defendants can only move to *Alice* step two if

---

[1] The Court notes that Defendants previously argued that the patents were directed to the abstract idea of "using multiple known compression techniques and determining which to use next based on the nature of the data to be compressed" (Doc. No. 184 at 8), which has—at the objection stage of Defendant's motion—now transformed into a more simplified abstract idea, according to Defendants' briefing.

Plaintiff's construction fails at *Alice* step one. Therefore, this Court agrees with the Magistrate Judge that claim construction is needed in order to determine whether the patents are directed to an abstract idea, and if they are not, the *Alice* analysis will end there. Accordingly, the Court overrules Defendants' second objection.

Third, Defendants object to the Report because it "arguably suggests that movants must show 'the patents are abstract' or 'the claims to be abstract.'" Doc. No. 201 at 5. Defendants point out that the correct legal standard is for a movant to show that the claims are directed to an abstract idea. *Id.* Defendants' use of the phrase "arguably suggests" indicates knowledge of the unstable ground on which they stand with this objection. The Magistrate Judge explained the correct legal standard in the Report and followed that standard throughout. (Doc. No. 184 at 6.) Defendants' attempt to convince this Court otherwise is overruled.

Fourth, Defendants object to the fact that the Report does not name a specific inventive concept of the asserted patents. As discussed previously, the Magistrate Judge was not required to analyze step two of the *Alice* framework because if Plaintiff's construction of the claims at issue prevails, the patents are not directed to an abstract idea. The Report recognized the fact that there is a disagreement regarding whether there is a transformative element of the patents that would allow the Plaintiff to prevail if the Court determined that the patents are directed to an abstract idea. However, the Magistrate Judge was not required to go further into the analysis for the reasons discussed above. Without a determination of how the Court should construe the claims in this case, the issue of whether there is a transformative element of the claims is premature. Therefore, the Magistrate Judge correctly analyzed this issue, and this objection is overruled.

Finally, Defendants object to the fact that the Magistrate Judge did not "evaluat[e] whether Plaintiff's proposed constructions are plausible" and that "implausible claim construction positions cannot satisfy the complainant's burden of pleading a plausible case." (Doc. No. 201 at 6.) The Court is of the opinion that Plaintiff's proposed construction is plausible, which is why claim construction is necessary in this case. Defendants' final objection is overruled.

It is accordingly **ORDERED** that Defendants' Motions to Dismiss (Doc. Nos. 44 & 128) are **DENIED WITHOUT PREJUDICE**. All objections are **OVERRULED.**

**SIGNED this 21st day of January, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE