# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO, <br><br> Plaintiff, <br><br> v. <br><br> ACTIAN CORPORATION et al., <br><br> Defendants. | Case No. 6:15-cv-463-RWS-JDL <br><br> LEAD CASE <br><br><br> JURY TRIAL DEMANDED |
| REALTIME DATA LLC d/b/a IXO, <br><br> Plaintiff, <br><br> v. <br><br> ECHOSTAR CORPORATION et al., <br><br> Defendants. | Case No. 6:15-cv-466-RWS-JDL <br><br> MEMBER CASE <br><br><br> JURY TRIAL DEMANDED |

## REALTIME DATA LLC d/b/a IXO'S ANSWER TO ECHOSTAR CORPORATION'S AND HUGHES NETWORK SYSTEMS, LLC'S COUNTERCLAIMS

Plaintiff-Counterdefendant, Realtime Data LLC d/b/a IXO ("Realtime") answers Counterclaims for Declaratory Judgment of Noninfringement and Invalidity of U.S. Patent Nos. 7,378,992 ("the '992 patent"); 7,415,530 ("the '530 patent"); 8,643,513 ("the '513 patent"); and 9,116,908 ("the '908 Patent"), collectively (the "Asserted Patents" or "Patents-in-Suit") of Defendants-Counterclaimants Echostar Corporation and Hughes Network Systems, LLC (collectively "Defendants") as follows:

## DEFENDANTS' COUNTERCLAIMS

1.  Paragraph 1 does not include any factual allegations and, therefore, need not be either admitted or denied.

## THE PARTIES

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. Admitted.

8. Admitted.

9. Admitted.

10. Realtime denies that this venue is not the most convenient.  Otherwise, Realtime admits the statements in paragraph 10.

## FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '992 PATENT

11. Realtime incorporates by reference its responses to Paragraphs 1-10 of this Answer to Defendants' Counterclaims as if fully set forth herein.

12. Admitted.

13. Realtime admits that Defendants deny Realtime's allegations of infringement of the '992 patent.  Otherwise, Realtime denies the allegations in paragraph 13.

14. Denied.

15. Realtime admits that a justiciable controversy exists between Defendants and Realtime as to whether Defendants infringe any claims of the '992 patent.  Otherwise, Realtime denies the allegations in paragraph 15.

16. Denied.

## SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '992 PATENT

17. Realtime incorporates by reference its responses to Paragraphs 1-16 of this Answer to Defendants' Counterclaims as if fully set forth herein.

18. Admitted.

19. Realtime admits that it contends that the claims of the '992 patent are valid and enforceable. Otherwise, Realtime denies the allegations in paragraph 19.

20. Realtime admits that a justiciable controversy exists between Defendants and Realtime as to whether any claims of the '992 patent are invalid. Otherwise, Realtime denies the allegations in paragraph 20.

21. Denied.

## THIRD COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '530 PATENT

22. Realtime incorporates by reference its responses to Paragraphs 1-21 of this Answer to Defendants' Counterclaims as if fully set forth herein.

23. Admitted.

24. Realtime admits that Defendants deny Realtime's allegations of infringement of the '530 patent. Otherwise, Realtime denies the allegations in paragraph 24.

25. Denied.

26. Realtime admits that a justiciable controversy exists between Defendants and Realtime as to whether Defendants infringe any claims of the '530 patent. Otherwise, Realtime denies the allegations in paragraph 26.

27. Denied.

## FOURTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '530 PATENT

28. Realtime incorporates by reference its responses to Paragraphs 1-27 of this Answer to Defendants' Counterclaims as if fully set forth herein.

29. Admitted.

30. Realtime admits that it contends that the claims of the '530 patent are valid and enforceable. Otherwise, Realtime denies the allegations in paragraph 30.

31. Realtime admits that a justiciable controversy exists between Defendants and Realtime as to whether any claims of the '530 patent are invalid. Otherwise, Realtime denies the allegations in paragraph 31.

32. Denied.

## FIFTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '908 PATENT

33. Realtime incorporates by reference its responses to Paragraphs 1-32 of this Answer to Defendants' Counterclaims as if fully set forth herein.

