IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO, Plaintiff, v. ACTIAN CORPORATION et al., Defendants. | Case No. 6:15-cv-463-RWS-JDL LEAD CASE JURY TRIAL DEMANDED |
| REALTIME DATA LLC d/b/a IXO, Plaintiff, v. SAP AMERICA INC. et al., Defendants. | Case No. 6:15-cv-469-RWS-JDL MEMBER CASE JURY TRIAL DEMANDED |

**REALTIME DATA LLC d/b/a IXO'S ANSWER TO**
**SAP AMERICA INC.'S AND SYBASE, INC.'S COUNTERCLAIMS**

Plaintiff-Counterdefendant, Realtime Data LLC d/b/a IXO ("Realtime") answers Counterclaims for Declaratory Judgment of Noninfringement and Invalidity of U.S. Patent Nos. 7,378,992 ("the '992 Patent"); 7,415,530 ("the '530 Patent"); 8,643,513 ("the '513 Patent"); 6,597,812 ("the '812 Patent"); and 9,116,908 ("the '908 Patent"), collectively (the "Asserted Patents" or "Patents-in-Suit") of Defendants-Counterclaimants SAP America Inc. and Sybase, Inc. (collectively "Defendant") as follows:

**DEFENDANTS' COUNTERCLAIMS**

1. Paragraph 1 does not include any factual allegations and, therefore, need not be either admitted or denied.

## NATURE OF THE ACTION

2. Admitted.

## THE PARTIES

3. Admitted.

4. Admitted.

5. Admitted.

## JURISDICTION

6. Admitted.

7. Admitted.

8. Admitted.

11. Admitted.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

12. Realtime incorporates by reference its responses to Paragraphs 1-9 of this Answer to Defendants' Counterclaims as if fully set forth herein.

13. Admitted.

14. Realtime admits that Defendants deny Realtime's allegations of infringement of the Patents-in-Suit. Otherwise, Realtime denies the allegations in paragraph 14.

15. Realtime admits that Defendants have requested a declaration of non-infringement of any valid claim of the Patents-in-Suit. Otherwise, Realtime denies the allegations in paragraph 15.

## COUNT II
## DECLARATION REGARDING INVALIDITY

16. Realtime incorporates by reference its responses to Paragraphs 1-15 of this Answer to Defendants' Counterclaims as if fully set forth herein.

17. Admitted.

18. Realtime admits that Defendants contend that one or more claims of the Patents-in-Suit are invalid. Otherwise, Realtime denies the allegations in paragraph 18.

19. Realtime admits that Defendants have requested a declaration of invalidity of the Patents-in-Suit. Otherwise, Realtime denies the allegations in paragraph 19.

## **PRAYER FOR RELIEF**

In response to Defendants' Prayer for Relief, Realtime denies that Defendants are entitled to any relief, and in particular to any of the relief requested in paragraphs (A)-(D) of Defendants' Prayer for Relief, and further requests that the Court enter such preliminary and final orders and judgments as are necessary to provide Realtime with the following requested relief:

a. A Judgment in favor of Realtime on Defendants' Counterclaims that the Asserted Patents are not invalid are enforceable, and that Defendants infringe the '992 Patent, the '530 Patent, the '513 Patent, the '812 Patent and the '908 Patent;

b. An Order dismissing Defendants' Counterclaims in their entirety with prejudice;

c. A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '992 Patent, the '530 Patent, the '513 Patent, the '812 Patent and the '908 Patent;

d. A permanent injunction prohibiting Defendants from further acts of infringement of the '992 Patent, the '530 Patent, the '513 Patent, the '812 Patent and the '908 Patent;

e. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for its infringement of the '992 Patent, the

'530 Patent, the '513 Patent, the '812 Patent and the '908 Patent, as provided under 35 U.S.C. § 284;

  f. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Realtime, including without limitation, prejudgment and post-judgment interest;

  g. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

  h. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, Plaintiff demands a trial by jury of all issues so triable.

Dated:  February 25, 2016      Respectfully Submitted,

             By: _/s/ Marc A. Fenster by permission Claire Abernathy Henry_
              Marc A. Fenster (CA SBN 181067)
              LEAD ATTORNEY
              Reza Mirzaie (CA SBN 246953)
              Brian D. Ledahl (CA SBN 186579)
              Jeffrey Z.Y. Liao (CA SBN 288994)
              C. Jay Chung (CA SBN 252794)
              **RUSS AUGUST & KABAT**
              12424 Wilshire Boulevard, 12th Floor
              Los Angeles, CA 90025
              (310) 826-7474
              mfenster@raklaw.com
              rmirzaie@raklaw.com

bledahl@raklaw.com
jliao@raklaw.com
jchung@raklaw.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1127 Judson Road, Ste 220
Longview, Texas 75601
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Attorneys for Plaintiff*
*Realtime Data LLC d/b/a IXO*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this 25th day of February, 2016.

/s/ Claire Abernathy Henry
Claire Abernathy Henry