IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>  Plaintiff,<br><br>  v.<br><br>TERADATA CORPORATION and<br>TERADATA OPERATIONS, INC.<br><br>  Defendants. | Case No. 6:15-cv-463-RWS-JDL<br>[*CONSOLIDATED LEAD CASE*]<br><br>Case No. 6:15-cv-470-RWS-JDL<br>[*ORIGINAL*]<br><br>**JURY TRIAL DEMANDED** |

**TERADATA OPERATIONS, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO STAY PROCEEDINGS PENDING
RESOLUTION OF OBJECTIONS TO JUDGE LOVE'S TRANSFER ORDER**

Realtime's Opposition to Teradata Operations, Inc.'s ("Teradata") Motion for Stay has one glaring deficiency: it fails to even acknowledge that *Judge Love has already ordered transfer* of Realtime's case against Teradata to the Northern District of California ("NDCAL"). *See* Memorandum and Order, Dkt. 225, Jan. 20, 2016 ("Order"). That Order is under review, but it should not be ignored. All the parties are awaiting is a decision on Realtime's objections to Judge Love's Order, which, as it stands, will transfer this case to the NDCAL. That review is not *de novo*. *See ColorQuick, L.L.C. v. Vistaprint Ltd.*, No. 6:09-cv-323, 2010 WL 5136050, at *3 (E.D. Tex. July 22, 2010). Instead, it is subject to a standard that leans heavily toward affirmance on account of the important role magistrates play in the efficiency of the judicial system. *See Parrott v. Commissioner S.S.A.*, 914 F.Supp. 147, 149 n.2 (E.D. Tex. 1996).

In the event that Judge Love's Order stands, without a stay, Teradata will be forced to engage in discovery in a venue that has already been ruled as less convenient than NDCAL and potentially unnecessarily relitigate issues such as claim construction. That will waste both

1

judicial and the parties' resources. For these reasons, Teradata requests this Court to stay this case for a brief period pending resolution of Realtime's objections to Judge Love's Order.

## ARGUMENT

### A. Realtime will not be prejudiced by a brief stay.

In its Opposition, Realtime repeatedly argues that Teradata's requested stay will not be "brief." *See, e.g.*, Consolidated Dkt. 276 ("Opp.") at 1. But at the same time Realtime also argues that the stay of the Apple case, *which Realtime requested*, will be "brief." *Id*. at 3 ("the stay in [its] case against Apple actually would be 'brief'"). This makes no sense, because the stay in the Apple case will last *exactly as long* as the stay that Teradata is requesting. *Compare* Teradata's Mot. to Stay 4, Consolidated Dkt. 261 (requesting "the Court stay all proceedings against Teradata until the resolution of the pending transfer motion and the resolution of Realtime's objections to Judge Love's Order transferring this case to the NDCAL"), *with Realtime v. Apple, Inc.*, No. 15-cv-00885-RWS-JDL, Dkt. 27 ("[Realtime] and [Apple] hereby jointly move the Court to stay this action pending resolution of Realtime's forthcoming objections to this Court's recent transfer orders in *Realtime Data, LLC. v. Actian Corp. et al.* . . . ('Dropbox and Teradata Orders')."). Realtime chose to condition its stay of the whole Apple case on the resolution of the objections to Judge Love's Transfer Order of Teradata, but now claims that a stay for Teradata based on that same condition would somehow be longer.

Realtime's argument that Apple's case is "unrelated" also fails. If the case against Apple were truly unrelated, it makes no sense why Realtime would condition a stay of that case on the resolution of the objections to Judge Love's Transfer Order. But Realtime's stay of the Apple case on account of Teradata does make sense. Not only does Realtime's case against Apple involve U.S. Patent No. 7,415,530 (one of the patents-in-suit in this action), but the case against Apple is also quite literally a "Related Case[]" to both the action against Teradata (Case No.

2

6:15-cv-470-RWS-JDL) and the consolidated case (Civ. No. 6:15-cv-463-RWS-JDL), as shown on the docket of *REALTIME DATA, LLC d/b/a IXO v. Apple, Inc.*, Civ. No. 6:15-cv-00885-RWS-JDL.

Realtime also argues that Teradata is trying to delay the case by a year and obtain a "tactical *advantage* of observing motions and related hearings regarding the asserted patents" (*e.g.*, Opp at 3). This argument is not correct. Realtime has chosen to file additional lawsuits concerning the patents-in-suit. Thus, if Judge Schroeder were to ultimately agree with Realtime's objections to Judge Love's Transfer Order (and decline alternative transfer to CDCAL), Teradata is merely acknowledging that there is a case track that will be available for Realtime to pursue its action against Teradata without additional burden on Realtime.

