**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>Plaintiff,<br><br>v.<br><br>ACTIAN CORPORATION et al.,<br><br>Defendants. | Case No. 6:15-cv-463-RWS-JDL<br><br>LEAD CASE |
| REALTIME DATA LLC d/b/a IXO,<br><br>Plaintiff,<br><br>v.<br><br>TERADATA CORPORATION and TERADATA OPERATIONS, INC.<br><br>Defendants. | Case No. 6:15-cv-470-RWS-JDL |

**PLAINTIFF REALTIME DATA LLC'S SURREPLY TO**
**DEFENDANT TERADATA OPERATIONS, INC.'S MOTION TO STAY**

I.      **INTRODUCTION**

Teradata's Reply (Dkt. No. 278) is more telling for what it does not say with respect to the relevant three-prong test for a stay.

For example, challenged to provide a single, specific example of any unique issues that would require unnecessary expenditure of Court or party resources if its request for stay were denied, Teradata still **could not point to any**.  This is fatal to its motion.  Instead of providing any specifics to meet its burden, Teradata argues that "[i]n essence, Realtime ignores the fact that there is an *outstanding order* transfer this case to California."  Reply at 4 (emphasis in original.) But that is both untrue and irrelevant.

There is more.  Teradata also gave **no response** to the fact that it will not suffer any hardship if its request for stay were denied.  Nor could it.  There is no expense or "hardship" Teradata would incur if its proposed stay were denied that Teradata would not have to incur in attempting to defend against its infringement in any event.

Moreover, Teradata has no meaningful response to the key facts regarding the prejudice and tactical disadvantages Realtime would suffer if Teradata's flawed request were granted.  For example, if a stay were granted at this stage of the instant consolidated actions, which are in the middle of claim construction discovery, there is a significant and unnecessary risk that Teradata would not be able to continue on the same track as the other defendants.  Instead of addressing these facts, Teradata repeatedly (and tellingly) constructs irrelevant arguments and strawmen. For example, Teradata attempts to meet its burden by pointing to the stay in the different *Realtime Data, LLC v. Apple, Inc*., No. 15-cv-00885-RWS-JDL case.  But those attempts fail because Teradata again ignores relevant, significant differences between the procedural posture of this case and the *Apple* case.

1

At bottom, Teradata has fallen well short of meeting its burden of demonstrating that there is one good reason for its proposed stay, let alone showing a "genuine necessity" for it.

## II.   TERADATA HAS FAILED TO DEMONSTRATE THAT ITS PROPOSED STAY IS APPROPRIATE, LET ALONE NECESSARY

Where a party moves for a stay, that party "bears a heavy burden to show why a stay should be granted" and that the request is "supported by a genuine necessity." *E.g., Sierra Club v. Fed. Emergency Mgmt. Agency*, 2008 U.S. Dist LEXIS 47405 at *19-20 (S.D. Tex. June 11, 2008). Teradata's Reply only confirms that each of the relevant factors weigh against its request for stay.

### A.   Given A Second Opportunity To Do So, Teradata Still Cannot Point To Any Specific "Duplicative Litigation" That Would Result If Its Motion Is Denied

In its Motion, Teradata only presented one argument on this factor. Specifically, Teradata argued that if its motion to transfer were ultimately granted, this Court would have decided unnecessary issues (e.g., claim construction) that is supposedly unique to Teradata. Motion at 3. In its Opposition, Realtime challenged Teradata to identify any such "unique [] issues to support its conclusory argument." Opposition at 4. Given a second opportunity to do so in its Reply, Teradata could not **point to a single one**. This is fatal to its request for a stay.

Rather than point to any specific "duplicative litigation," Teradata wrongly argues that Realtime's Opposition "is an attempt to have the Court proceed with claim construction before resolution of Realtime's objections to Judge Love's transfer order." Reply at 4. Realtime, of course, has attempted no such thing. Realtime merely opposes Teradata's unnecessary, prejudicial, and delayed request for a stay. In fact, it is hard to imagine a scenario where Teradata would be transferred over six or seven months from now, which is the earliest approximate time the parties can expect a *Markman* order.

2

Teradata also argues that "[i]n essence, Realtime ignores the fact that there is an *outstanding order* transfer this case to California." Reply at 4 (emphasis in original.) But that is untrue. There would be no briefing on these issues if Realtime were truly ignoring the prior order. At any rate, Teradata's argument is also irrelevant—to this factor or any factor, for that matter. Specifically, it does not in any way show any specific "duplicative litigation," which is what Teradata was required—but failed—to do. These facts alone distinguish this case from the inapposite *Chrimar System, Inc. v. Ruckus Wireless, Inc*. case Teradata cites. Reply at 4.

If anything, the parties and judicial economy here would be served from denying Teradata's motion to stay because any discovery or development of the parties' respective merits would not go to waste even if this case were transferred. Teradata's flawed arguments aside, this fact is true with respect to both claim construction and any fact discovery.

