IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA LLC d/b/a IXO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL NO. 6:15-CV-463-RWS-JDL |
| vs. | § | |
| | § | |
| ACTIAN COPORATION et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Stay Pending *Inter Partes* Review (Doc. No. 303).[1] Plaintiff ("Realtime") filed a response (Doc. No. 314). Having considered the parties' arguments and for the reasons set forth below, Defendants Motion to Stay is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

On May 8, 2015, Realtime filed its original complaint against Defendants alleging infringement of three of Realtime's patents. Doc No. 1. Subsequently, Realtime expanded its complaint to allege infringement of five total patents.[2] Doc. Nos. 100–107. On December 22, 2015, Defendants began filing petitions for *Inter Partes* Review ("IPR") with the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO"), seeking cancellation of multiple claims pursuant to 35 U.S.C. § 311 and 37 C.F.R. §§ 42.1 *et seq*. Doc. No. 303-3. The final IPR petition was filed on May 5, 2016. Doc. No. 303-11. In total,

---

[1] Defendants in this action are: Oracle America; Dell Inc.; Riverbed Technology, Inc.; SAP America, Inc.; Sybase, Inc.; Hewlett Packard Enterprise Co.; HP Enterprise Services, LLC; Teradata Operation, Inc.; EchoStar Corporation; and Network Systems, LLC.
[2] Realtime alleges that each of the Defendants has infringed one or more of the following patents: (1) U.S. Patent No. 7,378,992; (2) U.S. Patent No. 7,415,530; (3) U.S. Patent No. 8,643,513; (4) U.S. Patent No. 9,116,908; and (5) U.S. Patent No. 6,587,812.

1

Defendants filed ten IPR petitions to cancel claims in all five of Realtime's patents. *See* Doc. No. 303 at 7. The PTAB is required to determine whether it will institute the first-filed IPR petition by July 8, 2016.[3] Doc. No. 314 at 5. Assuming the PTAB waits until the deadline to institute the first-filed IPR petition, the PTAB must issue a decision on the first-filed IPR by July 8, 2017 (within one year of the date the petition was instituted).[4] 35 U.S.C. § 316(a)(11). Defendants filed the instant motion on May 19, 2016, requesting a stay of all proceedings in this case until final resolution of the filed IPRs.

## **LEGAL STANDARD**

"Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion" of a PTO administrative proceeding. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). The party seeking a stay bears the burden of showing that such a course is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936). A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the individual case before the court. *See, e.g., Datatreasury Corp. v. Wells Fargo & Co.*, 490 F.Supp.2d 749, 755 (E.D. Tex. 2006). While the case law states several general considerations that are helpful in determining whether to order a stay, ultimately the Court must decide stay requests on a case-by-case basis. *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. 06–cv–04206–WHA, 2007 WL

---

[3] The deadline for the PTAB to decide whether to institute an IPR petition is three months after Realtime filed its preliminary response with the PTAB. 35 U.S.C.A. § 314(b). Accordingly, Realtime asserts that July 8, 2016 is the deadline for the PTAB to decide whether to institute Defendants' first-filed IPR. Doc. No. 314 at 5. Defendants have not contested this deadline. *See* Doc. No. 303.

[4] However, pursuant to 35 U.S.C. § 316(a)(11), the PTAB could extend the one-year deadline by six months for good cause. If the PTAB did apply the six month extension, the PTAB would have until January 8, 2018 to make a decision, approximately seven and a half months after the scheduled trial date of May 22, 2017.

1052883, at * 1 (N.D. Cal. Apr. 5, 2007) ("From a case management perspective, the possible benefits must be weighed in each instance against the possible drawbacks."). Though a stay is never required, it may be "particularly justified where the outcome of the [administrative proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [administrative proceeding], would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005) (*citing Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Indeed, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration." *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985). Nevertheless, there is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule "would invite parties to unilaterally derail litigation." *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005); *See also Comcast,* 2007 WL 1052883, at *1 ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner."). In deciding whether to stay a given action, courts frequently consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain*, 356 F.Supp.2d at 662.

## DISCUSSION

The Court has inherent discretion whether to grant a stay in patent litigation pending IPR. *See Ethicon*, 849 F.2d at 1426–27. A final decision is made with "an eye toward maintaining an even balance between the competing interests of the parties at issue." *TruePosition, Inc. v.*

*Polaris Wireless, Inc.*, C.A. No. 12-646, 2013 WL 5701529, at *2 (D. Del. Oct. 21, 2013) (*citing SoftView LLC v. Apple, Inc.,* C.A. No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at *6–7 (D. Del. July 26, 2012).

