**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **REALTIME DATA LLC d/b/a IXO,** | |
| Plaintiff, | |
| | **Civil Action No. 6:15-CV-463-RWS-JDL** |
| v. | |
| | **LEAD CASE** |
| **ACTIAN CORPORATION, et al.,** | |
| Defendants. | **JURY TRIAL DEMANDED** |

**DEFENDANT DELL INC.'S OPPOSITION TO REALTIME DATA LLC'S OPPOSED MOTION FOR LEAVE TO SUPPLEMENT INFRINGEMENT CONTENTIONS AS TO DEFENDANT DELL INC.**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 2

    i. Realtime was not diligent in providing amended contentions. ............................... 3

    ii. Dell will suffer undue prejudice if Realtime amends its contentions. .................... 6

    iii. Realtime has failed to show that its amendment is sufficiently important. ............ 7

    iv. A continuance will not cure Dell's prejudice but is appropriate if the Court permits Realtime to amend its contentions. ............................................................ 9

III. CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adaptix, Inc. v. T-Mobile USA, Inc.*,
  No. 6:12-cv-369 (E.D. Tex. Nov. 12, 2014) ............................................................................7

*Azure Networks, LLC v. CSR PLC*,
  No. 6:11-cv-139-LED-JDL, Dkt. No. 261 (E.D. Tex. Dec. 4, 2012) .....................................5,6

*Cell & Network Selection LLC v. AT&T Inc.*,
  2014 WL 10727108 (E.D. Tex. Nov. 10, 2014) ....................................................................6, 8

*Garmin Ltd. v. Tomtom, Inc.*,
  2007 WL 2903843 (E.D. Tex. Oct. 3, 2007) .............................................................................8

*Motion Games, LLC v. Nintendo Co.*,
  No. 6:12-CV-878-RWS-JDL, 2015 WL 1774448 (E.D. Tex. Apr. 16, 2015) .......................2, 8

*Performance Pricing, Inc. v. Google Inc.*,
  Case No. 07-cv-432-JDL, D.I. 238 (E.D. Tex. Sept. 15, 2009) .................................................4

*Realtime Data LLC v. Packeteer, Inc.*,
  No. CIV.A. 6:08CV144, 2009 WL 2590101 (E.D. Tex. Aug. 18, 2009) ..................................8

*Softvault Sys., Inc. v. Microsoft Corp.*,
  No. 2:06-CV-16, 2007 WL 1342554 (E.D. Tex. May 4, 2007) ................................................4

*STMicroelectronics v. Motorola*, *Inc.*,
  307 F. Supp. 2d 845 (E.D. Tex. 2004) ......................................................................................4

**Other Authorities**

Local P.R. 3-6(a) ........................................................................................................................2, 5

Local P.R. 3-6(b) ............................................................................................................................2

## I. INTRODUCTION

Realtime Data LLC d/b/a IXO's ("Realtime") has failed to show good cause to amend its infringement contentions.

First, contrary to Realtime's Motion For Leave to Supplement Infringement Contentions as to Defendant Dell Inc. ("Motion")(Dkt. # 319), Realtime was not diligent in seeking leave to amend. Realtime's actual delay has been, at minimum, over seven months. The documents Realtime cited in its September 2015 infringement contentions indicate that Realtime had sufficient information to formulate any doctrine of equivalents theories. Further, Realtime deposed a Dell technical witness in November 2015, and Dell produced its technical documents in December 2015. Realtime has had significant information regarding the operation of Dell's accused products since at least then. Nonetheless, Realtime waited until late April 2016 to even contact Dell about supplementing Realtime's infringement contentions.

Second, Dell will suffer unfair prejudice if Realtime is allowed to amend its infringement contentions. Because Realtime waited to propose to add the doctrine of equivalents to its contentions until well after Dell served, and subsequently narrowed, its invalidity contentions, Dell had no reason to identify prior art directed towards ensnarement or even present an ensnarement defense. At a minimum, to reduce the prejudice Dell will suffer, this Court should permit Dell to amend its invalidity contentions.

Third, Realtime has not shown that adding the doctrine of equivalents to its infringement contentions is sufficiently important to allow the amendment. Realtime offers no specific reason why this amendment is important for its case. Furthermore, the prejudice Dell will suffer, combined with Realtime's lack of diligence, overwhelms the alleged importance of Realtime adding doctrine of equivalents to its contentions.

Finally, a continuance will not cure the prejudice Dell suffers. Dell has already expended significant energy and resources defending this case, and a continuance will not cure the efforts that will need to be redoubled should Realtime amend its contentions. Nonetheless, discovery closes in less than ninety days, so if Realtime does amend, a continuance will become necessary for Dell to pursue any additional discovery.

Before Realtime even filed its Motion, Dell sought to avoid burdening the Court with unnecessary opposed discovery motions practice. Dell proposed to Realtime that Dell would not oppose Realtime's proposed amendments if Realtime did not oppose Dell's proposed amendments to its invalidity contentions. Realtime rejected Dell's offer. Accordingly, Dell filed this motion because Realtime has failed to show good cause to amend its contentions under P.R. 3-6(b), and thus the Court should deny Realtime's Motion.

II. ARGUMENT

Realtime has not met its burden to show good cause to amend its infringement contentions based on the standards set forth under the local rules and this Court's decisions.

Local Patent Rule 3-6(b) states, "[a]mendment or supplementation [of] any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause." This Court has used the following factors to determine whether to allow a party to supplement infringement contentions: (1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-878-RWS-JDL, 2015 WL 1774448, at *1 (E.D. Tex. Apr. 16, 2015).

As discussed below, none of these four factors weighs in favor of allowing Realtime to amend its contentions. This Court should deny Realtime's Motion.

### i. *Realtime was not diligent in providing amended contentions.*

Realtime was not diligent in proposing to amend is contentions. First, Realtime has had a significant amount of information regarding the operation of Dell's accused products for at least seven months and has learned no new facts through Dell's non-infringement interrogatory response or its claim construction positions. Second, the authority that Realtime relies upon in its Motion does not support amending its infringement contentions in this case. And finally, Realtime's reliance on Dell's claim construction positions is inappropriate at this point in the litigation. Because Realtime was not diligent, this Court should not permit Realtime to amend its contentions.

First, Realtime's delay is significant. Realtime alleges that it was diligent because it provided a redlined version of its proposed supplemental infringement contentions to Dell after Dell served its non-infringement interrogatory response and the parties filed the Joint Claim Construction brief.[1] However, for more than seven months, Realtime has had more than sufficient information about how Dell's accused products operate to formulate any theories it may have as to the doctrine of equivalents. Most of the information regarding Dell's products that is relevant to this litigation is publicly available, as evidenced in Realtime's September 2015 infringement contentions. Additionally, Dell has produced non-public documents on a rolling basis, including a large technical document production in December 2015. More importantly, Realtime deposed a Dell technical witness on November 13, 2015, and Realtime's expert spent

---

[1] Dell did not simply refuse to respond to Realtime's Interrogatory No. 3 as Realtime argues. Dell initially objected to this interrogatory as overly burdensome and premature as a matter of expert discovery. After some discussion with Realtime, Dell agreed to provide a response to Interrogatory No. 3.

three days reviewing Dell's source code on February 23-25, 2016. Dell's non-infringement interrogatory response and claim constructions provided no further information or details about Dell's accused products that could have served as a basis for Realtime to formulate its doctrine of equivalents theories, and Realtime points to none. As such, the Court should deny Realtime's Motion. *See STMicroelectronics v. Motorola*, *Inc.*, 307 F. Supp. 2d 845, 850-51 (E.D. Tex. 2004) (denying a motion to supplement infringement contentions, and finding lack of diligence because STM failed to identify new information that would have warranted the amendment). *See also Softvault Sys., Inc. v. Microsoft Corp.*, No. 2:06-CV-16, 2007 WL 1342554, at *1 (E.D. Tex. May 4, 2007) (noting that there was no new information that justified granting the motion to supplement).

Second, having no new facts upon which to rely, Realtime argues that it is entitled to amend its infringement contentions to add the doctrine of equivalents because it had "no information as to Defendant's non-infringement *positions*" until April 2016. (Motion at 3) (emphasis added). However, Realtime cites no rules or case law to support its position that simply learning of Dell's non-infringement and/or claim construction positions is a sufficient basis to allow amendment of infringement contentions.

For example, Realtime analogizes this case to *Performance Pricing, Inc. v. Google Inc.*, Case No. 07-cv-432-JDL, D.I. 238 (E.D. Tex. Sept. 15, 2009). In *Performance Pricing,* the court allowed the plaintiff to amend its contentions; however, the plaintiff based its amendments on factual information newly learned through the defendant's interrogatory responses *and* the deposition of the defendant's 30(b)(6) witness. The *Performance Pricing* opinion notes that the defendant disclosed <u>details about the accused system</u> that the plaintiff used to formulate its doctrine of equivalents theory. *Id.* at *4 (emphasis added). Unlike in *Performance Pricing,* as

4

detailed above, Realtime's amendments are not based on newly learned facts. Instead, Realtime's amendments are allegedly based on Dell's non-infringement interrogatory response, which provided no further factual details, and Dell's claim construction positions. Realtime has actually known that Dell believes its products do not infringe since at least July 2015, when Dell first filed an Answer denying the alleged infringement. Thus, Realtime's reliance on Dell's positions merely diverts from the fact that Realtime delayed in bringing its Motion and has no basis to amend its contentions at this late date. As such, the Court should not permit Realtime to amend its contentions.

Finally, Realtime's reliance on Dell's claim construction positions is inappropriate here. There is already a mechanism in place for Realtime to amend its contentions based on claim construction. The local rules provide an opportunity for Realtime to potentially amend its contentions based on the Court's claim construction decision under certain circumstances. *See* P.R. 3-6(a) (allowing a party, in good faith, to amend its infringement contentions after a claim construction ruling in limited circumstances). This opportunity is not yet available to Realtime because this Court has not yet ruled on claim construction. *Azure Networks, LLC v. CSR PLC*, No. 6:11-cv-139-LED-JDL, Dkt. No. 261 at 3 (E.D. Tex. Dec. 4, 2012) (denying plaintiff's motion to amend infringement contentions based on claim construction positions as premature). Further, Realtime has cited no legal basis for its argument that learning of Dell's claim construction positions supports amending its contentions.[2] In fact, this Court has stated that "the better course is to wait until the Court has adopted a final construction that would give the party a basis to move on that account" and "[i]f Plaintiffs feel a particular claim construction is the basis for amendment, then that amendment should come after the Court has adopted its final

---

[2] Realtime cites E.D. Tex. Local P.R. 3-6(a), but does not appear to make any arguments based on this rule. Nonetheless, this rule is inapplicable to this case because the Court has not yet ruled on claim construction.

5

Claim Construction Order." *Id.* Moreover, Realtime's reliance on *Cell & Network Selection LLC v. AT&T Inc.*, 2014 WL 10727108, *3 (E.D. Tex. Nov. 10, 2014) is misplaced. In that case, the court had already ruled on claim construction, and the opinion does not set forth any rule stating that learning of a party's claim construction positions is sufficient to show good cause or start the clock for diligence. The citation that Realtime quotes is limited to the facts of that case:

> Although the Court is concerned about encouraging late-hour amendments of infringement contentions, under the circumstances of this case, CNS was not required to incorporate Defendants' contrasting proposed constructions in its infringement contentions prior to those constructions being adopted by the Court.

*Cell & Network Selection LLC v. AT&T Inc.*, 2014 WL 10727108, *3 (E.D. Tex. Nov. 10, 2014). This quote does not stand for the general proposition that learning of claim construction positions provides good cause grounds for amending infringement contentions. The quote describes the particular circumstances of that case, in which the court had already ruled on claim construction. Therefore, Realtime's reliance on Dell's claim construction positions to support its motion to supplement its infringement contentions is unsupported, and the Court should disregard it.

Based on the foregoing, Realtime has failed to show that it was diligent in bringing its motion to supplement its infringement contentions.

### ii. *Dell will suffer undue prejudice if Realtime amends its contentions.*

Allowing Realtime to amend its contentions would unfairly prejudice Dell because Realtime's delay has cost Dell, at least, the opportunity to prepare an ensnarement defense.

Realtime attempts to downplay its amendments by stating that it is "only" adding doctrine of equivalents and not adding claims or products. Yet, Dell has already served its invalidity contentions and even narrowed its selection of prior art without the benefit of considering the doctrine of equivalents. Moreover, allowing Realtime to add the doctrine of

equivalents now would prevent Dell from adequately supporting an ensnarement defense. Because Realtime had not asserted the doctrine of equivalents when Dell served its invalidity contentions in December 2015 (almost seven months after Realtime filed its Complaint), Dell had not even evaluated prior art for a possible ensnarement defense. Thus, due to Realtime's delay in asserting the doctrine of equivalents, Dell may not have identified prior art that could present a strong ensnarement defense. Dell submits that this prejudice alone is sufficient to deny Realtime's motion.

At a minimum, if Realtime amends its contentions, the Court should permit Dell to amend its invalidity contentions to identify possible prior art for ensnarement and as Dell has requested in its Motion for Joinder of Defendants Motion for Leave to Supplement Their Invalidity Contentions (Dkt. #327). In fact, Dell attempted to avoid burdening the Court with unnecessary opposed discovery motions practice altogether by proposing to Realtime that Dell would not oppose Realtime's proposed amendments if Realtime did not oppose Dell's proposed amendments to its invalidity contentions. Realtime rejected Dell's offer.

The prejudice Dell will suffer weighs in favor of denying Realtime's motion to amend, or at a minimum, permitting Dell to amend its invalidity contentions.

### iii. *Realtime has failed to show that its amendment is sufficiently important.*

Realtime has not shown that adding the doctrine of equivalents is sufficiently important to allow amending Realtime's infringement contentions. Although the doctrine of equivalents may provide an alternative theory of infringement, Realtime has not explained why it is necessary to this case. *Adaptix, Inc. v. T-Mobile USA, Inc.*, No. 6:12-cv-369 (E.D. Tex. Nov. 12, 2014) (Dkt. 185) at 5 (denying plaintiff's motion for leave to supplement infringement contentions with doctrine of equivalent theories noting that plaintiff did not explain why its

7

proposed amendments were critical to the case). Realtime simply states that the doctrine of equivalents is important because it provides Realtime an alternative theory of infringement, but Realtime never states why it needs an alternative theory of infringement. For example, Realtime relies on the *Motion Games* case for stating that doctrine of equivalents is an important amendment. However in *Motion Games*, the amendments were allowed, at least in part, because they were based on newly discovered factual information. The amendments were not allowed simply because the doctrine of equivalents is generally important with no other support, as Realtime has argued. *See Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-878-RWS-JDL, 2015 WL 1774448, at *3 (E.D. Tex. Apr. 16, 2015) ("After reviewing the PixArt source code . . . Motion Games also provides additional details on the operation of the Wii remote . . . . Accordingly, the amendments are important . . . .").[3] Realtime makes no similar arguments here. Further, a doctrine of equivalents theory was available to Realtime from the outset of the case, but Realtime *chose* not to pursue it until now. As mentioned above, Realtime had more than sufficient information to pursue that theory for at least seven months. Realtime's lack of diligence in seeking leaving to amend, combined with the prejudice Dell would face as described above, outweigh the importance of Realtime's amendments to its infringement contentions. *See, e.g., Realtime Data LLC v. Packeteer, Inc., et al.* No. CIV.A. 6:08CV144, 2009 WL 2590101, at *7 (E.D. Tex. Aug. 18, 2009) (holding that "Plaintiff's lack of diligence in seeking leave to amend, combined with the severe prejudice Defendants would face . . . outweighs the importance of allowing the proposed amendments.").

---

[3] Realtime's reliance on *Cell & Network Selection*, 2014 WL 10727108 and *Garmin Ltd. v. Tomtom, Inc.*, 2007 WL 2903843 (E.D. Tex. Oct. 3, 2007) are similarly misplaced. In *Cell & Network Selection,* the Court noted that "absent the Second Amended Infringement Contentions, the [claim construction report] negates any possibility of infringement." 2014 WL 10727108. at *3. Thus, the amendments were sufficiently important in that case. In *Garmin,* the amended contentions were also based on the plaintiff learning of new facts through deposition testimony of Defendant's witness. 2007 WL 2903843 at *7.

Thus, as Realtime has failed to show that adding a doctrine of equivalents theory is important, this factor does not weigh in favor of allowing the amendment.

> *iv.* ***A continuance will not cure Dell's prejudice but is appropriate if the Court permits Realtime to amend its contentions.***

A continuance will not cure the prejudice Dell will face if Realtime amends its contentions. Dell has already expended substantial effort, time, and resources on its invalidity contentions and claim construction positions. Even if Dell is permitted to amend its invalidity contentions, a continuance still might not cure the prejudice Dell faces. If this Court permits Realtime to amend its contentions, a continuance is necessary because discovery closes in less than 90 days. The continuance would provide time for Dell to identify additional prior art and develop any ensnarement defense and provide time for any further necessary discovery.

### III. CONCLUSION

For at least the foregoing reasons, Dell respectfully requests that this Court deny Realtime's motion for leave to supplement its infringement contentions.

Dated: July 8, 2016

By: */s/ _Deron R. Dacus_____*

Deron R. Dacus
Texas Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
(903) 705-7232
ddacus@DacusFirm.com

Thomas M. Dunham
D.C. Bar No. 448407
J. Michael Woods
D.C. Bar No. 975433
Corrine M. Saylor (pro hac vice)
D.C. Bar No. 997638

Winston & Strawn LLP

>1700 K Street, N.W.
>Washington, DC 20006
>Telephone: (202) 282-5000
>Fax: (202) 282-5100
>TDunham@winston.com
>MWoods@winston.com
>CSaylor@winston.com
>
>*Attorneys for Defendant, Dell Inc.*

## Certificate of Service

The undersigned hereby certifies that all counsel of record are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

>*/s/Deron R. Dacus*
>*Deron R. Dacus*