**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO, <br><br> Plaintiff, <br> v. <br> ORACLE AMERICA, INC., <br><br> Defendant. | Case No. 6:16-cv-088-RWS-JDL <br> LEAD CASE <br><br> **JURY TRIAL DEMANDED** |
| REALTIME DATA LLC d/b/a IXO, <br><br> Plaintiff, <br> v. <br> ORACLE AMERICA, INC., HEWLETT-PACKARD COMPANY, and HP ENTERPRISE SERVICES, LLC, <br><br> Defendants. | Case No. 6:15-cv-467-RWS-JDL <br> MEMBER CASE <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT ORACLE AMERICA, INC.'S OPPOSITION TO PLAINTIFF REALTIME DATA LLC'S MOTION FOR LEAVE TO SUPPLEMENT INFRINGEMENT CONTENTIONS AS TO DEFENDANT ORACLE AMERICA, INC.**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 1

II.    BACKGROUND ................................................................................................................. 1

III.    ARGUMENT ....................................................................................................................... 2

    A.    Realtime Provides No Justifiable Explanation for Its Lack of Diligence ......................... 3

    B.    Realtime's Supplement Is Not Important .......................................................................... 6

    C.    Oracle Will Suffer Prejudice If Amendment Is Allowed ................................................. 7

    D.    Continuance Will Not Cure the Prejudice to Oracle ........................................................ 9

IV.    CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Adaptix, Inc. v. T-Mobile USA, Inc.*, No. 6:12-cv-369 (E.D. Tex. Nov. 12, 2014) .................3, 7, 8

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558 (E.D. Tex. 2005) ...........................................................................................................................3

*Apple Inc. v. Samsung Electronics Co. Ltd.*, No. 12–CV–0630, 2013 WL 3246094 (N.D. Cal. Jun. 26, 2013) ..........................................................................................4, 5

*Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526 (E.D. Tex. 2005) .....................................3

*Fujifilm Corporation v. Motorola Mobility LLC*, No. 12–cv–03587, 2015 WL 757575 (N.D. Cal. Feb. 20, 2015)..................................................................................4

*Garmin, Ltd. v. TomTom, Inc.*, No. 2:06–cv–338, 2007 WL 2903843 (E.D. Tex. Oct.3, 2007) ..............................................................................................................3

*Georgetown Rail Equipment Co. v. Holland L.P.*, No. 6:13-cv-366-JDL (E.D. Tex. Oct. 7, 2014) ................................................................................................6

*Imperium IP Holdings v. Samsung Electronics Co. Ltd., et al.*, No. 14-371, 2016 U.S. Dist. LEXIS 41762 (E.D. Tex. Mar. 30, 2016)..........................................................8

*Innovative Display Technologies LLC v. Acer Inc. et al.,* No. 2:13-cv-00522 (E.D. Tex. Jun. 19, 2014) ............................................................................................7, 8

*Motion Games, LLC v. Nintendo Co., Ltd.*, No. 6:12–cv–878–RWS–JDL, 2015 WL 1774448 (E.D. Tex. April 16, 2015).............................................................................6

*MyMedicalRecords Inc. v. Quest Diagnostics Inc.*, No. 2:13–cv–02538, 2014 WL 3736527 (C.D. Cal 2014) ...........................................................................................4

*Nike, Inc. v. Adidas America Inc.*, 479 F. Supp. 2d 664 (E.D. Tex. 2007)......................................5

*O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355 (Fed. Cir. 2006) ...........................................................................................................................5

*Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815 (E.D. Tex. 2006) ..........................................2

*Precision Energy Services, Inc. v. ThruBit, LLC*, No. H–11–4492, 2013 WL 5274445 (S.D. Tex. Sept. 18, 2013) .......................................................................8, 9

*Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08cv144, 2009 WL 2590101 (E.D. Tex. Aug. 18, 2009) ................................................................................................. 4, 6

**STATUTES, RULES, AND REGULATIONS**

Fed. R. Civ. P. 30(b)(6) ............................................................................................. 6

E.D. Tex. Local P.R. 3–1 ........................................................................................... 2

E.D. Tex. Local P.R. 3–6(a) ....................................................................................... 3

E.D. Tex. Local P.R. 3-6(b) ....................................................................................... 3

I.      INTRODUCTION

After litigating Case No. 6:15-cv-467 for over a year, Realtime now seeks to supplement its infringement contentions to add new infringement theories that it could have – and should have – asserted from the start of the case. Under the Court's Docket Control Order, Realtime's infringement contentions were due on September 14, 2015 – almost ten months ago. As served on that date, Realtime included a boilerplate reservation regarding doctrine of equivalents, but provided no actual infringement theories based on the doctrine of equivalents. The amendments Realtime now proposes would, for the first time, add infringement theories based on the doctrine of equivalents to the case. Realtime has failed to offer any reason why it could not have included those theories in the contentions it served last September. Realtime admits that its request to amend is not based on any confidential Oracle product information or other nonpublic facts learned during discovery. Rather, Realtime argues that its delay in asserting the new theories is excused by two events: (1) Oracle's claim construction disclosures, and (2) Oracle's interrogatory response regarding its noninfringement contentions. Realtime is incorrect on both counts: Neither claim construction disclosures nor noninfringement contentions warrant a delay until the midst of *Markman* briefing to seek amendment. As set forth below, Realtime failed to exercise diligence in pursuing its doctrine of equivalents theories, which could have been part of its September 2015 contentions. Allowing Realtime to amend its contentions now will prejudice Oracle. Accordingly, the Court should deny Realtime's motion.

II.     BACKGROUND

Realtime filed its complaint on May 8, 2015. Case No. 6:15-cv-467, Dkt. 1. Per the Docket Control Order for the originally consolidated action No. 6:15-cv-463, on September 14,

2015, Realtime served its infringement contentions.[1] Realtime's contentions included analysis based only on theories of literal infringement. *See* Ex. 1 (Plaintiff's Sept. 14, 2015 Infringement Contentions); *see also* Case No. 6:15-cv-463, Dkt. No. 321-8 – 321-11 (exemplary claims charts showing in redline Realtime's addition of doctrine of equivalents theories). On December 3, 2015, Oracle completed its production of technical documents and made all relevant source code available for inspection. Exs. 2, 3 (December 3, 2015 Letters to Realtime).

On April 18, 2016, the parties filed a Joint Claim Construction and Prehearing Statement setting forth the parties' respective claim construction positions. Case No. 6:15-cv-463, Dkt. No. 295. On April 29, 2016, Oracle supplemented its response to Realtime's Interrogatory No. 3, setting forth Oracle's contentions regarding noninfringement. Case No. 6:15-cv-463, Dkt. No. 321-6 (Oracle's Supp. Rog. Resp.).

On May 24, 2016, approximately eight months after serving its initial infringement contentions, Realtime informed Oracle that it intended to seek leave to supplement its infringement contentions to include the doctrine of equivalents. Case No. 6:15-cv-463, Dkt. No. 321-7 (Email chain starting on May 24, 2016). On June 13, 2016, Defendants filed their responsive claim construction brief, and the claim construction hearing occurred July 7, 2016.

### III. ARGUMENT

Patent Rule 3–1 provides that any party "claiming patent infringement must serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions.'" E.D. Tex. Local P.R. 3–1. A plaintiff must "set forth specific theories of infringement at the outset of the case" utilizing all available information. *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817

---

[1] On July 7, 2016, this court severed Realtime's first-filed suit against Oracle, Case No. 6:15-cv-467, from Realtime's suits filed against other defendants originally consolidated under Case No. 6:15-cv-463, in order to instead consolidate -467 with Realtime's second-filed suit against Oracle, Case No. 6:16-cv-088. No. 6:15-cv-467, Dkt. 30.

(E.D. Tex. 2006) (citing *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005)). By requiring a plaintiff to formulate, test, and crystallize their infringement contentions early in litigation, "the case takes a clear path, focusing discovery on building precise final infringement . . . and narrowing issues for Markman, summary judgment, trial, and beyond." *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005).

Patent Rule 3–6(a) states that a party's served infringement contentions "shall be deemed to be that party's final contentions." E.D. Tex. Local P.R. 3–6(a)-(b). Patent Rule 3-6(b) requires a plaintiff to show good cause in order to amend its infringement contentions. E.D. Tex. Local P.R. 3–6(b); *Garmin, Ltd. v. TomTom, Inc.*, No. 2:06–cv–338, 2007 WL 2903843, at *6 (E.D. Tex. Oct.3, 2007). Four factors are relevant to determining whether good cause exists: (1) the explanation for the failure to meet the deadline; (2) the importance of the amendments; (3) potential prejudice in allowing the amendments; and (4) the availability of a continuance to cure such prejudices. *Arbitron, Inc. v. Int'l Demographics*, Inc., No. 2:06–cv–434, 2009 WL 166555, at *1 (E.D. Tex. Jan.16, 2009). None of these factors support Realtime's amendment.

A. **Realtime Provides No Justifiable Explanation for Its Lack of Diligence**

Diligence is a key factor in assessing good cause. *Adaptix, Inc. v. T-Mobile USA, Inc.*, No. 6:12-cv-369 (E.D. Tex. Nov. 12, 2014) (Dkt. 185) at 3. The movant must demonstrate that *it could not have met the deadline despite its diligence*. *Id.* Here, Realtime has failed to offer any explanation of why it could not have included doctrine of equivalents theories in the contentions it served last September. Realtime admits that its amendments do "not add any new patents, new claims, or new accused products." Mot. at 2. Importantly, Realtime's proposed amendments do not include any new substantive analysis based on nonpublic factual evidence learned since last September (*i.e.*, citations to the technical product documents or source code produced by Oracle

3

last fall). Instead, Realtime seeks to add a new *legal theory* based on the doctrine of equivalents while offering no explanation as to why it only now has a good faith basis to do so. *See MyMedicalRecords Inc. v. Quest Diagnostics Inc.*, No. 2:13–cv–02538, 2014 WL 3736527, at *3 (C.D. Cal 2014) ("Since MMR has failed to demonstrate that it recently discovered any new, nonpublic information about [allegedly infringing products] that would lead to infringement under the doctrine of equivalents, the Court denies in part MMR's Motion to amend on this ground."); *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08cv144, 2009 WL 2590101, at *3 (E.D. Tex. Aug. 18, 2009) (denying plaintiff Realtime's motion to amend because Realtime had access to all the pertinent information at the time it served its original infringement contentions).

Realtime attempts to excuse its lack of diligence in asserting doctrine of equivalents theories by pointing to two events, neither of which justify amendment. *See* Mot. at 2.

*First,* Realtime argues that Oracle's noninfringement interrogatory responses justify its proposed amendments. Mot. at 3-4. This argument fails because the law is clear that doctrine of equivalents contentions "are not dependent on the opposing party's noninfringement theories." *Apple Inc. v. Samsung Electronics Co. Ltd.*, No. 12–CV–0630, 2013 WL 3246094, at *2 (N.D. Cal. Jun. 26, 2013). Alleged "deficiencies in [defendant's] noninfringement theories do not justify [plaintiff's] delay in asserting all of the infringement theories it reasonably believed it could assert." *Id.*, at *4; *Fujifilm Corporation v. Motorola Mobility LLC*, No. 12–cv–03587, 2015 WL 757575, at *8 (N.D. Cal. Feb. 20, 2015) ("Fujifilm offers no explanation of why these [doctrine of equivalents] theories could not have been reasonably asserted at the beginning of this case, except to blame Motorola's failure to raise its noninfringement theories earlier. . . . Accordingly, Fujifilm's first argument does not establish good cause for amendment.").

Indeed, while the Patent Local Rules provide a schedule for infringement contentions and invalidity contentions, the Rules *do not* require disclosure of theories of noninfringement. *See* E.D. Tex. Local P.R. 3-1 – 3-4. The Rules nowhere state that disclosure of noninfringement positions justify amendment of infringement contentions. Indeed, courts in this District have warned that doing so would result in a "rolling approach to infringement and invalidity contentions [that] would thwart the purpose of the local patent rules." *Nike, Inc. v. Adidas America Inc.*, 479 F. Supp. 2d 664, 669-70 (E.D. Tex. 2007); *see* E.D. Tex. Local P.R. 3-6(a) ("Each party's 'Infringement Contentions' and 'Invalidity Contentions' shall be deemed to be that party's final contentions"). On the contrary, infringement contentions should become more "specific and fine-tuned" as the case progresses, not more "sprawling and encompassing." *Apple Inc. v. Samsung Electronics Co. Ltd.*, No. 12–CV–0630, 2013 WL 3246094, at *3 (N.D. Cal. Jun. 26, 2013)*; see O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006) (holding that contentions serve "as a mechanism for shaping the conduct of discovery and trial preparation").

*Second*, Realtime argues that Oracle's claim construction positions contained in the parties' Joint Claim Construction and Prehearing Statement warrant granting leave to amend. Mot. at 2, 4. This argument is similarly unavailing. "A party cannot argue that because its precise proposal for a construction of a claim term is not adopted by the court, it is surprised and must prepare new infringement contentions [that include doctrine of equivalents theories]." *Nike, Inc. v. Adidas America Inc.*, 479 F. Supp. 2d 664, 667-68 (E.D. Tex. 2007).

The cases upon which Realtime relies are inapposite. In each case, amendment was allowed because the plaintiff discovered **new, nonpublic factual information** during the discovery period that was not known at the time its infringement contentions were due. In

*Performance Pricing, Inc. v. Google Inc.*, plaintiff was granted leave to amend because the amendments were based on "newly discovered facts" in the form of Fed. R. Civ. P. 30(b)(6) deposition testimony regarding the operation of the accused products. No. 07-cv-432 (E.D. Tex. Sept. 15, 2009) (Dkt. 238) at 3. The court in *Performance Pricing* reasoned that plaintiff suffered "well-founded difficulty" in understanding a feature of the accused product based on publicly available information, and granted leave to amend because plaintiff was only able to properly understand the accused product after obtaining the 30(b)(6) testimony. *Id.* at 5-6.

Likewise, amendment was allowed in *Motion Games, LLC v. Nintendo Co., Ltd.*, No. 6:12–cv–878–RWS–JDL, 2015 WL 1774448, at *2-3 (E.D. Tex. April 16, 2015) and *Georgetown Rail Equipment Co. v. Holland L.P.*, No. 6:13-cv-366-JDL (E.D. Tex. Oct. 7, 2014) (Dkt. 189) at 6-7, due to plaintiffs' delayed access to the confidential source code required to understand how the accused products actually worked. Such is not the case here, where Realtime cites to no new, nonpublic factual information – like source code or confidential technical documents – obtained during discovery that could justify its proposed amendments. Instead, Realtime points only to Oracle's disclosure of its **legal positions**, which, as explained above, does not justify the proposed amendments. *See* Mot. 2; *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08cv144, 2009 WL 2590101, at *3 (E.D. Tex. Aug. 18, 2009) (denying plaintiff Realtime's motion to amend because Realtime had access to all the pertinent information when serving its original infringement contentions).

### B. Realtime's Supplement Is Not Important

Realtime offers only the most cursory explanation of the importance of its requested amendment, merely stating that its supplemental contentions provide "alternate theories of infringement in view of Defendant's noninfringement and claim construction positions" and are

6

therefore "important." Mot. at 6. Such conclusory statements are insufficient to justify amendment. Realtime does not "explain why, and in what capacity" its proposed doctrine of equivalents amendments are "critical to its case[]." *Adaptix, Inc. v. T-Mobile USA, Inc.*, No. 6:12-cv-369 (E.D. Tex. Nov. 12, 2014) (Dkt. 185) at 5 (denying plaintiff's motion for leave to supplement infringement contentions with doctrine of equivalent theories). "Zealous argument" alone cannot prove the importance of amendment, but Realtime has made only weak and conclusory arguments on this factor. *Innovative Display Technologies LLC v. Acer Inc. et al.*, No. 2:13-cv-00522 (E.D. Tex. Jun. 19, 2014) (Dkt. 71) at 3. If Realtime's proposed amendments were truly important, Realtime could explain why in detail. Realtime's failure to show the importance of its amendments weighs against its motion to amend.

### C. Oracle Will Suffer Prejudice If Amendment Is Allowed

Realtime argues that because its proposed amendments add "only" doctrine of equivalents positions, Oracle will not suffer any prejudice. Mot. at 6-7. This is incorrect. Oracle will suffer prejudice due to Realtime's attempt to amend at this late stage in the claim construction process. Realtime disclosed its proposed amendments less than two months before the *Markman* hearing, after it had filed its opening claim construction brief and after the parties had been engaged in months of claim construction negotiations. Moreover, Realtime waited until just three weeks before the *Markman* hearing to file its motion seeking leave to amend, meaning that the issue will not be fully briefed or heard by the Court until ***after*** the *Markman* hearing. Courts in this District have held that seeking to amend contentions in such close proximity to a *Markman* hearing is prejudicial to the non-moving party. *See, e.g., Innovative Display Technologies LLC v. Acer Inc. et al.*, No. 2:13-cv-00522 (E.D. Tex. Jun. 19, 2014) (Dkt. 71) at 3. In *Innovative Display Technologies,* the court found that the non-moving party would

be prejudiced by allowing amendment just two months before claim construction, and that allowing a party to amend its contentions "so close to the Claim Construction Hearing, and after the parties have largely formulated their respective positions, would force [the opposing party] to spend more time and resources in modifying its existing construction." *Id.* at 3-4.

Further, Realtime discounts Oracle's significant increase in discovery costs if leave is granted. Even when plaintiff amends its contentions to assert "extremely similar infringement theories to those already proposed," defendants' noninfringement positions may then become "very different from its previous theories." *Imperium IP Holdings v. Samsung Electronics Co. Ltd., et al.*, No. 14-371, 2016 U.S. Dist. LEXIS 41762, at *6-7 (E.D. Tex. Mar. 30, 2016). The broadening of Realtime's infringement contention beyond literal infringement would require a substantial amount of additional noninfringement analysis, which in turn would result in increased costs to Oracle. *Id.* at 7 ("This [additional noninfringement] analysis would require . . . increased costs for Defendants related to discovery. The Court finds that [the potential prejudice] factor weighs against granting leave to amend."); *see also Precision Energy Services, Inc. v. ThruBit, LLC*, No. H–11–4492, 2013 WL 5274445, at *2 (S.D. Tex. Sept. 18, 2013). For example, Oracle's attorneys and technical experts have conducted months of analysis based on the existing infringement contentions, and that work would have to be revised or redone if amendment is allowed. *Precision Energy Services,* 2013 WL 5274445, at *2 ("Defendant [] has developed opinions regarding non-infringement issues based on the existing Final Infringement Contentions, and those opinions would have to be revised if the amendment were allowed. This would involve further additional expense to Defendant."); *see also Adaptix, Inc. v. T-Mobile USA, Inc.*, No. 6:12-cv-369 (E.D. Tex. Nov. 12, 2014) (Dkt. 185) at 5 (holding that permitting

plaintiff to add doctrine of equivalents allegations, a position not before taken in discovery, would be unduly prejudicial).

### D. Continuance Will Not Cure the Prejudice to Oracle

A continuance to the case schedule will not cure the prejudice where, as here, amendment would require Oracle to revise or redo the analysis that it has already conducted at a considerable cost. *See Precision Energy Servs.*, 2013 WL 5274445, at *2 (noting prejudice to defendant because "[a]t least some discovery would need to be conducted for a second time, at additional expense" and that "prejudice from the additional expense could not be cured by a continuance"). This final factor thus weighs against allowing leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court deny Realtime's motion for leave to supplement its infringement contentions for Case No. 6:15-cv-467.

Dated: July 8, 2016

Respectfully submitted,

*/s/ Gregory H. Lantier (w/permission by Allen F. Gardner)*
Melissa R. Smith
(Texas Bar No. 24001351)
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450
melissa@gillamsmithlaw.com

Gregory H. Lantier
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
gregory.lantier@wilmerhale.com

Monica Grewal
(*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
monica.grewal@wilmerhale.com

Matthew J. Hawkinson
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
(213) 443-5300
matthew.hawkinson@wilmerhale.com

*Counsel for Defendant ORACLE AMERICA, INC.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rules CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on July 8, 2016.

*/s/ Allen F. Gardner*