# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br>Plaintiff,<br>v.<br>ACTIAN CORPORATION and<br>PERVASIVE SOFTWARE INC.,<br>Defendants. | **LEAD Case No. 6:15-cv-463-RWS-JDL** |
| REALTIME DATA LLC d/b/a IXO,<br>Plaintiff,<br>v.<br>BMC SOFTWARE, INC.<br>Defendant. | Case No. 6:15-cv-464-RWS-JDL |
| REALTIME DATA LLC d/b/a IXO,<br>Plaintiff,<br>v.<br>DROPBOX, INC.,<br>Defendant. | Case No. 6:15-cv-465-RWS-JDL |
| REALTIME DATA LLC d/b/a IXO,<br>Plaintiff,<br>v.<br>ECHOSTAR CORPORATION AND<br>HUGHES NETWORK SYSTEMS, LLC,<br>Defendants. | Case No. 6:15-cv-466-RWS-JDL |
| REALTIME DATA LLC d/b/a IXO,<br>Plaintiff,<br>v.<br>ORACLE AMERICA, INC., HEWLETT-<br>PACKARD COMPANY, and HP<br>ENTERPRISE SERVICES, LLC,<br>Defendants. | Case No. 6:15-cv-467-RWS-JDL |
| REALTIME DATA LLC d/b/a IXO,<br>Plaintiff,<br>v.<br>RIVERBED TECHNOLOGY, INC. and<br>DELL INC.,<br>Defendants. | Case No. 6:15-cv-468-RWS-JDL |

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br>Plaintiff,<br>v.<br>SAP AMERICA INC., SYBASE, INC.,<br>HEWLETT-PACKARD COMPANY, and<br>HP ENTERPRISE SERVICES, LLC,<br>Defendants. | Case No. 6:15-cv-469-RWS-JDL |
| REALTIME DATA LLC d/b/a IXO,<br>Plaintiff,<br>v.<br>TERADATA CORPORATION and<br>TERADATA OPERATIONS, INC.<br>Defendants. | Case No. 6:15-cv-470-RWS-JDL |

### PLAINTIFF REALTIME DATA LLC d/b/a IXO'S PRELMINARY DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS AND IDENTIFICATION OF DOCUMENTS PURSUANT TO LOCAL PATENT RULES 3-1 AND 3-2 TO ORACLE AMERICA, INC.

**I.     P.R. 3-1.  Disclosure of Asserted Claims and Infringement Contentions**

Pursuant to Patent Rule 3-1, Realtime Data LLC d/b/a IXO ("Realtime" or "Plaintiff") submit the following Preliminary Disclosure of Asserted Claims and Infringement Contentions.

This disclosure is based on the information available to Realtime as of the date of this disclosure, and Realtime reserves the right to amend this disclosure to the full extent consistent with the Court's Rules and Orders.

**A.  Patent Rule 3-1(a): Asserted Claims**

Realtime asserts that Defendant Oracle America, Inc. ("Oracle" or "Defendant") infringe one or more of the following claims:

(1) U.S. Pat. No. 7,378,992 ("'992 Patent"), Claim 48 ("'992 Asserted Claims");

(2) U.S. Pat. No. 7,415,530 ("'530 Patent"), Claims 1, 2, 4, 10, 11, 12, 18, 19, 20, 24 (collectively, "'530 Asserted Claims");

(3) U.S. Pat. No. 8,643,513 ("'513 Patent"), Claims 1, 2, 4, 6, 11, 12, 13, 14, 15, 16, 18, 19, 20, 22 (collectively, "'513 Asserted Claims"); and

(4) U.S. Pat. No. 9,116,908 ("'908 Patent"), Claims 1, 2, 4, 5, 6, 9, 11, 21, 22, 24, 25 (collectively, "'908 Asserted Claims").

(collectively, "Asserted Claims").

**B. Patent Rule 3-1(b): Accused Instrumentalities of which Realtime is aware**

Realtime asserts that the Asserted Claims are infringed by the various methods and apparatuses used, made, sold, or offered for sale by Defendant that perform various digital data compression techniques, including but not limited to, Oracle's compression products and services, such as, *e.g.*, Oracle Solaris 11 OS (with integrated ZFS file system) used with, *e.g.*, Oracle ZFS Storage Appliance, Oracle Pillar Axiom MaxRep Replication Engines, Oracle Solaris Operating System, Oracle Cloud; and Oracle SecureFiles used with, *e.g.*, Oracle 11g Database, Oracle Exadata Database Machine, Oracle Database 12c, Oracle Database Cloud Service, Oracle Database Appliance, Oracle Exadata Storage Server ("Accused Instrumentalities").

The specific Accused Instrumentality that infringes each of the Asserted Claims is specified in Exhibits A1 through D2. Realtime in no way intends that the Accused Instrumentalities are limited to the methods and apparatuses that are identified in Exhibits A1 through D2, but instead contends that the Accused Instrumentalities are meant to refer to all methods and apparatuses that involve all similar products that include the claimed digital data compression systems or perform claimed digital data compression techniques.

Unless otherwise stated, Realtime assertions of infringement apply to all variations, versions, editions, and applications of each of the Accused Instrumentalities, on information and belief, that different variations, versions, editions, and applications of each of the Accused Instrumentalities all operate in the substantially the same manner for purposes of infringement of the Asserted Claims.

### C.   Patent Rule 3-1(c): Claim Charts

Realtime's analysis of Defendant's methods and apparatuses is based upon limited information that is publicly available and based on Realtime's own investigation prior to any discovery in these actions.   Specifically, Realtime's analysis is based on certain limited resources that evidence certain methods and apparatuses used by Defendant.

The publicly available information, evidencing the underlying methods and apparatuses used by Defendant that are available to Realtime, consisted of Internet websites, public datasheets, and other public documentation by Defendant.

While the publicly available information constitute evidence of the methods and apparatuses used by Defendant in the Accused Instrumentalities, direct evidence of the actual apparatuses and methods are at times not publicly available.   Accordingly, these infringement contentions are based on the limited availability of public information.

Realtime reserves the right to amend or supplement these disclosures for any of the following reasons:

(1) Defendant provides evidence of the apparatuses and methods used in the Accused Instrumentalities;

(2) The Asserted Claims may include elements that involve features that are implemented by hardware and software structures and logic and Realtime's

current positions on infringement are set forth without the benefit of acquiring the source code or other proprietary specifications or information, which cannot be obtained through publicly available information, for the Accused Instrumentalities.  Therefore, it may be necessary for Realtime to supplement its positions on infringement after a complete production of source code or other proprietary specifications or information by the Defendant;

(3) Realtime's position on infringement of specific claims will depend on the claim constructions adopted by the Court. Because said constructions have not yet occurred, Realtime cannot take a final position on the bases for infringement of the Asserted Claims;

(4) Realtime's investigation and analysis of Defendant's Accused Instrumentalities is based upon information made publicly available by Defendant and by Realtime's own investigations. Realtime reserves the right to amend these contentions based upon discovery of non-public information that Realtime anticipates receiving from Defendant during discovery; and

Attached as Exhibits A1 through D2, and incorporated herein in its entirety, is a chart identifying where each element of the Asserted Claims of the '992, '530, '513, and '908 Patents are found in the Accused Instrumentalities.

Unless otherwise indicated, the information provided that corresponds to each claim element is considered to indicate that each claim element is found within each of the different variations, versions, editions, and applications of each respective Accused Instrumentalities described above.

### D.  Patent Rule 3-1(d): Literal Infringement / Doctrine of Equivalents

With respect to the patents at issue, each element of each Asserted Claim is considered to be literally present.  Realtime reserves the right to assert that each Asserted Claim is infringed or has been infringed under the Doctrine of Equivalents in Defendant's Accused Instrumentalities.  Realtime also contends that Defendant directly and indirectly infringes the Asserted Claims as stated in the Complaint.

### E.  Patent Rule 3-1(e): Priority Dates

The Asserted Claims of the '992 and '513 Patents are entitled to priority dates, at least as early as, December 11, 1998.

The Asserted Claims of the '530 and '908 Patents are entitled to priority dates, at least as early as, March 11, 1999.

### F.  Patent Rule 3-1(f): Identification of Instrumentalities Practicing the Claimed Invention

N/A.

## II.    P.R. 3.2.  Document Production Accompanying Disclosure

Pursuant to Patent Rule 3-2, Realtime submits the following Document Production Accompanying Disclosure, along with an identification of the categories to which each of the documents corresponds.

### A.  Patent Rule 3-2(a) documents:

Realtime is presently unaware of any documents sufficient to evidence any discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the inventions recited in the Asserted Claims of the Asserted Patents prior to the application date or priority date for the Asserted Patents.

A diligent search continues for documents and Realtime reserves the right to supplement this response.

### B.  Patent Rule 3-2(b) documents:

Realtime identifies the following documents of which they are aware that may relate to conception, reduction to practice, design, and development created on or before the application date of patents-in-suit or priority date identified pursuant to P. R. 3-1(e), as disclosed above: REALTIME040060-–REALTIME040512.

A diligent search continues for other documents and Realtime reserves the right to supplement this response.

### C.  Patent Rule 3-2(c) documents:

Realtime identifies the following documents as being the file histories for the Asserted Patents: REALTIME000001-–REALTIME040059.


Dated: September 14, 2015

/s/   *Marc A. Fenster*___
Marc A. Fenster (CA SBN 181067) Lead Attorney
Email: mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Jeffrey Z.Y. Liao (CA SBN 288994)
Email: jliao@raklaw.com
John K. Woo (CA SBN 281132)
Email: jwoo@raklaw.com
RUSSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

T. John Ward, Jr. (TX SBN 00794818)
E-mail: jw@wsfirm.com
Claire Abernathy Henry (TX SBN 24053063)

E-mail: claire@wsfirm.com
WARD, SMITH & HILL, PLLC
1127 Judson Road, Suite 220
Longview, Texas 75601
Tele: 903/757-6400
Facsimile 903/757-2323

*Attorneys for Plaintiff*
*Realtime Data LLC d/b/a IXO*

## <u>CERTIFICATE OF SERVICE</u>

      I certify that this document is being served upon counsel of record for Defendant on September 14, 2015 via e-mail.

<u>/s/ *Marc A. Fenster*</u>
      Marc A. Fenster