IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **REALTIME DATA, LLC,** | § § | |
| *Plaintiff,* | § § § | **CIVIL ACTION NO. 6:15-CV-463** |
| **V.** | § § § | **RWS-JDL** |
| | § § | **LEAD CASE** |
| **ACTIAN CORPORATION ET AL.,** | § § | **JURY TRIAL DEMANDED** |
| *Defendants.* | § § | |

### SEALED MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Riverbed Technology, Inc.'s ("Riverbed") Motion to Strike Portions of Dr. Mitzenmacher's Expert Report on Doctrine of Equivalents and Indirect Infringement. (Doc. No. 441.) Plaintiff Realtime Data, LLC ("Realtime") has filed a Sealed Response (Doc. No. 451), Riverbed has filed a Reply (Doc. No. 463), and Realtime has filed a Sealed Sur-Reply (Doc. No. 474).

For the reasons stated herein, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Riverbed's Motion. (Doc. No. 441.)

### I.   BACKGROUND

Realtime alleges that Riverbed infringes certain claims of three U.S. Patents. The Asserted Patents generally relate to different systems and methods of data compression. Specifically, Realtime alleges that certain SteelHead WAN optimization products infringe the Asserted Claims of the Asserted Patents.

Realtime has designated Dr. Michael Mitzenmacher as a Technical Expert in this matter. Dr. Mitzenmacher "provide[s] opinions regarding the Asserted Patents, and Defendant's

1

infringement of the currently asserted claims of the Asserted Patents." (Doc. No. 444-1, Appx. No. 3, at 188-251 ("Mitzenmacher Rep."), ¶2.) In his Expert Report, Dr. Mitzenmacher includes opinions about Riverbed's alleged infringement of the patents under doctrine of equivalents and indirect infringement theories. For each of the claim limitations that Dr. Mitzenmacher analyzes, he includes a paragraph asserting, for instance:

> Even if the Accused Products were found to not literally meet the 'content independent data compression algorithm' limitation, this limitation is met under the Doctrine of Equivalents because it is insubstantially different from what the limitations literally require. Moreover, the Accused Products perform substantially the same function (for example, reducing the overall amount of bits to store) in substantially the same way (by, for example, applying a technique without regard to the specific content of the incoming data in order to present for storage fewer overall bits) to achieve substantially the same result (for example, storage of fewer bits of data overall).

(Mitzenmacher Rep., ¶56; *see also id.* at ¶¶46, 56, 62, 72, 73, 79, 86, 96, 102, 139, 144, 155, 165, 169, 199, 211, 215, 216, 223, 224, 240, 258, 263, 264.)

With respect to indirect infringement, Dr. Mitzenmacher's report provides four paragraphs setting forth his opinions that Riverbed is liable for contributory and induced infringement. (*See* Mitzenmacher Rep., ¶¶266-269.)

## II. LEGAL STANDARD

Rule 702 provides that an expert witness may offer opinion testimony if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed.R.Evid. 702.

"The inquiry envisioned by Rule 702 is . . . a flexible one," but, in *Daubert*, the Supreme Court held that the Rules also "assign to the trial judge the task of ensuring that an expert's

testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 594, 597 (1993); *see also Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014) ("Experts routinely rely upon other experts hired by the party they represent for expertise outside of their field."); *TQP Dev. LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248-JRG, 2015 WL 6694116, at *4 (E.D. Tex. Nov. 3, 2015) ("Dr. Becker was entitled to rely upon Dr. Jager's technical analysis when constructing his damages model and presenting it to the jury.").

"The relevance prong [of *Daubert*] requires the proponent [of the expert testimony] to demonstrate that the expert's 'reasoning or methodology can be properly applied to the facts in issue.'" *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999)). "The reliability prong [of *Daubert*] mandates that expert opinion 'be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief.'" *Johnson*, 685 F.3d at 459 (quoting *Curtis*, 174 F.3d at 668).

In assessing the "reliability" of an expert's opinion, the trial court may consider a list of factors including: "whether a theory or technique . . . can be (and has been) tested," "whether the theory or technique has been subjected to peer review and publication," "the known or potential rate of error," "the existence and maintenance of standards," and "general acceptance" of a theory in the "relevant scientific community." *Daubert*, 509 U.S. at 593–94; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999) ("*Daubert* makes clear that the factors it mentions do *not* constitute a 'definitive checklist or test.'"); *U.S. v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010)."The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Johnson*,

3

685 F.3d at 459 (quoting *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc)). At base, "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015).

### III.  DISCUSSION

Riverbed seeks to exclude Dr. Mitzenmacher's opinions with respect to doctrine of equivalents and indirect infringement because they "consist entirely of boilerplate accusations with no substantive analysis." (Doc. No. 441, at 1.) Riverbed argues that Dr. Mitzenmacher's opinions lack any factual or analytical basis and are thus inadequate under the Federal Rules. (*Id.*) Riverbed notes that Dr. Mitzenmacher's doctrine of equivalents arguments are nearly identical to the statements made in Realtime's Second Amended Infringement Contentions. (*Id.* at 9.) Riverbed also argues that Dr. Mitzenmacher's indirect infringement arguments improperly "imply . . . what can only be his guess at Riverbed's state of mind." (*Id.* at 12.)

Realtime responds that Dr. Mitzenmacher properly includes a doctrine of equivalents analysis on a limitation-by-limitation basis. (Doc. No. 451, at 1.) Realtime asserts that "[o]ther than complaining that all of the opinions are similar in form, Riverbed fails to point to anything improper or incomplete about the opinions on an individual basis." (*Id.*) Realtime argues that Dr. Mitzenmacher's doctrine of equivalents opinions "are the result of his own analysis" and the fact that they use the same language as Realtime's infringement contentions should go to their weight, not admissibility. (*Id.* at 8.) Realtime further argues that Dr. Mitzenmacher's indirect infringement analysis properly includes the basis for Dr. Mitzenmacher's opinions about Riverbed's mental state, and asserts that Dr. Mitzenmacher is permitted to "provide opinions on the underlying facts supporting an inference of state of mind." (*Id.* at 4, 9.)

In his opening expert report, Dr. Mitzenmacher conducts a claim limitation-by-limitation doctrine of equivalents analysis. Riverbed's arguments regarding the sufficiency of these statements—including their similarities to the statements in Realtime's infringement contentions—go to their weight, not their admissibility. Further, while "evidence and argument on the doctrine of equivalents cannot merely be subsumed in plaintiff's case of literal infringement," *Lear Siegler, Inc. v. Sealy Mattress Co.*, 873 F.2d 1422, 1425 (Fed. Cir. 1989), this particularized testimony standard "does not require [the expert] to re-start his testimony at square one when transitioning to a doctrine of equivalents analysis," *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1305 (Fed. Cir. 2007). Dr. Mitzenmacher will be restricted to testifying based on the information disclosed in his report and clarified during expert discovery. Dr. Mitzenmacher has not presented doctrine of equivalents opinions that are so conclusory and boilerplate as to preclude rigorous cross-examination, both with respect to the substance of these opinions and Dr. Mitzenmacher's basis for these opinions.

Dr. Mitzenmacher's indirect infringement opinions, however, reach beyond an admissible scope. These opinions do not merely set forth the "underlying facts supporting an inference of state of mind," as Realtime asserts. Specifically, in his Expert Report, Dr. Mitzenmacher concludes that "Defendant knew or should have known that its actions would induce [actual] infringement." (Mitzenmacher Rep., ¶¶268, 269.) This statement "invade[s] the province of the jury," who must "ultimately decide whether Defendant had the requisite intent" for a finding of indirect infringement. *See Spreadsheet Automation Corp. v. Microsoft Corp.*, 587 F. Supp. 2d 794, 803 (E.D. Tex. 2007). In its Sur-Reply, Realtime states that it "does not intend to offer Dr. Mitzenmacher to opine on Riverbed's mental state." (Doc. No. 474, at 5.) Consistent with this assertion, the Court will strike the statement in paragraphs 268 of Dr. Mitzenmacher's opinion

that "Defendant knew or should have known that its actions would induce [actual] infringement." The Court will further strike the entirety of paragraph 269 of Dr. Mitzenmacher's report, which includes only this statement followed by the conclusory statement that "Defendant knew of the Asserted Patents and induced customers to perform infringing steps." However, Dr. Mitzenmacher may testify regarding the underlying facts supporting the inference of Riverbed's state of mind to the extent they are set forth in his report.

## IV.   CONCLUSION

For the reasons stated herein, the Court **DENIES-IN-PART** and **GRANTS-IN-PART** Riverbed's Motion to Strike Portions of Dr. Mitzenmacher's Expert Report on Doctrine of Equivalents and Indirect Infringement. (Doc. No. 441.) Specifically, the Court **STRIKES** the statement in paragraphs 268 of Dr. Mitzenmacher's opinion that "Defendant knew or should have known that its actions would induce [actual] infringement." The Court further **STRIKES** paragraph 269 of Dr. Mitzenmacher's expert report in its entirety. Riverbed's Motion is otherwise **DENIED**.

Within seven (7) days of the issuance of this Order, the parties shall file a notice with the Court as to whether this Order can be unsealed, or request appropriate redaction.

**So ORDERED and SIGNED this 29th day of March, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE