# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |
|---|---|
| REALTIME DATA LLC d/b/a IXO, | |
| Plaintiff, | **Case No. 6:15-cv-463-RWS-JDL** |
| v. | |
| ACTIAN CORPORATION, et al., | |
| Defendants. | |

## PLAINTIFF REALTIME DATA LLC'S MOTIONS *IN LIMINE*

# TABLE OF CONTENTS

**Page(s)**

I.  MOTION *IN LIMINE* NO. 1 TO EXCLUDE ANY EVIDENCE OR ARGUMENT DEROGATORY OF REALTIME'S BUSINESS MODEL, SUCH AS REFERRING TO IT AS A "TROLL," "PIRATE," OR "PRIVATEER" ................................................................. 1

II. MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE, ARGUMENT AND REFERENCE TO RIVERBED'S PATENT PORTFOLIO ................................................... 2

III. MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF NEVER-ASSERTED PATENTS, NO-LONGER-ASSERTED PATENTS, DROPPED PATENT CLAIMS, DROPPED OR NEVER-ACCUSED PRODUCTS, AND/OR NON-ASSERTED INFRINGEMENT THEORIES .............................................................................................. 3

IV. MOTION *IN LIMINE* NO. 4 TO EXCLUDE UNTIMELY DISCLOSED WITNESSES FROM TESTIFYING AT TRIAL ........................................................................................ 5

V.  MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OF OR ARGUMENT CONCERNING THE PORTIONS OF THE EXPERT REPORTS OF ROBERT MILLS AND ARTHUR KELLER THAT WERE STRICKEN AND SUPPLEMENTED ............... 6

VI. MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OR ARGUMENT RELATING TO OR REFERENCING POST-GRANT PROCEDURES, INCLUDING DOCUMENTS FILED THEREIN .............................................................................................................. 8

VII. MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING OTHER LITIGATION INVOLVING REALTIME OR THE ASSERTED PATENTS EXCEPT AS RELEVANT TO LICENSES RELIED ON BY THE PARTIES' RESPECTIVE DAMAGES EXPERTS ................................................................................ 9

VIII. MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE CONCERNING LICENSING LETTERS SENT TO THIRD PARTIES (DX-93, DX-94, DX-95) ................................... 10

IX. MOTION *IN LIMINE* NO. 9 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING RIVERBED'S EQUITABLE DEFENSES THAT ARE SOLELY FOR THE COURT TO DETERMINE ......................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Advanced Respiratory, Inc. v. Electromed, Inc.*
   No. 00-2646 (DWF/SRN), 2003 U.S. Dist. LEXIS 27583, at *3 (D. Minn. June 27, 2003) ..... 2

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*
   2010 WL 114151797, at *2 (E.D. Tex. March 31, 2010)........................................................ 3

*Bio-Tech. Gen. Corp. v. Genentech, Inc.*
   80 F.3d 1553 (Fed. Cir. 1996).............................................................................................. 2

*Church & Dwight Co. v. Abbott Labs.*
   2008 U.S. Dist. LEXIS 49590, *3 (D.N.J. June 23, 2008) ..................................................... 12

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*
   No. 2:13-CV-0112-JRF, 2015 WL 11089490, at *1 (E.D. Tex. Sept. 4, 2015 .................... 1, 8

*Cordis Corp. v. Medtronic Ave, Inc.*
   511 F.3d 1157 (Fed. Cir. 2008)............................................................................................. 4

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*
   No. 2:14-cv-911, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016) .............................. 1, 10

*Cybergym Research, LL LLC v. Icon Health & Fitness, Inc.*
   2007 U.S. Dist. LEXIS 102199, *7-*8 (E.D. Tex. Oct. 7, 2007) ........................................... 12

*Digital Control, Inc. v. Charles Mach. Works*
   2004 U.S. Dist. LEXIS 29319, * (W.D. Wash. Mar. 22, 2004) ............................................ 12

*Dollar v. Long Mfg., N.C., Inc.*
   561 F.2d 613 (5th Cir. 1977) ............................................................................................... 6

*EZ Dock, Inc. v. Schafer Sys., Inc.*
   No. 98-2364 (RHK/AJB), 2003 U.S. Dist. LEXIS 3634, at *42 (D. Minn. Mar. 8, 2003) ........ 3

*Gardco Mfg., Inc. v. Herst Lighting Co.*
   820 F.2d 1209 (Fed. Cir. 1987).......................................................................................... 12

*Hochstein v. Microsoft Corp.*
   No. 4-cv-73071, 2009 U.S. Dist. LEXIS 57698, *5 (E.D. Mich. July 7, 2009).................... 2, 3

*Kleppinger v. Texas Dept. of Trans.*
   No. 5:10-cv-124 (S.D. Tex. 2013), 2013 WL 12138545, at *1 (S.D. Tex. 2013).................... 6

*Kraft Foods, Inc. v. International Trading Co.*
   203 F.3d 1362 (Fed. Cir. 2000)............................................................................................ 4

*Metaswitch Networks, Ltd. v. Genband US LLC*
   No. 2:14-cv-00744-JRG, Dkt. NO. 289 at 3-4 (E.D. Tex. March 1, 2016) .............................. 7

*Microsoft Corp. v. i4i Ltd. P'ship*
   564 U.S. 91, 91 (2011).................................................................................................... 2, 8

*Multimedia Patent Trustv. Apple Inc.*
   No. 10-CV-2618-H (KSC), 2012 WL 12868264, at *6–7 (S.D. Cal. Nov. 20, 2012.............. 11

*Nichia Corp. v. Seoul Semiconductor*
   No. C-06-0162 MMC, 2008 U.S. Dist. LEXIS 28654, at *6 (N.D. Cal. Apr. 8, 2008) ............ 3

*PACT XXP Technologies, AG v. Xilinx, Inc.*
   No.2:07-CV-563-RSP, 2012 WL 2774971, at *2 (E.D. Tex. May 13, 2012) ....................... 3, 9

*Parthenon Unified Memory Architecture, LLC v. Apple, Inc.*
  No. 2:15-cv-621-JRG-RSP, Dkt. No. 246 at 2 (E.D. Tex. Sept. 21, 2016) ............................... 7
*Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*
  219 F.R.D. 135 (N.D. Iowa 2003) ..................................................................................... 12, 13
*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*
  No. 2:13-cv-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015).............. passim
*Saint Lawrence Comms. LLC v. ZTE Corp.*
  No. 2:15-CV-00349-JRG, Dkt. No. 458 at 4 (E.D. Tex. March 2, 2017) ................................. 7
*Script Security SystemsLLC v. Amazon.com, Inc.*
  170 F. Supp. 3d 928 (E.D. Tex. 2016) ..................................................................................... 9
*THK Am., Inc. v. NSK, Ltd.*
  No. 90 C 6049, 1996 U.S. Dist. LEXIS 226, at *4 (N.D. Ill. Jan. 9, 1996)............................. 3
*Trading Tech. Int'l, Inc. v. eSpeed*
  507 F. Supp. 2d 870, 873 (N.D. Ill. 2007) .......................................................................... 4, 13
*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*
  No. 13-CV-346-BBC, 2014 WL 5023098, at *2 (W.D. Wis. Oct. 8, 2014) ............................ 8
*XPP Technologies, AG v. Xilinx, Inc.*
  No. 2:07-CV-563-RSP, 2013 WL 4574267, at *1 (E.D. Tex. Aug. 27, 2013)......................... 9

**Statutes**
35 U.S.C. § 314..................................................................................................................... 8

**Rules**
Fed. R. Evid. 401 ................................................................................................................ 11
Fed. R. Evid. 402 .................................................................................................... 8, 9, 11, 12
Fed. R. Evid. 403 ........................................................................................................... passim
Federal Rule of Civil Procedure 26(a) ...................................................................................... 5
Federal Rule of Civil Procedure 26(e) ...................................................................................... 5
Federal Rule of Civil Procedure 37(c) ...................................................................................... 5

Plaintiff Realtime Data, LLC ("Plaintiff") respectively moves *in limine* to exclude certain arguments and evidence identified below from trial.

I. **MOTION *IN LIMINE* NO. 1 TO EXCLUDE ANY EVIDENCE OR ARGUMENT DEROGATORY OF REALTIME'S BUSINESS MODEL, SUCH AS REFERRING TO IT AS A "TROLL," "PIRATE," OR "PRIVATEER"**

This Court regularly precludes parties from referring at trial to the assertion of patent rights through derogatory terms such as "troll," "pirate," or "privateer" as such terms are irrelevant, highly prejudicial, and serve no probative purpose. *See, e.g.*, *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-0112-JRG, 2015 WL 11089490, at *1 (E.D. Tex. Sept. 4, 2015) ("parties shall not make any argument, evidence, testimony, insinuation, reference, or assertion implying that ContentGuard or Pendrell are 'patent trolls,' 'patent pirates,' non-practicing entities, or other pejorative terms, or otherwise disparaging ContentGuard or Pendrell's business model"); *Core Wireless Licensing S.A.R.L. v. LG. Elecs., Inc.* No. 2:14-CV-911-JRP-RSP, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016) (precluding defendant from referring to plaintiff as "'patent troll,' 'troll,' 'patent pirate,' 'shell company,' 'litigation shop,' 'lawsuit factory,' 'submarine patents,' 'litigious,' 'shakedown,' 'extortionist' and like terms"); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*, No. 2:13-cv-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (granting similar motion).

Riverbed appears to recognize this general rule, as during the meet and confer on this motion it offered "not to make such argument in opening or closing." Ex. 1.[1] However, Riverbed still intends to introduce as an exhibit at trial, DX-106 (Ex. 2), an email from its then-in-house counsel, Brian Detweiler, in which he refers to Realtime as a "troll." Riverbed further seeks to elicit testimony from Mr. Detweiler concerning this statement. *See* Ex. 1. Riverbed contends only that this email and testimony are relevant to its "state of mind." *Id.* Yet, Riverbed's "state of mind" serves no probative purpose at trial. Even if it does, such purpose does not outweigh the prejudice to Realtime were such evidence admitted. Further, the reference to "troll" in DX-106 can easily

---

[1] All exhibits are attached to the concurrently filed declaration of Paul A. Kroeger.

be redacted and need not be shown to the jury.  Accordingly, Riverbed should be precluded from referring to Realtime by derogatory terms such as a "troll" for all purposes, including through DX-106 and associated testimony.

## II.   MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE, ARGUMENT AND REFERENCE TO RIVERBED'S PATENT PORTFOLIO

Realtime seeks to exclude evidence and argument relating to patents owned by or assigned to Riverbed.  As numerous courts have recognized, such evidence may lead the jury to conclude, wrongly, that Riverbed's accused products cannot infringe the patent-in-suit if it has its own patents.  *See Hochstein v. Microsoft Corp.*, No. 4-cv-73071, 2009 U.S. Dist. LEXIS 57698, *5 (E.D. Mich. July 7, 2009) (recognizing that "jurors may wrongly conclude that Microsoft cannot infringe Plaintiffs' patent if Microsoft has its own patents for the accused products"); *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) (That the defendant owns patents "does not constitute a defense to infringement of someone else's patent.").  Likewise, the jury may wrongly conclude that the patents-in-suit are not valid because Riverbed has patents in the same field. *See Advanced Respiratory, Inc. v. Electromed, Inc.*, No. 00-2646 (DWF/SRN), 2003 U.S. Dist. LEXIS 27583, at *3 (D. Minn. June 27, 2003).

Riverbed appears to generally recognize that evidence of its own patents is irrelevant and unduly prejudicial, as it has offered "not to reference specific Riverbed patents." Ex. 1.  However, it still seeks to "generally reference its patent portfolio overall and the number of patents it has, including that some of Riverbed's patents relate to SteelHead and the accused processes." *Id.*  The exception Riverbed seeks would swallow the rule set forth above.  The fact that Riverbed will not mention any specific patent by number does not remedy the recognized risk of undue prejudice and confusion allowing such evidence could cause.  Further, allowing this evidence or argument would also result in undue delay and a waste of time, as to rebut such evidence, Realtime would be required to introduce evidence to show that Riverbed's patents are different from the patents-in-suit, and explain the differences between the relevant features of the accused products as they relate to the patents-in-suit and Riverbed's patents. Simply put, "[t]he patent[s-in-suit] should be

tried," not Riverbed's patents. *THK Am., Inc. v. NSK, Ltd.,* No. 90 C 6049, 1996 U.S. Dist. LEXIS 226, at *4 (N.D. Ill. Jan. 9, 1996); *see also EZ Dock, Inc. v. Schafer Sys., Inc.*, No. 98-2364 (RHK/AJB), 2003 U.S. Dist. LEXIS 3634, at *42 (D. Minn. Mar. 8, 2003) (granting motion in limine to preclude evidence or testimony of defendants' own patents); *Nichia Corp. v. Seoul Semiconductor*, No. C-06-0162 MMC, 2008 U.S. Dist. LEXIS 28654, at *6 (N.D. Cal. Apr. 8, 2008) ("the Court … did not err in granting plaintiff's motion in limine to preclude defendants from offering evidence that defendants owned Korean design patents covering the design of the accused products").

Riverbed may claim that evidence of its patent portfolio is relevant to damages, as its damages expert, Andrew Carter, references in his report Riverbed's patents on portions of the accused products, such as SDR deduplication. This is a smokescreen. Mr. Carter does not actually use or rely upon Riverbed's patents as part of his opinion. But, in any event, Mr. Carter can simply refer to Riverbed's SDR deduplication without informing the jury that Riverbed has patents, and thus avoid the well-recognized potential to confuse the jury. *See Hochstein.*, No. 4-cv-73071, 2009 U.S. Dist. LEXIS 57698, *5; *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 2010 WL 114151797, at *2 (E.D. Tex. March 31, 2010) (excluding "evidence regarding patents other than the patents-in-suit" except as relevant to damages analysis). For these reasons, the Court should preclude Riverbed from introducing any evidence or argument concerning its patent portfolio.

### III.   MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF NEVER-ASSERTED PATENTS, NO-LONGER-ASSERTED PATENTS, DROPPED PATENT CLAIMS, DROPPED OR NEVER-ACCUSED PRODUCTS, AND/OR NON-ASSERTED INFRINGEMENT THEORIES

Riverbed should be precluded from introducing any evidence or argument concerning patents never asserted against Riverbed, patents or claims which were previously asserted but are no longer at issue, products of Riverbed that are no longer accused or have never been accused, and/or non-asserted theories of infringement. This Court regularly excludes such evidence at the time of trial. *See, e.g.*, *PACT XXP Technologies, AG v. Xilinx, Inc.*, No.2:07-CV-563-RSP, 2012 WL 2774971, at *2 (E.D. Tex. May 13, 2012) ("It is not clear why the Court should permit any

party to introduce patents that are not asserted in this case."); *Rembrandt Wireless Techs., LP v. Samsun Elecs. Co.,* 2015 WL 6247430, at *1 (E.D. Tex. Jan. 31, 2015) (granting Plaintiff's motion *in limine* to exclude evidence of "litigation brought by [Plaintiff] unrelated to the patents-in-suit").

Acknowledging this law, Riverbed offered to not introduce much of this evidence at trial (Ex. 1).  Nevertheless, Riverbed seeks a unique exception for U.S. Patent No. 7,321,937 (the "'937 patent") for one reason: that the '937 patent claims are supposedly relevant to determining the scope of the "storage" limitation of the asserted '530 and '908 patents.  This argument fails. ***First***, Riverbed's only argument for purported relevance relates to the scope of the claims, which, as Riverbed has represented and this Court has held, is a "legal" question for the Court, not the jury. *See* Dkt. No. 497 at 2 (the core legal question is "whether 'storage' means 'storage' or 'transmission and storage'").  And at any rate, by the time the parties try this case to the jury, this Court will have issued a supplemental claim construction order (Dkt. No. 497). ***Second***, even if the parties were allowed to make arguments to the jury about the scope of the asserted claim, Riverbed's argument for purported relevance still fails. The unasserted '937 patent claims do not even include the "storage" limitation and, thus, could not be relevant to the proper meaning of the term "storage" in the asserted patents. For example, claim 17 of the '937 patent (which was canceled in reexam) recites limitations such as "receiving a data stream over an input having a first bandwidth," "compressing, in at least real-time," and "transmitting said compressed data stream over an output having a second bandwidth"—***none*** of which appear in the '530 and '938 claims. It cannot support a claim differentiation argument. *See, e.g., Kraft Foods, Inc. v. International Trading Co.*, 203 F.3d 1362 (Fed. Cir. 2000) ("that the claims are presumed to differ in scope does not mean that every limitation must be distinguished from its counterpart in another claim, but only that at least one limitation must differ"). ***Third***, any purported relevance is far outweighed by the high risk of jury confusion. *See, e.g., Cordis Corp. v. Medtronic Ave, Inc.*, 511 F.3d 1157 (Fed. Cir. 2008) (affirming district court's exclusion of evidence of other unasserted patents and claims under FRE 403).

4

Accordingly, by the time of trial, this claim term will have been construed and the claims of the '937 patent will bear no relevance to the claims asserted at trial and could only risk jury confusion.  For this reason, the Court should preclude Riverbed from introducing any evidence or argument concerning patents never asserted against Riverbed, patents or claims which were previously asserted but are no longer at issue, products of Riverbed that are no longer accused or have never been accused, and/or non-asserted theories of infringement, including evidence related to the '937 patent.

## IV.    MOTION *IN LIMINE* NO. 4 TO EXCLUDE UNTIMELY DISCLOSED WITNESSES FROM TESTIFYING AT TRIAL

Riverbed's witness list includes five Riverbed employees who were not timely disclosed during discovery: (1) Jerry Kennelly, its Chief Executive Officer; (2) Hangsang Bae, its Chief Technology Officer; (3) Mitch Cotler; (4) Sapna Mehta; and (5) Amanda Vinson.  Accordingly, Riverbed should be precluded from calling these witnesses at trial pursuant to Federal Rule of Civil Procedure 37(c): "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness . . . at a trial, unless the failure was substantially justified or harmless."

The Court issued its original Docket Control Order in this action on September 8, 2015 (Dkt. No. 89), and Riverbed served its Initial Disclosures on October 8, 2015 (Ex. 3).  These Initial Disclosures do not include any of the five witnesses mentioned above. Almost a year later, and only ten days prior to the fact discovery deadline (*see* Dkt. No. 395), Riverbed served its First Amended Initial Disclosures stating for the first time that it believed Mr. Kennelly, Riverbed's co-founder, Chairman and CEO, and Mr. Bae, its CTO, were potential witnesses in this action. Ex. 4. Ms. Vinson was not identified in these amended disclosures, but instead was first disclosed in Riverbed's Second Amended Disclosures served on the deadline for completion of fact discovery, September 30, 2016.  Ex. 5. Ms. Mehta and Mr. Cotler were never identified as potential witnesses by Riverbed until it served its witness list.

There is no justification for Riverbed's decision to delay disclosing Mr. Kennelly and Mr. Bae—two of its high-level executives—to Realtime until the end of fact discovery, and after the dates for the depositions of most of its 30(b)(6) witnesses had been set. The late disclosure essentially precluded Realtime from any meaningful opportunity to take their depositions. This is an improper use of discovery disclosures to the prejudice of Realtime. *See Kleppinger v. Texas Dept. of Trans.*, No. 5:10-cv-124 (S.D. Tex. 2013), 2013 WL 12138545, at *1 (S.D. Tex. 2013) ("the Court begins with the simple proposition that discovery is intended to 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent'") (quoting *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977)). Accordingly, Riverbed should be precluded from calling Mr. Kennelly or Mr. Bae at trial under Rule 37. In the alternative, Mr. Kennelly and Mr. Bae should be made available for a short deposition (of around two hours) sufficiently in advance of trial, in order to cure the prejudice to Realtime.

Likewise, Riverbed should be precluded from calling Ms. Vinson, Ms. Mehta, and Mr. Cotler at trial given its decision not to disclose them until either the last day of discovery or not at all. Riverbed has not explained its reason for its failure to properly disclose these witnesses. Further, Realtime would be prejudiced if Riverbed were able to put these "surprise" witnesses on at trial, even if only to authenticate documents.

V.     **MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OF OR ARGUMENT CONCERNING THE PORTIONS OF THE EXPERT REPORTS OF ROBERT MILLS AND ARTHUR KELLER THAT WERE STRICKEN AND SUPPLEMENTED**

Riverbed should be precluded from introducing evidence or argument relating to the portions of the experts reports of Robert Mills and Arthur Keller that were stricken by the Court's Orders and have since been supplemented and/or replaced. *See, e.g.*, Dkt. No. 481. For example, the Court struck Dr. Keller's apportionment opinion (and Mr. Mills' reliance thereon) because it found "Dr. Keller's understanding of how to calculate apportionment damages . . . legally flawed" as he "fail[ed] to adequately account for the benefit of the combination of the two compression

elements of the accused products as they relate to the patent claims." *Id.* at 7-8.  Pursuant to the Court's Orders, Realtime has since served supplemental reports to address the deficiencies found by the Court.

This Court regularly precludes evidence that an expert's opinions have been stricken.  *See Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*, No. 2:13-cv-213-JRG-RSP, 2015 WL 627430, at \*2 (Jan. 31, 2015) (excluding Defendants from introducing evidence or argument that "testimony or opinions offered by [Plaintiff's expert] may have been excluded or found to be unreliable in any other lawsuits"); *Parthenon Unified Memory Architecture, LLC v. Apple, Inc.*, No. 2:15-cv-621-JRG-RSP, Dkt. No. 246 at 2 (E.D. Tex. Sept. 21, 2016) (attached as Ex. 6) (granting similar motion).  Indeed, parties routinely agree that such evidence should be excluded.  *Metaswitch Networks, Ltd. v. Genband US LLC*, No. 2:14-cv-00744-JRG, Dkt. No. 289 at 3-4 (E.D. Tex. March 1, 2016) (attached as Ex. 7) (noting parties' agreement  to exclude evidence or argument of "fact that testimony or opinions offered by any expert may have been excluded in this lawsuit or in any other lawsuits"); *Saint Lawrence Comms. LLC v. ZTE Corp.*, No. 2:15-CV-00349-JRG, Dkt. No. 458 at 4 (E.D. Tex. March 2, 2017) (attached as Ex. 8) (granting similar unopposed motion).

Riverbed should likewise be precluded from entering evidence of the stricken opinions in this case. Dkt. No. 481 at 7-8.  The Court found that those stricken opinions are irrelevant to the issues being tried in this case.  Accordingly, evidence of these opinions could cause juror confusion and prejudice Realtime.  Further, evidence of the stricken portions of those reports would also result in undue delay and a waste of time, as to rebut such evidence, Realtime would be forced to explain the reasons that the opinions were supplemented.  Introduction of such evidence would also potentially violate the parties' agreement not to make evidence or argument at trial relating to a motion that has been adjudicated.

For these reasons, Riverbed should be precluded from referencing the portions of prior expert reports of Robert Mills or Arthur Keller stricken in this action.

## VI.   MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OR ARGUMENT RELATING TO OR REFERENCING POST-GRANT PROCEDURES, INCLUDING DOCUMENTS FILED THEREIN

Riverbed should be precluded from presenting any argument, evidence, testimony, insinuation, reference, or assertion to post-issuance USPTO proceedings (such as inter partes review) of Realtime's patents. *See ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-cv-1112-JRG, 2015 WL 11089490, at *1 (E.D. Tex. Sept. 4, 2015) (precluding parties from "presenting any argument, evidence, testimony, insinuation, reference, or assertion to post-issuance USPTO proceedings (IPRs and CBMs) of ContentGuard's patents"). Introduction of such evidence or argument would have no probative purpose and would distract the jury from the substantive issues fit for trial. See Fed. R. Evid. 402, 403; *see also ContentGuard*, 2015 WL 11089490, at *1. Allowing reference to post-issuance proceedings, which apply different standards, procedures, and presumptions, would be confusing to the jury, irrelevant, and highly prejudicial. *Compare* 35 U.S.C. § 314 (applying "reasonable likelihood" of success standard to institution of inter partes review), *with Microsoft Corp. v. i4i Ltd. P'ship* 564 U.S. 91 (2011) (unanimously affirming "clear and convincing evidence" standard for invalidity defense). *See also Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-346-BBC, 2014 WL 5023098, at *2 (W.D. Wis. Oct. 8, 2014) ("[B]ecause of the different standards, procedures and presumptions applicable to IPR proceedings, evidence concerning the proceedings is irrelevant and highly prejudicial to the jury's determination of the validity of the patents.").

Acknowledging this law, Riverbed appears to seek a unique exception for Realtime's statements in the preliminary response in Oracle's IPR2016-00375 ("POPR"). Ex. 1. Riverbed seeks this exception for one reason: to argue that Riverbed's statements in the POPR operate as a disclaimer in determining the scope of the "storage" limitation of the asserted '530 and '908 patents, as it repeatedly argued in briefing. That fails for the same reasons discussed in MIL No. 3 above. **First**, Riverbed's only argument for purported relevance relates to the scope of the claims, which is a claim construction issue that the Court is currently addressing. Dkt. No. 497. **Second**, Riverbed's statements in the POPR do not operate as a disclaimer because they merely

stated that it was improper for Oracle to "equate" shorter transfer time along a communication line to the '530 and '908 claims, which considers compression and storage, not just transmission in isolation. *See, e.g.,* Dkt No. 456 at 13; Dkt. No. 479 at 4. ***Third***, any purported relevance is far outweighed by the high risk of jury confusion. *See, e.g., PACT XPP Technologies, AG v. Xilinx, Inc.*, No. 2:07-CV-563-RSP, 2013 WL 4574267, at *1 (E.D. Tex. Aug. 27, 2013) ("whether statements made during prosecution had the effect of disclaiming claim scope is a claim construction issue for the Court to decide, and disputes over the proper scope and construction of the claims should not be presented to a jury").

### VII.   MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING OTHER LITIGATION INVOLVING REALTIME OR THE ASSERTED PATENTS EXCEPT AS RELEVANT TO LICENSES RELIED ON BY THE PARTIES' RESPECTIVE DAMAGES EXPERTS

Riverbed should be precluded from introducing evidence or argument regarding other proceedings, verdicts, or litigation involving Realtime or the Asserted Patents except as relevant to license agreements that are relied on by the parties' respective experts. Such litigation involves different parties and different products. Such litigation also involves different claims and different or additional patents. These other proceedings are irrelevant to this action. Evidence or argument concerning the other proceedings would be substantially more prejudicial than probative. *See* Fed. R. Evid. 402, 403; *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.,* 2015 WL 6247430, at *1 (E.D. Tex. Jan. 31, 2015) (excluding from trial "references to other litigation as to either party except with respect to licenses that become involved in the case").

Riverbed states that it intends to introduce evidence of Realtime's other litigation because it relates to Realtime's contention that Riverbed's infringement was willful. But willfulness focuses on Riverbed's conduct; *Realtime's* activity is irrelevant. *See Script Security SystemsLLC v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 938 (E.D. Tex. 2016) ("A claim for willful patent infringement requires proof that (1) the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and (2) this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer.") (internal

citations omitted).  Other litigation has no bearing on whether Riverbed infringes these patents, which are presumed valid.

Moreover, the presentation of such evidence or argument creates substantial risk of jury confusion, as this Court has routinely recognized.  *See Rembrandt Wireless Techs.,* LP, 2015 WL 627430, at *2; *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-911-JRP-RSP, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016) (ordering that "[t]he parties may not refer to the existence, pendency, or outcome of other litigation involving [Plaintiff]").  For instance, the jury could draw a negative inference form the fact that Realtime has brought suit against other parties, instead of focusing on the evidence of Riverbed's infringement of the patents-in-suit. Accordingly, the parties should be precluded from introducing evidence or argument related to Realtime's other litigation, except with regard to licenses that are involved in the case.  The exception concerning licenses is detailed in the parties' concurrently filed "Stipulation Regarding Motions *In Limine*":

> 5.    The parties may not offer evidence or make argument relating to the substance of any Realtime or Riverbed license agreements that are not allegedly comparable (i.e., no reference to settlement agreements other than those between Realtime, on the one hand, and F5, Blue Coat, Citrix, Actian/Pervasive, and/or Vembu, on the other hand). However, Realtime can identify its other licensees of the patents-in-suit, without discussing any terms or the substance of those licenses. Similarly, if Realtime raises other licensees, Riverbed may elicit testimony or comment that these licenses arose after Realtime instituted litigation against that licensee.

## VIII.   MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE CONCERNING LICENSING LETTERS SENT TO THIRD PARTIES (DX-93, DX-94, DX-95)

Riverbed should be precluded from introducing as evidence letters that Realtime sent to unrelated third parties concerning licensing Realtime's patents.  Specifically, Riverbed's exhibit list contains three exhibits, DX-93, DX-94, and DX-95 (Exs. 9-12), that consist of multiple letters sent by counsel for Realtime to various third-parties inviting them to commence discussions concerning taking a license to patents in Realtime's portfolio. These letters date back to 2006 and concern both patents and products that are not at issue in this case. The fact that Realtime has

offered to license its patents to third-parties concerning products that are not accused in this case is irrelevant to any issue, is unduly prejudicial, and risks jury confusion.  Fed. R. Evid. 401, 402, 403; *Multimedia Patent Trust v. Apple Inc*., No. 10-CV-2618-H (KSC), 2012 WL 12868264, at *6–7 (S.D. Cal. Nov. 20, 2012 ("The parties are precluded from relying on unaccepted licensing offers as part of their damages analysis, unless the licensing offers materialized into an actual license.").

Riverbed incorrectly contends that these documents are relevant to Riverbed's state of mind. As these letters were sent to parties with no relation to Riverbed, concerning products not used by Riverbed, and discussing patents that Riverbed is not accused of infringing, they are not probative of Riverbed's mental state.  Instead, it appears that Riverbed is trying to use the letters to prejudice Realtime by making it look litigious.  Accordingly, as these letters are irrelevant, unduly prejudicial, and risk jury confusion, evidence and argument concerning them should be excluded.

DX-93, DX-94, and DX-95 should additionally be excluded as they are improper compound exhibits.  These exhibits do not consist of one letter each; instead, each of them contain multiple letters to multiple different parties, spread out over ten years, discussing multiple different products.  Specifically, DX-93 consists of twenty different letters, DX-94 consists of seven different letters, and DX-95 is a 197-page document consisting of almost fifty separate letters.  By grouping multiple separate and distinct letters as single exhibits, Riverbed effectively side-steps this Court's Order that an exhibit list contain no more than 250 exhibits. Dkt. No. 517.

For these reasons, the Court should exclude all evidence and argument concerning Realtime's contacts with third-parties concerning taking a license to its portfolio, including exhibits DX-93, DX-94 and DX-95.

11

## IX.    MOTION *IN LIMINE* NO. 9 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING RIVERBED'S EQUITABLE DEFENSES THAT ARE SOLELY FOR THE COURT TO DETERMINE

Riverbed's equitable defenses, including its equitable estoppel defense, "do[] not give rise to the right of trial by jury . . . ." *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212-13 (Fed. Cir. 1987). *See also Digital Control, Inc. v. Charles Mach. Works*, NO. C03-103P, 2004 U.S. Dist. LEXIS 29319, at *2 (W.D. Wash. Mar. 22, 2004) ("inequitable conduct is a fundamentally equitable defense for which there is no jury trial right"). Numerous courts thus recognize that evidence or reference to an equitable estoppel defense should be excluded from the jury. For instance, in *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 145 (N.D. Iowa 2003) the court found:

> [T]he court agrees with Pioneer that evidence of or reference to the equitable defenses of laches, estoppel, or waiver must be barred in proceedings in front of the jury. Evidence expressly or only directed to such defenses and express reference to such defenses poses a very real risk of unfair prejudice that outweighs any probative value such evidence might have to matters properly before the jury, as well as a risk of misleading and confusing the jury. See Fed. R. Evid. 403. Specifically, admission of such evidence or reference to such defenses might invite the jury to make a determination on the basis of "equitable" considerations that do not properly enter into any determination that the jury must make.

*See also Cybergym Research, LL LLC v. Icon Health & Fitness, Inc.*, 2007 U.S. Dist. LEXIS 102199, *7-*8 (E.D. Tex. Oct. 7, 2007) ("All the equitable defenses, including inequitable conduct, unclean hands, waiver, laches, and estoppel will be bifurcated from the first half of the trial regarding infringement and validity. *All exhibits, testimony, and prosecution history evidence relating to the equitable defenses raised by the Defendant . . . will be precluded* from the first half of the trial relating to infringement and validity.") (emphasis added); *Church & Dwight Co. v. Abbott Labs.*, 2008 U.S. Dist. LEXIS 49590, *3 (D.N.J. June 23, 2008) ("equitable defenses of inequitable conduct and laches would not be tried to the jury, but instead would be before the Court").

Riverbed's equitable defenses have no probative value to any factual determinations for the jury, and instead present a danger of unfair prejudice, confusion of the issues, delay and misleading the jury. They are properly excluded under Federal Rules of Evidence 402 and 403.

*See Pioneer Hi-Bred Int'l, Inc.*, 219 F.R.D. at 145 ("Evidence expressly or only directed to [equitable] defenses and express reference to such defenses poses a very real risk of unfair prejudice that outweighs any probative value such evidence might have to matters properly before the jury, as well as a risk of misleading and confusing the jury."); *Trading Tech. Int'l, Inc. v. eSpeed*, 507 F. Supp. 2d 870, 873 (N.D. Ill. 2007 ("patent cases are inherently complicated and confusing for a jury, and . . . evidence of inequitable conduct, essentially fraud, may very well prejudice the patentee in its case to the jury").

Riverbed intends to present evidence concerning its equitable defenses to obtain an advisory opinion from the jury on certain factual issues relevant to these defenses. For example, Riverbed's DX-106 (Ex. 12) is an email from 2012, in which Realtime employees and advisors discuss bringing suit against Riverbed for patent infringement. The only potential relevance of this email—authored three years before Realtime filed this action—is to Riverbed's equitable defenses. Because these equitable defenses are for the Court to determine, seeking advisory opinions from the jury can only add to limited trial time and create confusion. Realtime, therefore, respectfully requests that the Court exclude any evidence or reference to Riverbed's equitable defenses.

Dated: April 25, 2017                                    Respectfully submitted,


                                    By: /s/ *Paul A. Kroeger*
                                    Marc A. Fenster (CA SBN 181067)
                                    Email: mfenster@raklaw.com
                                    Brian D. Ledahl (CA SBN 186579)
                                    Email: bledahl@raklaw.com
                                    Reza Mirzaie (CA SBN 246953)
                                    Email: rmirzaie@raklaw.com
                                    Paul Kroeger (CA SBN 229074)
                                    Email: pkroeger@raklaw.com
                                    C. Jay Chung (CA SBN 252794)
                                    Email: jchung@raklaw.com
                                    Jeffrey Z.Y. Liao (CA SBN 288994)
                                    Email: jliao@raklaw.com
                                    Christian Conkle (CA SB No. 306374)
                                    Email: cconkle@raklaw.com

RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310/826-7474
Facsimile 310/826-6991

T. John Ward, Jr. (TX SBN 00794818)
E-mail: jw@wsfirm.com
Claire Abernathy Henry (TX SBN 24053063)
E-mail: claire@wsfirm.com
WARD, SMITH & HILL, PLLC
P. O. Box 1231
Longview, Texas 75606
Tele: 903/757-6400
Facsimile 903/757-2323

**Attorneys for Plaintiff**
**REALTIME DATA LLC d/b/a IXO**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on April 25, 2017, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that, in accordance with Local Rule CV-7(h), on April 20, 2017 and on April 24, 2017, Paul Kroeger and Reza Mirzaie, Counsel for Realtime and Charlie Jones and Matthew Chiarizio, counsel for Riverbed met and conferred concerning the substance of this motion and the relief requested. Following discussion, Riverbed remains opposed to these motions and the relief requested. Discussions conclusively ended in an impasse, leaving open the instant issues for the court to resolve.

/s/ <i>Paul A. Kroeger</i>
Paul A. Kroeger
