# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 6:15-CV-463 |
| | § | RWS-JDL |
| V. | § | |
| | § | LEAD CASE |
| | § | |
| ACTIAN CORPORATION ET AL., | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Riverbed Technology, Inc.'s ("Riverbed") Motion to Strike New Infringement Theories and Irrelevant Testing from the Expert Report of Dr. Mitzenmacher. (Doc. No. 440.) Plaintiff Realtime Data, LLC ("Realtime") has filed a Sealed Response (Doc. No. 455), Riverbed has filed a Reply (Doc. No. 467), and Realtime has filed a Sealed Sur-Reply (Doc. No. 476). The Court heard oral argument regarding this Motion on April 11, 2017.

The Court previously issued a Memorandum Opinion and Order addressing the arguments regarding Dr. Mitzenmacher's allegedly new infringement theories. (*See* Doc. No. 510.) The Court ordered claim construction briefing with respect to a claim limitation in U.S. Patent No. 7,415,530 and U.S. Patent No. 9,116,908. (*See* Doc. No. 497.) Thus, the Court reserved resolution of the portion of this Motion relating to the '530 and '908 Patents (specifically, Dr. Mitzenmacher's allegedly irrelevant testing) until claim construction briefing was complete. (*See* Doc. No. 510, at 6.)

After receiving claim construction briefing and hearing argument on the parties' claim construction positions, the Court determined that no construction was necessary for the phrases "said compression and storage occurs faster than said data stream is able to be stored on said memory device in said received form" ('530 Patent, Claim 1) and "the compression and storage occurs faster than the first and second data blocks are able to be stored on the memory device in uncompressed form." ('908 Patent, Claim 1, 21) ("faster than limitation").  Specifically, the Court found that in the context of the '530 and '908 Patents, "storage" was not necessarily limited to exclude the transmission of data between the data accelerator and memory device.

Riverbed's Motion argues that testing performed by Realtime's technical expert, Dr. Mitzenmacher, is irrelevant to the question of patent infringement.  Specifically, Riverbed argues that Dr. Mitzenmacher improperly included transmission time when testing the accused products to determine if they satisfied the "faster than" limitation.   (Doc. No. 440, at 11-15.)

Because the Court has found that the "faster than" limitation does not necessarily exclude transmission, Dr. Mitzenmacher's testing is relevant to the patent infringement analysis. The jury will be able to weigh and evaluate Dr. Mitzenmacher's testing and theories in determining whether the accused products meet the "faster than" limitation.

Accordingly, the Court **DENIES** the portion of Riverbed's Motion that remains pending, and specifically **DENIES** Riverbed's Motion with respect to Dr. Mitzenmacher's allegedly irrelevant testing.  (Doc. No. 440.)

**So ORDERED and SIGNED this 8th day of May, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE