IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 6:15-CV-463 |
| | § | RWS-JDL |
| v. | § | |
| | § | LEAD CASE |
| | § | |
| ACTIAN CORPORATION ET AL., | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendants.* | § | |

**ORDER OVERRULING OBJECTIONS TO
MEMORANDUM OPINION AND ORDER OF
UNITED STATES MAGISTRATE JUDGE**

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Memorandum Opinion and Order of the Magistrate Judge (Docket No. 482), granting-in-part and denying-in-part Riverbed Technology, Inc.'s ("Riverbed") Motion to Strike the Expert Report of Mr. Robert Mills (Docket No. 443) has been presented for consideration. Riverbed filed objections seeking reconsideration of the Order. Docket No. 493. Plaintiff Realtime Data, LLC ("Realtime") filed a sealed response. Docket No. 526. The Court reviews the Magistrate Judge's findings for clear error. 28 U.S.C. § 636 (b)(1)(A).

Riverbed's objections are based on the same arguments originally presented in its motion briefing. First, Riverbed argues that the Magistrate Judge clearly erred in finding that convoyed sales could be included in Mr. Mills' royalty base. Second, Riverbed argues that the Magistrate Judge clearly erred in allowing Mr. Mills to rely on two Realtime license agreements in his royalty rate analysis. Third, Riverbed argues that the Magistrate Judge erred by declining to strike Mr. Mills' royalty rate adjustment opinions.

The Magistrate Judge found that the Federal Circuit's opinions in *Interactive Pictures* and *Fujifilm* indicated convoyed sales may be considered in calculating a royalty base. *See* Docket No. 482 at 3–6. Riverbed's attempts to distinguish those cases in its objections are unpersuasive. *Interactive Pictures* found that a jury "was entitled to rely on evidence of bundling and convoyed sales in determining the proper scope of the royalty base." *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1385 (Fed. Cir. 2001). *Fujifilm* cited *Interactive Pictures* for the same proposition. *Fujifilm Corp. v. Benum*, 605 F.3d 1366, 1373 (Fed. Cir. 2010). Riverbed does not cite any Federal Circuit cases (or opinions from this district) explicitly contradicting this clear assertion. Indeed, even Riverbed's citation from an opinion in the Northern District of California acknowledges that as long as an expert has performed sufficient analysis, convoyed sales may be used to form the royalty base. *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 4272870, at *9 (N.D. Cal. July 14, 2015). Accordingly, Riverbed's first objection is overruled.

The Magistrate Judge also explained that Riverbed's criticisms of Mr. Mills' opinions did not justify their exclusion. Docket No. 482 at 9. Riverbed's objections set forth a bulleted list of what it considers important differences between the Actian and Vembu Agreements relied on by Mr. Mills and the hypothetical negotiation. Docket No. 493 at 4. The Magistrate Judge found that "Mr. Mills provides an analysis of the similarities and differences he perceives between the Actian and Vembu Agreements and the facts at hand." Docket No. 482 at 9. Riverbed is essentially arguing (as it did in its original Motion) that certain salient facts should have tipped Mr. Mills' analysis in the direction Riverbed preferred. The Magistrate Judge did not commit clear error in rejecting this argument.

Riverbed also objects that Mr. Mills performed no analysis to verify the "one-sided statements" in the Actian and Vembu agreements reciting an explicit royalty rate of 3%. Docket

No. 493 at 4. Riverbed argues as it did in its Motion that "[i]n fact, available data shows at least the Actian Agreement's recited rate is incorrect." *Id.* at 5. Again, the Magistrate Judge did not clearly err in finding that Riverbed's "disagreement primarily lies not with [Mr. Mills'] methodology but with the inputs [Mr. Mills] uses." Docket No. 482 (*citing Saint Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-cv-349-JRG, 2017 WL 679623, at *2 (E.D. Tex. Feb. 21, 2017)). The agreements themselves are the facts Mr. Mills relies on at the outset of his analysis. Mr. Mills' Report explains his reasoning for relying on these agreements, and Riverbed has indicated that it has publicly available data it can use to challenge the royalty rate figures in these agreements. *See* Docket No. 444-1 (Riverbed Appx. No. 5, "Mills Rep."), ¶88; Docket No. 443 at 14–16. The Magistrate Judge did not clearly err in finding that Riverbed's disputes were properly the subject matter for cross-examination.

As stated in *PerdiemCo, LLC v. Industrack LLC*, No. 2:15-CV-726-JRG-RSP, 2016 WL 6611488 (E.D. Tex. Nov. 9, 2016), "[w]hile it is true that [the damages expert] does not disclose how he weighs or combines [various] metrics to arrive at his final royalty, estimating a reasonable royalty and apportionment is never an exact science. At some level an expert must be allowed to rely on and use his or her judgment, provided the opinion is supported by facts and data." *Id*. at *3. Mr. Mills walks through the *Georgia-Pacific* factors and sets forth information related to each of the relevant factors that influence his royalty rate determination. *See* Mills Rep., ¶¶149-168. In this way, Mr. Mills provided a sufficient factual basis for his analysis. The Magistrate Judge did not clearly err in finding "[t]he fact that [Mr. Mills] does not prescribe a specific, quantitative value to each factor in walking through his analysis does not warrant exclusion of his testimony under *Daubert*." Docket No. 482 at 10.

The Court agrees with the findings of the Magistrate Judge and finds no clear error in his conclusions. Therefore, the Court adopts the findings of the United States Magistrate Judge as the findings of this Court. All objections are **OVERRULED** and Riverbed's Motion (Docket No. 443) is **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth herein and in the Magistrate Judge's Order (Docket No. 482).

**SIGNED this 15th day of May, 2017.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE