IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 6:15-CV-463 |
| | § | RWS-JDL |
| v. | § | |
| | § | LEAD CASE |
| | § | |
| ACTIAN CORPORATION ET AL., | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendants.* | § | |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge (Docket No. 512) recommending denial of Riverbed Technology, Inc.'s ("Riverbed") Motion for Partial Summary Judgment on Direct and Indirect Infringement (Docket No. 437) has been presented for consideration. Riverbed filed objections to the Report and Recommendation. Docket No. 552. Plaintiff Realtime Data, LLC ("Realtime") filed a sealed response to Riverbed's objections. Docket No. 578. The Magistrate Judge's findings and conclusions are reviewed *de novo*. 28 U.S.C. § 636 (b)(1)(B)–(C).

Riverbed objects to the Magistrate Judge's findings solely with respect to the "coupled to" limitation of the '530 Patent. *See* Docket No. 552. Specifically, Riverbed argues that it does not make, offer, or sell SteelHeads that are "coupled" over a network, and on this basis, cannot infringe the claims of the '530 Patent. *Id.* at 1–2.

Riverbed's argument is premised on various assumptions about Realtime's infringement theory. First, Riverbed asserts that Realtime's infringement theory is that the "coupled to" limitation of the '530 Patent is only satisfied when two SteelHeads are connected by a network or WAN. Docket No. 552 at 2. Riverbed next argues that the Magistrate Judge's Report was based on Realtime's argument that the SteelHeads are *capable of* being coupled, or *intended to* be coupled, when they are manufactured and sold by Riverbed. *Id.* Riverbed argues that the claims require a system that *is* coupled, not simply a system that is *capable of* being coupled, and thus summary judgment should not have been granted on this basis. *Id.* Riverbed further argues that its sale of installation and configuration services cannot defeat summary judgment because "there is no evidence that these installation or configuration services include connecting two SteelHeads to a network." *Id.* at 5.

In response to Riverbed's objections, Realtime states "Claim 1 of the '530 Patent only requires that the data accelerator and the memory device be 'coupled to' each other. It does not claim any specific manner of coupling or connection." Docket No. 578 at 2. In other words, Realtime argues that it is not necessarily the network connection itself that satisfies the "coupled to" limitation. Rather, this limitation may be met simply as a result of the relationship between two SteelHeads. *See* Docket No. 578 at 1–2 (referring to evidence that (1) SteelHeads must be used as a pair; (2) Riverbed customers use SteelHeads by placing them on sending and receiving sides of the WAN; and (3) more generally, devices capable of communicating wirelessly may satisfy the 'coupled to' limitation). After reviewing the evidence and the parties' arguments, the Court agrees with the Magistrate Judge that "[i]f and how the accused products 'couple' to one another is a fact issue related to whether the accused products perform Claim 1 of the '530 Patent." *See* Docket No. 512 at 5.

Therefore, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. All objections are **OVERRULED** and Riverbed's Motion (Docket No. 437) is **DENIED** as set forth herein and in the Magistrate Judge's Report and Recommendation (Docket No. 512).

**SIGNED this 23rd day of May, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE