# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br>          Plaintiff,<br>     v.<br><br>RIVERBED TECHNOLOGY, INC.,<br>          Defendant. | **Case No. 6:15-cv-468-RWS-JDL** |

**Realtime's Rule 59(e) Motion to Amend Judgment
to Disregard Jury's Superfluous Invalidity Findings
that Violate the Court's Instructions**

## **TABLE OF CONTENTS**

**Page(s)**

I. RELEVANT FACTS ................................................................................................... 2

    A. The parties jointly draft the verdict form's STOP instruction. ............................... 2

    B. The jury disregards the verdict form's STOP instruction. ..................................... 2

II. LEGAL STANDARD .................................................................................................. 3

III. ARGUMENT ............................................................................................................... 4

    A. Because the jury's invalidity findings violate the Court's STOP instruction, they are improper surplusage and must be disregarded. .......................................... 4

    B. Under similar facts, Judge Gilstrap enforced a STOP instruction and required the jury to remove superfluous invalidity findings. ................................. 6

    C. Although resubmission to the jury was permitted, it is not required. ..................... 7

    D. Riverbed waived its objections to the STOP instruction. ....................................... 8

IV. CONCLUSION ............................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aqua Massage Intern., Inc. v. Licht*,
   No. 03–60493–CIV, 2004 WL 2359346 (S.D. Fla. Oct. 12, 2004) .................................. 6

*Bettcher Indus., Inc. v. Bunzl USA, Inc.*,
   661 F.3d 629 (Fed. Cir. 2011) .......................................................................................... 3

*Carr v. Wal-Mart Stores, Inc.*,
   312 F.3d 667 (5th Cir. 2002) ................................................................................. 4, 5, 6, 7

*Duk v. MGM Grand Hotel, Inc.*,
   320 F.3d 1052 (9th Cir. 2002 ........................................................................................... 7

*Duran v. Town of Cicero, Ill.*,
   653 F.3d 632 (7th Cir. 2011) ............................................................................................ 3

*E.E.O.C. v. Foot Locker Retail, Inc.*,
   No. C077-5472-BHS, 2009 WL 1174640 (W.D. Wash. Apr. 28, 2009) ........................... 5

*Edward H. Bohlin Co. v. Banning Co.*,
   6 F.3d 350 (5th Cir. 1993) ................................................................................................ 3

*Flexuspine, Inc. v. Globus Medical, Inc.*,
   No. 6:15-cv-201-JRG-KNM, Dkt. No. 258 (E.D. Tex. Oct. 3, 2016) ...................... 6, 7, 8

*Floyd v. Laws*,
   929 F.2d 1390 (9th Cir. 1991) .................................................................................. 5, 6, 7

*McCormick Harvesting Mach. Co. v. C. Aultman & Co.*,
   159 U.S. 606 (1898) .......................................................................................................... 9

*McDaniel v. Anheuser-Busch, Inc.*,
   987 F.2d 298 (5th Cir. 1993) ............................................................................................ 3

*Richard v. Firestone Tire & Rubber Co.*,
   853 F.2d 1259 (5th Cir. 1988) .......................................................................................... 7

*Tanno v. S.S. President Madison Ves*,
   830 F.2d 991 (9th Cir. 1987) ............................................................................................ 5

*United States v. Reed*,
   147 F.3d 1178 (9th Cir. 1998) .......................................................................................... 3

*Waltman v. Int'l Paper Co.*,
   875 F.2d 468 (5th Cir. 1989) ............................................................................................ 3

*White v. Grinfas*,
   809 F.2d 1157 (5th Cir. 1987) ............................................................................... 4, 5, 6, 7

**Other Authorities**
Federal Rule Civil Procedure 51 ............................................................................................. 3

The Court's verdict form, as drafted and agreed by the parties, instructed the jury to decide invalidity only if it found a claim to be infringed. It instructed the jury to "answer this next question" (regarding invalidity) "only for the claims you answered 'yes' to in questions 1 or 2 above" (regarding infringement). Dkt. No. 608 at 4. The verdict further instructed: "if you did not answer 'yes'" for any claim, "*do not answer* this question for that claim":

> ANSWER THIS NEXT QUESTION ONLY FOR THE CLAIMS YOU ANSWERED "YES" TO IN QUESTIONS 1 OR 2 ABOVE. IF YOU DID NOT ANSWER "YES" FOR A CLAIM IN QUESTIONS 1 OR 2, DO NOT ANSWER THIS QUESTION FOR THAT CLAIM.
>
> **QUESTION 3:**
>
> Has Riverbed proven by clear and convincing evidence that any of the following claims of the following patents are invalid due to obviousness?
>
> *A "Yes" is a finding for Riverbed. A "No" is a finding for Realtime.*
>
> **'530 Patent**
>
> Claim 1    YES
> Claim 14   YES

*Id.* The jury found that Riverbed does not infringe claims 1 and 14 of the '530 patent. But despite the clear STOP instruction—emphasized in capital letters and written twice at the top of the page—the jury disregarded it and continued to answer Question 3 regarding the invalidity of these claims.

Realtime respectfully asks the Court to exercise its broad discretion under Rule 59(e)[1] to enforce the STOP instruction and disregard the jury's superfluous invalidity findings. Under Fifth Circuit law, verdict questions answered in violation of the court's STOP instruction are improper surplusage and must be disregarded. Such findings are "by definition, irrelevant" and "do not constitute legitimate or viable findings of fact." Removing these findings here is justified because the parties understood and agreed that the jury would not decide validity if it found the claims were not infringed. Realtime does not ask for a new trial, and the relief requested would not change the jury's verdict of no liability for the '530 patent.

---

[1] In the alternative, relief under Rule 60(b) may also be appropriate. Rule 60(b) permits courts to relieve a party from a final judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect"; "the judgment is void"; or "any other reason that justifies relief."

## I. RELEVANT FACTS

### A. The parties jointly draft the verdict form's STOP instruction.

Two months before trial, Realtime sent a proposed verdict form to Riverbed. Ex. 1 (March 17, 2017 E-mail from Jay Chung to Matt Chiarizio); Ex. 2 (Proposed Verdict Form). The first two questions concerned infringement (Question 1) and invalidity (Question 2). The verdict form conditioned deciding validity upon a finding of infringement. Specifically, Realtime proposed the following STOP instruction before Question 2: "Answer this next question only as to those claims you answered 'Yes' to in Question 1 above—otherwise do not answer this question." Ex. 2 at 3 (all caps in original).

A week later, Riverbed responded with its revisions to the verdict form. Ex. 3 (March 24, 2017 E-mail from Matt Chiarizio to Jay Chung); Ex. 4 (Riverbed's Revised Verdict Form). Riverbed changed the general infringement and invalidity questions into specific interrogatories on direct infringement (Question 1), induced infringement (Question 2), invalidity due to anticipation (Question 3), and invalidity due to obviousness (Question 4). Riverbed accepted Realtime's proposal to make invalidity contingent on a threshold finding of infringement. In fact, Riverbed revised the STOP instruction to add another sentence reiterating that a finding of non-infringement moots invalidity. Riverbed's revised STOP instruction read in full: "Answer this next question only for the claims you answered 'Yes' to in Questions 1 or 2 above [direct or induced infringement]. If you did not answer 'yes' for a claim in Questions 1 or 2, do not answer this question for that claim." Ex. 4 at 4 (all caps in original). The parties adopted Riverbed's language into the initial pretrial order that was filed with the Court. *See* Dkt. No. 487-4 at 4.

### B. The jury disregards the verdict form's STOP instruction.

The parties went to trial in May 2017. On the last day of trial, the Court asked the parties to state their objections to the jury instructions and verdict form. Transcript of Jury Trial, May 26, 2017, Morning Session, at 2:18—3:9, 96:25–97:12. Neither party objected to the verdict form. *See id.* at 97:19–99:24. The Court then charged the jury. Dkt. No. 608 at 4. As presented, the verdict form instructed the jury to answer four questions: (1) direct infringement; (2) induced

2

infringement; (3) invalidity due to obviousness; and (4) damages. The STOP instruction before Question 3 was included exactly as drafted and agreed by the parties. The verdict form also contained a similar STOP instruction before Question 4 (on damages) instructing the jury to assess damages only if it found a patent to be infringed and not invalid. *Id.* at 5.

After deliberating, the jury returned a verdict of no direct infringement (Question 1) and no induced infringement (Question 2) for all asserted claims (claims 1 and 14) of the '530 patent. *Id.* at 3. The jury, however, disregarded the STOP instruction and wrote "yes" for Question 3, indicating that claims 1 and 14 of the '530 patent are invalid due to obviousness. The jury also disregarded the STOP instruction for Question 4 and wrote "0" damages for the '530 patent, even though the patent was found to be not infringed and invalid. *Id.* at 5.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. In patent cases, for procedural questions under Rule 59, the Federal Circuit applies the law of the regional circuit where the district court sits. *Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 638 (Fed. Cir. 2011). The Fifth Circuit has held that district courts exercise "considerable discretion" in deciding a Rule 59(e) motion. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

For example, a district court is justified in using its discretion to grant a Rule 59(e) motion "to correct manifest errors of law or fact." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (finding manifest errors of law or fact and reversing district court's denial of Rule 59(e) motion). A Rule 59(e) motion asserting manifest error need not be preceded by an objection at trial. *See Duran v. Town of Cicero, Ill.,* 653 F.3d 632, 642–43 (7th Cir. 2011).

"Verdict forms are, in essence, instructions to the jury." *United States v. Reed*, 147 F.3d 1178, 1180 (9th Cir. 1998). A party must make its objections to the jury instructions before the instructions are delivered to the jury. Fed. R. Civ. Pro. 51. "[F]ailure to object to the wording of a special issue prevents a party from objecting to such wording on appeal." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 306 (5th Cir. 1993).

## III. ARGUMENT

### A. Because the jury's invalidity findings violate the Court's STOP instruction, they are improper surplusage and must be disregarded.

The Fifth Circuit has held that verdict answers given in violation of a court's STOP instruction are improper surplusage and must be disregarded. *White v. Grinfas*, 809 F.2d 1157, 1161 (5th Cir. 1987). Here, there can be no dispute that the jury's invalidity findings violated the Court's STOP instruction on page 4 of the verdict form. *See* Dkt. No. 608 at 4. In response to questions 1 and 2, the jury found that Riverbed does not infringe claims 1 and 14 of the '530 patent. *Id.* at 2–3. These findings invoked the STOP instruction, which required the jury to skip question 3 regarding invalidity. *Id.* at 4. By disregarding the Court's instructions, the jury's answers to question 3 were improper surplusage.

Two Fifth Circuit opinions dismissed superfluous answers following a STOP instruction. In *White*, decided in 1987, the trial court submitted 19 verdict questions to the jury. 809 F.2d at 1161. The instructions following question 3 stated if you answered "no" to question 3, then do not any of the following questions. *Id.* The jury answered "no" to question 3 but continued to answer the remaining questions. *Id.* On appeal, the Fifth Circuit held that because all the questions after question 3 "were predicated on an affirmative response to that question," the subsequent answers necessarily conflicted with the answer to question 3. *Id.* Thus, by violating the Court's STOP instruction, the jury's subsequent answers were irrelevant and must be ignored (*id.*):

> To effectuate best the intent of the jury, we hold that if the district court has correctly found that the jury's answer to a question that was supposed to terminate further inquiry is clear and disposes of the legal issues, on review ***we must ignore the jury's necessarily conflicting answers*** to any other questions. ***The subsequent questions are by definition irrelevant*** in these circumstances, and cannot be used to impeach the jury's clear verdict.[2]

Likewise, in *Carr v. Wal-Mart Stores, Inc.*, decided in 2002, the Fifth Circuit reaffirmed the 15-year-old holding of *White*. 312 F.3d 667, 673–674 (5th Cir. 2002). *Carr* involved a similar

---

[2] All emphasis added unless otherwise noted.

4

STOP instruction that told the jury to answer question 2 (regarding causation) only if it answered "yes" to question 1 (regarding negligence). *Id.* at 669. The jury answered "no" to question 1 and proceeded to answer "no" to question 2 as well. *Id.* at 674. The trial court noted that the jury's answer to question 2 violated the instructions given, but nonetheless accepted the jury's response to question 1 as dispositive on negligence and determined that the jury's response to question 2 was harmless. *Id.* But in ruling on plaintiff's motion for a new trial, the trial court adopted the jury's response to question 2 and used it as a basis for denying plaintiff's motion. *Id.*

The Fifth Circuit, relying on *White*, reiterated that verdict answers given in violation of the court's express instructions are surplusage and must be disregarded. *Id.* at 673–74. The court held that the jury's response to question 2 was "hardly harmless" and that it was improper for the trial court to give any weight to the jury's superfluous response. Thus, "the trial court ***abused its discretion*** in utilizing the jury's response to [question 2] as grounds for denying Carr's motion for a new trial." *Id.* at 675 (emphasis added).

Other circuits have treated STOP instructions the same way. For example, in *Floyd v. Laws*, the Ninth Circuit addressed "the situation in which a jury proffers superfluous answers in violation of a trial court's express instructions contained on the special verdict form." 929 F.2d 1390, 1397 (9th Cir. 1991). The *Floyd* court relied on *White* as well as *Tanno v. S.S. President Madison Ves*, 830 F.2d 991, 993 (9th Cir. 1987), a case holding that trial courts must ignore parenthetical comments on the verdict form as surplusage. *Id.* Based on *White* and *Tanno*, the court held that answers issued in violation of the court's instructions are akin to parenthetical comments and "do not constitute legitimate or viable findings of fact." *Id.* "The trial court ***must*** therefore dismiss them as ***surplusage, as a matter of law***." *Id.*[3] District courts have also held the same.[4]

---

[3] Because the jury correctly answered question 13 preceding the STOP instruction, "that answer disposed of the legal issue before the trial court and obviated any further finding of fact." *Floyd*, 929 F.2d at 1399. "At that point, the trial court was bound by law to disregard any answer to question 14 as surplusage" and that answer "never became a part of the special verdict." *Id.*

[4] *See, e.g., E.E.O.C. v. Foot Locker Retail, Inc.*, No. C077-5472-BHS, 2009 WL 1174640, at *5–6 (W.D. Wash. Apr. 28, 2009) ("When a jury's special verdict includes findings that disregard a trial court's express instructions, the trial court must disregard them as surplusage, as a matter of law." (citing *Floyd*)).; *Aqua Massage Intern., Inc. v. Licht*, No. 03–60493–CIV, 2004 WL

Together, *White*, *Carr,* and *Floyd* stand for the clear rule that verdict answers given in violation of a STOP instruction are improper surplusage. Such answers are "by definition, irrelevant" (*White*) and "do not constitute legitimate or viable findings of fact" (*Floyd*). Further, the court's decision to accept them is not discretionary. They "must be" disregarded (*White* and *Floyd*) and adopting them may constitute "abuse of discretion" (*Carr*). The Court should follow these cases as binding and persuasive authority, and disregard the jury's superfluous answers finding that claims 1 and 14 of the '530 patent are invalid.

**B.     Under similar facts, Judge Gilstrap enforced a STOP instruction and required the jury to remove superfluous invalidity findings.**

The rule against superfluous verdicts fully applies to patent cases and findings of infringement and validity. Judge Gilstrap recently confronted a situation nearly identical to this case and required the jury to remove superfluous invalidity findings after it found the patent was not infringed. *Flexuspine, Inc. v. Globus Medical, Inc*., No. 6:15-cv-201-JRG-KNM, Dkt. No. 258 (E.D. Tex. Oct. 3, 2016) (attached as Ex. 5).

In *Flexuspine*, the verdict form included a STOP instruction that read: "Answer the next question [on invalidity] only as to those claims you answered 'yes' to in question 1 above [on infringement]—otherwise do not answer this question." *Id.* at 4 (all caps in original). Despite this instruction, the jury returned a verdict of non-infringement and invalidity. *Id.* at 5. Upon reviewing the verdict form, Judge Gilstrap required the jury to retire again and return a verdict consistent with the Court's instructions. *Id.* The jury then returned a verdict of non-infringement but left invalidity unanswered. *Id.* After trial, the defendant moved to restore the jury's original but improper finding of invalidity. *Id.*

Judge Gilstrap denied the motion and held that his decision to enforce the STOP instruction was correct. *Id.* at 6–11. Judge Gilstrap noted that "a verdict form in a civil case with allegations of patent infringement operates as a type of jury instruction and should be considered with and

---

2359346, *3 (S.D. Fla. Oct. 12, 2004) (finding jury's answers to questions 15–22 mere surplusage even though STOP instruction omitted from verdict form due to scrivener's error).

6

part-and-parcel of the final jury instructions." *Id.* at 7. Judge Gilstrap further held that the Court has "broad discretion to refuse to consider interrogatories answered in violation of the court's instructions." *Id.* at 8. That discretion justified resubmitting the original verdict to the jury and requiring it to comply with the instructions. *Id.*

*Flexuspine* arose in a different procedural posture from this case, but its reasoning is instructive. The key point is that Judge Gilstrap required the jury to revise its original verdict, which resulted in removing the superfluous invalidity findings. *Flexuspine* is thus perfectly consistent with *White*, *Carr*, and *Floyd*, which held that superfluous findings must be disregarded. If the jury's original finding of invalidity had been entitled to any weight, resubmitting the issue to the jury would have been improper. But because the invalidity question had only been answered contrary to the Court's instructions, Judge Gilstrap disregarded it and effectively rendered it a nullity. The Court should reach the same outcome here.

### C. Although resubmission to the jury was permitted, it is not required.

Although *Flexuspine* involved resubmitting the verdict to the jury to correct its superfluous invalidity findings, resubmission was not required here. Indeed, *Carr* makes clear that when it comes to improper surplusage, a district court can either resubmit the questions to the jury ***or*** simply "disregard[] the superfluous answers in their entirety." 312 F.3d 667, 674 (5th Cir. 2002) (citing *Richard v. Firestone Tire & Rubber Co.*, 853 F.2d 1259, 1260 (5th Cir. 1988)).

*Duk v. MGM Grand Hotel, Inc.*, is also dispositive on this point ). In *Duk*, the Ninth Circuit approved *Floyd*'s "no surplusage" rule and considered its applicability when the jury is still available. *Id.* at 1057. The court held when the jury is available, a district court had discretion to resubmit the verdict to the jury. *Id.* The court also held that resubmission is not required (or even possible) if the jury has been dismissed. *Id.* at 1098. In that situation, the court explained, the *Floyd* rule for dismissing surplusage applies with full force: "An entirely different situation is present where the jury has been dismissed. ***There, dismissal of surplusage under the Floyd rule makes sense.*** It is certainly preferable to ordering a new trial, and is very probably the best available instrument to determine the jury's intent." *Id*. Here—just as in *White, Carr,* and *Floyd*—the jury

7

is no longer available, so dismissing improper surplusage is not only proper but far preferable to ordering a new trial.

### D. Riverbed waived its objections to the STOP instruction.

Finally, Riverbed—by drafting and agreeing to the STOP instruction—has waived any objections it might have to the Court enforcing the instruction. *Flexuspine* is squarely on point: under similar circumstances, Judge Gilstrap found waiver. There, like here, the defendant accepted the STOP instruction by not objecting. *Id.* at 9–11. Judge Gilstrap held that "the parties knowingly acquiesced to the conditional submission of the issue of invalidity to the jury, as embodied by the stop instruction on the verdict form."[5] *Id.* at 9. Further, the defendant, "through its experienced counsel, must have realized both the benefits and detriments of having such a conditional instruction." *Id.* at 9. "Put simply, if the jury found in favor of [defendant] on the first question regarding infringement (as it did) then the jury could go home, but it would also never decide the issue of invalidity." Thus, defendant "gained a strategic benefit by being able to communicate to the jury, in effect, if they found no infringement they were finished." *Id.* at 11. The defendant knowingly accepted this benefit by not objecting. *Id.*

Riverbed likewise waived its objections here. Not only did Riverbed consent to the STOP instruction, it drafted the final version of the instruction. Based on the instruction, the parties clearly intended to withdraw the question of validity from the jury upon a finding of non-infringement. Judge Gilstrap's comments about the strategic tradeoffs of conditional submission directly apply here. Riverbed could (as it did) devote almost all its trial presentation to non-infringement and imply to the jury that a finding of non-infringement would obviate the need to decide invalidity. Riverbed likely benefited from the instruction—the jury found that claims 1 and

---

[5] The defendant also waived any right to submit invalidity to the jury as an independent counterclaim. *Flexuspine* at 9–10 ("The mere possibility that invalidity would never be decided by the jury in the event of a non-infringement finding is entirely consistent with submitting invalidity to the jury as an affirmative defense, but it is incompatible with submission as an independent counterclaim." Thus, "the Court concludes [defendant] waived a right to submit that issue to the jury as a counterclaim by agreeing to and failing to object to its conditional submission.").

8

14 of the '530 patent were not infringed. Having agreed to the STOP instruction and presumably benefited from it, Riverbed cannot now complain if the Court enforces it.

## IV. CONCLUSION

Patent rights are property rights. Once a patent is granted, it "has become the property of the patentee, and as such is entitled the same legal protection as other property." *McCormick Harvesting Mach. Co. v. C. Aultman & Co.*, 159 U.S. 606, 609 (1898). The jury's superfluous invalidity findings not only violate the Court's instructions but unfairly deprive Realtime of rights to its own inventions. Because of the foregoing reasons, and because it would promote justice, Realtime's motion should be granted.

Dated: June 30, 2017

Respectfully submitted,

By: */s/ Philip X. Wang*
Marc A. Fenster (CA SBN 181067) Lead Attorney
Email: mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Paul A. Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
C. Jay Chung (CA SBN 252794)
Email: jchung@raklaw.com
Philip X. Wang (CA SBN 262239)
Email: pwang@raklaw.com
Christian W. Conkle (CA SBN 306374)
Email: cconkle@raklaw.com
James N. Pickens (CA SBN 307474)
Email: jpickens@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310/826-7474
Facsimile 310/826-6991

T. John Ward, Jr. (TX SBN 00794818)
Email: jw@wsfirm.com

9

Claire Abernathy Henry (TX SBN 24053063)
Email: claire@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Tele: 903/757-6400
Facsimile 903/757-2323

**Attorneys for Plaintiff
REALTIME DATA LLC d/b/a IXO**

## **CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on June 30, 2017, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(c) Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ *Philip X. Wang*