34. Admitted.

35. Realtime admits that Defendants deny Realtime's allegations of infringement of the '908 patent. Otherwise, Realtime denies the allegations in paragraph 35.

36. Denied.

37. Realtime admits that a justiciable controversy exists between Defendants and Realtime as to whether Defendants infringe any claims of the '908 patent. Otherwise, Realtime denies the allegations in paragraph 37.

38. Denied.

## SIXTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '908 PATENT

39. Realtime incorporates by reference its responses to Paragraphs 1-38 of this Answer to Defendants' Counterclaims as if fully set forth herein.

40. Admitted.

41. Realtime admits that it contends that the claims of the '908 patent are valid and enforceable. Otherwise, Realtime denies the allegations in paragraph 41.

42. Realtime admits that a justiciable controversy exists between Defendants and Realtime as to whether any claims of the '908 patent are invalid. Otherwise, Realtime denies the allegations in paragraph 42.

43. Denied.

## SEVENTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '513 PATENT

44. Realtime incorporates by reference its responses to Paragraphs 1-43 of this Answer to Defendants' Counterclaims as if fully set forth herein.

45. Admitted.

46. Realtime admits that Defendants deny Realtime's allegations of infringement of the '513 patent. Otherwise, Realtime denies the allegations in paragraph 46.

47. Denied.

48. Realtime admits that a justiciable controversy exists between Defendants and Realtime as to whether Defendants infringe any claims of the '513 patent. Otherwise, Realtime denies the allegations in paragraph 48.

49. Denied.

## EIGHTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '513 PATENT

50. Realtime incorporates by reference its responses to Paragraphs 1-49 of this Answer to Defendants' Counterclaims as if fully set forth herein.

51. Admitted.

52. Realtime admits that it contends that the claims of the '513 patent are valid and enforceable. Otherwise, Realtime denies the allegations in paragraph 52.

53. Realtime admits that a justiciable controversy exists between Defendants and Realtime as to whether any claims of the '513 patent are invalid. Otherwise, Realtime denies the allegations in paragraph 53.

54. Denied.

## PRAYER FOR RELIEF

In response to Defendants' Prayer for Relief, Realtime denies that Defendants are entitled to any relief, and in particular to any of the relief requested in paragraphs (a)-(e) of Defendants' Prayer for Relief, and further requests that the Court enter such preliminary and final orders and judgments as are necessary to provide Realtime with the following requested relief:

a. A Judgment in favor of Realtime on Defendants' Counterclaims that the Asserted Patents are not invalid and are enforceable, and that Defendants infringe the '992 patent, the '530 patent, the '908 patent and the '513 patent;

b. An Order dismissing Defendants' Counterclaims in their entirety with prejudice;

c. A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '992 patent, the '530 patent, the '908 patent and the '513 patent;

d. A permanent injunction prohibiting Defendants from further acts of infringement of the '992 patent, the '530 patent, the '908 patent and the '513 patent;

e. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for its infringement of the '992 patent, the '530 patent, the '908 patent and the '513 patent, as provided under 35 U.S.C. § 284;

f. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Realtime, including without limitation, prejudgment and post-judgment interest;

g. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

h. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, Plaintiff demands a trial by jury of all issues so triable.

Dated: February 25, 2016                    Respectfully Submitted,

By: */s/ Marc A. Fenster by permission Claire Abernathy Henry*
Marc A. Fenster (CA SBN 181067)
LEAD ATTORNEY
Reza Mirzaie (CA SBN 246953)
Brian D. Ledahl (CA SBN 186579)
Jeffrey Z.Y. Liao (CA SBN 288994)
C. Jay Chung (CA SBN 252794)

7

**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
mfenster@raklaw.com
rmirzaie@raklaw.com
bledahl@raklaw.com
jliao@raklaw.com
jchung@raklaw.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1127 Judson Road, Ste 220
Longview, Texas 75601
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Attorneys for Plaintiff*
*Realtime Data LLC d/b/a IXO*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this 25th day of February, 2016.

/s/ Claire Abernathy Henry
Claire Abernathy Henry