Further, *Ambato Media, LLC v. Clarion Co.* cited by Realtime is inapposite. Realtime's Opp. 2–3. In that case, the movant sought stay pending reexamination, which "ha[d] barely entered its merit stage." *Ambato Media, LLC v. Clarion Co.*, No. 2:09-CV-242-JRG, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012). Judge Gilstrap found that "there is a strong likelihood that it may not finish until well after the current trial date" and that "a patentee can appeal a reexamination result," which "could therefore take several years to reach resolution." *Id*. To the contrary, however, motions to transfer are expected to be decided "before proceeding to any motion on the merits of the action." *In re Fusion-IO, Inc.*, 489 F. App'x 465, 466 (Fed. Cir. 2012) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30–31 (3d Cir. 1970) ("[I]t is not proper to postpone consideration of the application for transfer under § 1404(a) until discovery on the merits is completed, since it is irrelevant to the determination of the preliminary question of transfer.")); *see also In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) ("a trial court must first address

whether it is a proper and convenient venue before addressing any substantive portion of the case."). As such, there is no risk that Teradata's requested stay will extend for "several years" and Realtime will not be prejudiced by staying this case.

> B. <u>A stay is necessary to avoid potential duplicative litigation, which may unnecessarily cost the Court's and the Parties' resources.</u>

A brief stay pending resolution of Realtime's objections to Judge Love's Order will not only potentially preserve judicial resources but also prevent *both parties* from potentially incurring duplicative expenses. Realtime claims that "in light of the other six consolidated cases, this Court will have to decide the claim construction issues that will be before it **regardless** of Teradata's motion to transfer" and argues that "Teradata fails to present any unique claim construction issues to support its conclusory argument." *See* Realtime's Opp. 4 (emphasis in original). Realtime concludes that "the parties and judicial economy here would be served from denying Teradata's motion to stay because any discovery or development of the parties' respective merits would not go to waste even if this case were transferred." Realtime's Opp. 5. However, Realtime ignores the fact that there is an *outstanding order* transferring this case to California.

In essence, Realtime's Opposition is an attempt to have the Court proceed with claim construction before resolution of Realtime's objections to Judge Love's transfer order. This Court has rejected similar attempts. In *Chrimar Systems, Inc. v. Ruckus Wireless, Inc.*, the plaintiff sought reconsideration of the court's order granting defendant's motion to transfer to the NDCAL "to modify the order to order transfer effective upon the entry of the Court's claim construction order." 6:15-cv-00638-JRG-JDL, Dkt. 35, Dec. 30, 2015. In denying such request, Judge Gilstrap opined that "[t]he Court sees no benefit to delaying the transfer of this case until after the Court's claim construction order issues." *Id.* Judge Gilstrap concluded, "delaying

transfer until the entry of the claim construction opinion could very well present ***more complications*** for the California court to initiate and transition this matter" and "the California court is of course free to consider this Court's claim construction opinion [*i.e.,* regarding the defendants remaining in ED Texas] in the manner it deems fit." *Id.* (emphasis added).  Just so here, Realtime's Opposition potentially presents "more complications for the California court to initiate and transition this matter" if this case is not stayed.  To avoid such risk, the Federal Circuit and this Court have advised that the party seeking transfer should move to stay to avoid costly discovery and potentially wasting judicial resources while the resolution of the transfer motion is pending.  *See, e.g.*, In *re Fusion-IO, Inc.*, 489 F. App'x 465, 466 (Fed. Cir. 2012); *Nexus Display Technologies, LLC v. Dell, Inc.*, 2015 WL 5043069, at *5 (E.D. Tex. Aug. 25, 2015) (noting that a venue transfer movant "could have requested a stay of any of the previous deadlines—or discovery, for that matter—pending a ruling on its [transfer] motion").  That is precisely what Teradata has done.

Respectfully submitted:

Dated: March 24, 2016

*/s/ Elizabeth L. DeRieux*
Jamie R. Lynn
District of Columbia Bar No. 987740
Han Kyu Lee
District of Columbia Bar No. 1022280
**BAKER BOTTS LLP**
The Warner
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Mark.Whitaker@BakerBotts.com
Jamie.Lynn@BakerBotts.com
Mark.Zhai@BakerBotts.com
Han.Lee@BakerBotts.com

Ali Dhanani
Michelle J. Eber
Texas State Bar No. 24055400
**BAKER BOTTS LLP**
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
Ali.Dhanani@BakerBotts.com

Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 845-5770
ederieux@capshawlaw.com

Mark Laurence Whitaker
**MORRISON & FOERSTER LLP**
2000 Pennsylvania Avenue NW
Suite 6000
Washington, DC 20006-1888
Telephone: (202) 887-1507
Facsimile: (202) 783-7567
mwhitaker@mofo.com

*ATTORNEYS FOR DEFENDANT TERADATA OPERATIONS, INC.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 24th day of March, 2016, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail on this same date.

                                            */s/ Elizabeth L. DeRieux*
                                            Elizabeth L. DeRieux