### B.    Teradata Appears To Concede (As It Should) That It Will Not Suffer Any Hardship If Its Request For Stay Is Denied

Teradata has **no response** to Realtime's arguments that Teradata will not incur "significant expenses" or any other hardship if Teradata's Motion is denied. This is not surprising. There is no real expense or "hardship" Teradata would incur if its proposed stay were denied that Teradata would not have to incur in any event. In other words, Teradata would have to spend resources developing its claim construction positions and its defenses in any event, regardless of the location of the district court in which Realtime's case against Teradata ultimately may be tried. This likewise is fatal to Teradata's motion.

### C.    In Continuing To Incorrectly Argue That Its Proposed Stay Would Not Prejudice Realtime, Teradata Ignores Key Facts

Instead of addressing Realtime's prejudice if a stay were granted in this case, Teradata repeatedly (and tellingly) attempts to meet its burden by pointing to the stay in *Realtime Data,*

*LLC v. Apple, Inc.*, No. 15-cv-00885-RWS-JDL.  Reply at 2.  Those attempts fail.  That case is meaningfully different from this case on the issue of prejudice.  Most significantly, the *Apple* case is in its very early stages and does not involve any other defendants.  Therefore, a stay would not take Apple off any pending track of consolidated cases, or force Realtime to litigate against Apple in a separated action that could be significantly delayed.

Teradata ignores these key facts and argues that the stay in the *Apple* case will last "**exactly as long** as the stay that Teradata is requesting." *Id*. (emphasis in original).  This is misleading.  If a stay were granted at this stage of the instant consolidated actions, which are in the middle of claim construction discovery, there is a significant and unnecessary risk that Teradata would not be able to continue on the same track as the other defendants in these consolidated actions.  In that case, there likely could be only two potential outcomes, each of which would be prejudicial and inefficient.  Specifically, either: (1) Realtime and this Court would be forced to have a separate action against Teradata—one that is not consolidated with any other related case and lags the instant consolidated actions; or else (2) Teradata would be added to the recently filed 2016 cases, as it suggested in its opening brief, which likely would result in a delay of approximately one year.  In its Reply, Teradata chooses to ignore these outcomes and the resulting prejudice, but that does not mean they will not occur.  They will.

Teradata also misdirects in its attempt to distinguish *Ambato Media*.  That case stands (and was cited by Realtime) for the simple point that Realtime "has an interest in the timely enforcement of its patent rights." *Ambato Media, LLC v. Clarion Co., Ltd*., Case No. 2:09-cv-242-JRG, 2012 WL 194172 at *1 (E.D. Tex. Jan. 23, 2012).  Any difference in the circumstances surrounding the proposed stay in *Ambato Media* does not change this indisputable point, particularly where the proposed stay here could result in a delay of about one year.

4

## III.    CONCLUSION

For the foregoing reasons, as well as those in Realtime's Opposition (Dkt. No. 277), this Court should deny Teradata's Motion to Stay.

Dated: March 25, 2016                     RUSS AUGUST & KABAT

                                          /s/ *Reza Mirzaie*
                                          Marc A. Fenster (CA SBN 181067) Lead Attorney
                                          Email: mfenster@raklaw.com
                                          Reza Mirzaie (CA SBN 246953)
                                          Email: rmirzaie@raklaw.com
                                          Brian D. Ledahl (CA SBN 186579)
                                          Email: bledahl@raklaw.com
                                          Jeffrey Z.Y. Liao (CA SBN 288994)
                                          Email: jliao@raklaw.com
                                          Email: C. Jay Chung (CA SBN 252794)
                                          Email: jchung@raklaw.com
                                          Adam S. Hoffman (CA SBN 218740)
                                          Email: ahoffman@raklaw.com
                                          John K. Woo (CA SBN 281132)
                                          Email: jwoo@raklaw.com
                                          Paul A. Kroeger (CA SBN 229074)
                                          Email: pkroeger@raklaw.com
                                          RUSS AUGUST & KABAT
                                          12424 Wilshire Boulevard, 12th Floor
                                          Los Angeles, CA 90025
                                          Telephone: 310/826-7474
                                          Facsimile 310/826-6991

                                          T. John Ward, Jr. (TX SBN 00794818)
                                          E-mail: jw@wsfirm.com
                                          Claire Abernathy Henry (TX SBN 24053063)
                                          E-mail: claire@wsfirm.com
                                          WARD, SMITH & HILL, PLLC
                                          1127 Judson Road, Suite 220
                                          Longview, Texas 75601
                                          Tele: 903/757-6400
                                          Facsimile 903/757-2323

                                          **Attorneys for Plaintiff**
                                          **REALTIME DATA LLC d/b/a IXO**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile, and/or first class mail on this date.

Dated: March 25, 2016                                   /s/ *Reza Mirzaie*
                                                        Reza Mirzaie