I.  **Undue Prejudice to Plaintiff**

Defendants argue that Realtime will not suffer undue prejudice if the Court grants a stay pending IPR because Realtime is a non-practicing entity that does not compete with Defendants or sell products that practice the asserted patents. Doc. No. 303 at 11. Further, Defendants argue that Realtime can be adequately compensated by money damages for any harm suffered during the PTAB proceedings, and therefore a stay is unwarranted. *Id.* Realtime counters that the delay resulting from a stay would run directly against Realtime's interest in the timely enforcement of its patent rights. Doc. No. 314 at 5. Specifically, Realtime points out that the PTAB is not required to issue a decision regarding whether it will institute the first-filed IPR petition until July 8, 2016—the day after the *Markman* hearing in this case—and that even if the PTAB institutes the IPRs at that time, it is possible for the IPR proceedings to take longer than a full year. *Id.* at 5–6. Realtime further argues that any potential delay could be exacerbated by an appeal to the Federal Circuit, which could extend Defendants' challenge to Realtime's patents until as late as 2019. *Id.*

The fact that Realtime is a non-practicing entity and is merely pursuing monetary damages would not preclude Realtime from experiencing prejudice if the Court granted Defendants' motion to stay. *See Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.,* 2015 WL 627887, at *2 (E.D. Tex. Jan. 29, 2015) ("The mere fact that [plaintiff] is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date."). Realtime has an interest in the timely enforcement of its

4

patent rights. *Ambato Media, LLC v. Clarion Co., Ltd,* 2:09-cv-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012); *Voltstar Technologies, Inc. v. Superior Commc'ns, Inc.,* 2:12-cv-00082, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013). Assuming the PTAB institutes the first-filed IPR petition by July 8, 2016, an IPR decision may not be issued until July 8, 2017. 35 U.S.C. § 316(a)(11). Further, because the July 8, 2017 deadline could be extended by six months for good cause, a stay could delay this case until January 8, 2018, which is well beyond the scheduled trial date of May 22, 2017. *Id.* The delay could be further exacerbated if Defendants invoke their right to appeal the PTAB's decision to the Federal Circuit. 35 U.S.C. § 141(c). Such a lengthy delay will result in significant prejudice to Realtime and, therefore, this factor weighs against a stay.

## II.     Simplification of the Issues

As Realtime points out, the PTAB has not yet granted any of Defendants' petitions for IPR. Doc. No. 314 at 2. The Court is reluctant to grant a stay where the IPR petition has yet to be granted. *See Lennon Image Techs., LLC v. Lumondi, Inc.*, No. 2:13-cv-238, at 2–3 (E.D. Tex. Jan. 6, 2014). Because the PTAB has not granted any of the petitions, Defendants' assertion that the PTAB will invalidate the claims of the patent—and therefore simplify the issues—is purely speculative. Doc. No. 303 at 13. Accordingly, this factor weighs against a stay.

## III.    Status of the Case

Defendants argue that a stay is warranted because this case is still in its early stages. Doc. No 303 at 12. Defendants state that: (1) "fact discovery remains open;" (2) "[e]xpert discovery has not yet begun;" (3) "[t]he claims have not yet been construed;" and (4) "trial is over a year away." *Id.* As noted by Realtime, however, this case has been pending "since May 2015 – more than one year." Doc. No. 314 at 8. Further, Realtime asserts that it "has submitted

5

its opening *Markman* brief;" and both parties have "engaged in discovery, including document production, source code inspection, and fact depositions." *Id.* at 8.

"The Court may deny a request for a stay where the movant has unjustifiably delayed seeking reexamination." *See Trover Grp., Inc. v. Dedicated Micros USA*, 2015 WL 1069179, at *3 (E.D. Tex. Mar. 11, 2015) (*citing Polaris Indus., Inc. v. BRP U.S. Inc.*, 2012 WL 5331227, at *2 (D.Minn. Oct. 29, 2012). All Defendants waited between seven and eleven months to file their IPR petitions and between one month and seven months after the petitions to file the current motion, which demonstrates a lack of diligence on the part of the Defendants, and they have not attempted to provide an explanation for this unjustifiable delay. Moreover, this case has proceeded through significant discovery, *Markman* briefing is underway and a *Markman* hearing is less than a month away. For these reasons, this factor also weighs against stay.

## CONCLUSION

On balance, the relevant factors in this case favor denying a stay. For these reasons, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion to Stay (Doc. No. 303). Accordingly, this case shall proceed in accordance with the Amended Docket Control Order (Doc. No. 312). However, Defendants may reurge their motion if warranted by developments in the PTAB.

So ORDERED and SIGNED this 14th day of June, 2016.

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE